The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>    Defendant. | Case No. 2:25-cv-00766-JNW<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (ECF 23), Plaintiffs Compass, Inc. and Compass Washington, LLC (together, "Compass" or "Plaintiffs") along with Defendant Northwest Multiple Listing Service ("NWMLS" or "Defendant"), by and through their attorneys, have conferred and submit this Joint Status Report and Discovery Plan.

The parties conferred on May 27, 2025 at 12:30 PM ET by telephone to discuss the case and the requirements for this report. There are no currently-pending motions before the Court.

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00766

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1. **Statement of the Nature and Complexity of the Case:**

This is an antitrust and tortious interference dispute arising from the parties participation in the real estate brokerage industry. The Complaint asserts six claims against NWMLS: (1) violation of §1 of the Sherman Act, (2) violation of RCW 19.86.020 and 19.86.030 of the Washington Consumer Protection Act, (3) violation of §2 of the Sherman Act, (4) a violation of RCW 19.86.020 and 19.86.040 of the Washington Consumer Protection Act, (5) tortious interference of contract under Washington state common law, and (6) tortious interference with business expectancy under Washington state common law.

**Plaintiffs' Statement**

The central dispute between the parties is NWMLS's prohibition on Seattle area home sellers having the option to choose Compass's 3-Phased Marketing Strategy—an option every other multiple listing service allows. Specifically, NWMLS, and the other traditional real estate brokerages who own and control NWMLS, agreed to adopt and enforce NWMLS rules that prevent brokers in Seattle and King County from competing based on offering homeowners the choice to list their property through any means other than listing on the MLS, including through Compass's 3-Phased Marketing Strategy. NWMLS's and its co-conspirators' adoption and enforcement of Rule 2, modification of Rule 4, decision to ignore Rule 6, and boycott of Compass by cutting off its access to the listings database are anticompetitive acts and tortious conduct which have had, and continue to have, anticompetitive effects harming Compass, its brokers, and homeowners, particularly those who wanted to market their home for through any means other than listing on the MLS, including through leveraging Compass's 3-Phased Marketing Strategy. By preventing consumer choice to market properties in any way other than immediately on the MLS, NWMLS has deprived homeowners of choice, the competition brought by Compass's innovative products and services, and the potential pecuniary and non-pecuniary benefits of marketing a home for sale through any means other than listing on the MLS, including through leveraging Compass's 3-Phased Marketing Strategy.

NWMLS's purported justifications of promoting "market transparency for home sellers,

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 2 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1  buyers, as well as listing brokers and brokers representing buyers" are pretextual; as alleged in
2  the Complaint the National Association of REALTORS® ("NAR") antitrust policy requires that
3  the vast majority of MLSs in the country permit off-MLS marketing through use of office
4  exclusives, and even other MLSs that do not follow NAR policies still protect homeowners'
5  freedom to choose office exclusives.  Compl. ¶ 66.  But NWMLS does not follow NAR's
6  antitrust policy and it is alone in blocking that option for home sellers.  Moreover, NWMLS's
7  suggestion that Compass "acknowledge[eds]" NWML's transparency justification is a
8  mischaracterization of the Complaint's allegations.  In fact, in the paragraph NWMLS cites
9  below, Compass actually said that, a "real estate broker in the Seattle area cannot successfully
10 compete without access to NWMLS listings data."  Compl. ¶ 15.

11       NWMLS's actions constitute a horizontal combination, agreement, and/or conspiracy to
12 restrain trade in violation of Section 1 of the Sherman Act, as well as RCW 19.86.020 and
13 19.86.030.  These actions further constitute willful acquisition or maintenance of that power as
14 distinguished from growth or development as a consequence of a superior product, business
15 acumen, or historic accident in violation of Section 2 of the Sherman Act, as well as RCW
16 19.86.020 and 19.86.040.  Additionally, NWMLS's conduct constitutes tortious interference
17 with Plaintiffs' contractual relationships, as well as business expectancy, in violation of
18 Washington State common law.

19       **Defendant's Statement**

20       NWMLS denies Plaintiffs' allegations that its long-standing procompetitive rules, and
21 enforcement of those rules, has resulted in any violation of either federal or state law.  To the
22 contrary, the NWMLS rules that Plaintiffs put at issue are designed to provide market
23 transparency for home sellers, buyers, as well as listing brokers and brokers representing buyers,
24 including Plaintiffs.  There is nothing "pretextual" about this reality.  Plaintiffs even
25 acknowledge that this market transparency is necessary for brokerages to "successfully
26 compete."  Compl. ¶ 15.  Here, Plaintiffs pursued a business strategy of withholding listings
27 from submission to any MLS (including NWMLS). Nonetheless, Plaintiffs expected unfettered
28

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 3 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

access to the real estate listings of all other brokers participating in an MLS, like NWMLS, in violation of NMWLS' policies. That business strategy may be consistent with rules and policies maintained by some MLS's, but this case relates only to NWMLS. It has nothing to do with the National Association of REALTORS® or the rules of any other MLS. Critically, Plaintiffs are shareholder members of NWMLS and they agreed to abide by NWMLS rules as part of that membership—the facts alleged in Plaintiffs' complaint reflect simply a contract dispute, which Plaintiffs are trying to manufacture into an antitrust offense, because Plaintiffs could not convince NWMLS to amend its rules to permit their self-serving strategy.

**2. Parties' Consent to Assignment of this Case to a Full-time U.S. Magistrate Judge:**

No.

**3. The Proposed Deadline for Joining Additional Parties:**

**Plaintiffs' Statement**

October 31, 2025.

**Defendant's Statement**

Additional parties must be added prior to any decision on NWMLS's forthcoming Motion to Dismiss.

**4. Motion for Class Certification Deadline:**

N/A.

**5. Discovery Plan:**

A. **Initial Disclosures:**

Pursuant to the Court's order dated May 5, 2025, the parties exchanged initial disclosures on June 9, 2025.

B. **Subjects, Timing, and Potential Phasing of Discovery:**

**Plaintiffs' Statement:**

Plaintiffs are prepared to conduct discovery and oppose Defendant's request to stay discovery until their forthcoming Motion to Dismiss is resolved. A stay of discovery is not automatic or warranted. The parties currently anticipate discovery will be within the boundaries

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 4 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

of the federal rules. NWMLS's conduct to block competition has been, and will continue to, irreparably injure Compass, its brokers, and home sellers in a number of ways if discovery is stayed, including the following: **First**, NWMLS forces licensed real estate brokers in the Seattle area to violate their ethical and statutory obligations to home sellers who want to market their properties off-NWMLS. In fact, contrary to the law and ethics, NWMLS requires that real estate brokers tell the entire public that a home is for sale, even when the home seller instructs that it be confidential, which can cause the home seller significant negative effects (such as reduced value and longer time to sell because of public counting of days on market and tracking of price changes). **Second**, competition is being reduced, which is harm that Compass, its brokers, and home sellers will never be able to receive compensation. **Third**, NWMLS's acts have and will continue to harm Compass's reputation and goodwill in a way that will not be fully calculable. For example, Seattle area home sellers can see on its website that Compass offers its popular 3-phase marketing strategy elsewhere, but when a home seller asks, Compass brokers cannot offer it in Seattle. And other brokers have used NWMLS's acts to poach agents—not based on competitive factors, such as better compensation, but based on NWMLS's threats to punish Compass for following home seller instructions. This has hurt, and continues to hurt, Compass's ability to operate in the Seattle area.

As further described below in Section 6.E., Plaintiffs intend to put forward interrogatories, requests for admissions, requests for production of documents and electronically stored data, requests to take deposition testimony, and requests to take expert testimony. Plaintiffs propose discovery be phased insofar as fact discovery should be completed prior to expert discovery.

**Defendant's Statement:**

Discovery should be stayed pending a decision on NWMLS's forthcoming case-dispositive Motion to Dismiss. Discovery in antitrust cases is notoriously burdensome and costly. NWMLS, a small Washington not-for-profit corporation, should not have to incur such a burden when all the claims against it could be dismissed with prejudice based on its

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 5 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

forthcoming Motion to Dismiss. Plaintiffs identify no actual harm that would be suffered as a result of any stay. Instead, they offer a handful of vague hypotheticals and conclusory statements, all without any support. The notion that "Compass, its brokers, and home sellers will never be able to receive compensation" is flatly contradicted by the fact that (1) Compass brought this case as a damages action, *see* Prayer for Relief (e), and (2) Compass has no standing to assert any supposed harm to home sellers. Compass's other points regarding "reputation and goodwill" would in no way be impacted by a stay and they provide no evidence to the contrary. Given that lack of harm, as well as the fact that NWMLS instituted appropriate litigation holds even prior to the filing of this action, weighed against the burden discovery will impose on NWMLS, a stay should be granted. In the event this case proceeds past the Motion to Dismiss, NWMLS intends to put forward interrogatories, requests for admissions, requests for production of documents and electronically stored data, requests to take deposition testimony, and requests to take expert testimony. NWMLS also proposes that fact discovery should be completed prior to expert discovery.

**C. Electronically Stored Information:**

Electronically stored information ("ESI") will be subject to discovery in this case, and the parties agree to adopt the Model ESI agreement and handle requests for ESI and the production of ESI in the manner described therein.

**D. Privilege Issues:**

None at this time. In addition, the parties agree to negotiate a protective order, and to handle any inadvertent disclosure of privileged information in the manner described therein once one is issued in this action.

**E. Proposed Limited Discovery:**

**Plaintiffs' Statement**

At this time, Plaintiffs do not seek any modification to the discovery limits outlined in the Federal Rules of Civil Procedure and the Local Rules. Plaintiffs do not agree to a stay of discovery as doing so would unnecessarily delay the ultimate resolution of the case.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

\- 6 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**Defendant's Statement**

In the event this case proceeds past the pleadings stage and into discovery, NWMLS does not seek any modifications to the discovery limits outlined in the Federal Rules of Civil Procedure and the Local Rules.

### F.  The Need for Any Discovery Related Orders

The parties agree to meet and confer regarding a protective order that governs the production of confidential materials in this action, and anticipate filing a Stipulated Protective Order to be entered by the Court once agreed upon.

**6.   Parties' Views, Proposals, and Agreements:**

### A.   Prompt Case Resolution:

**Plaintiffs' Statement**

Plaintiffs request that the parties may file dispositive motions at the appropriate time on all or part of the claims and allegations raised in the Complaint and/or any affirmative defenses raised by the Defendant. Plaintiffs propose that Defendant's forthcoming Motion to Dismiss be filed by June 30, 2025, and that briefing follow applicable Federal and Local Rules such that Plaintiffs' opposition will be filed by July 21, 2025, and Defendants reply will be filed by July 28, 2025. Plaintiffs propose that either party may file dispositive motions by March 27, 2026, and that briefing follow applicable Federal and Local Rules such that any opposition(s) to any dispositive motion(s) will be filed by April 16, 2026, and any repl(ies) to any dispositive motion(s) will be filed by April 24, 2026.

**Defendant's Statement**

NWMLS agrees that its forthcoming Motion to Dismiss should be filed on June 30, 2025, which is 60 days from the date NWMLS returned its waiver of service, consistent with Fed. R. Civ. Pro 4(d)(3). NWMLS proposes that Plaintiffs' Opposition brief be filed on August 15, 2025, six weeks after NWMLS filed its opening motion, and that NWMLS's Reply be filed on September 12, 2025, four weeks after Plaintiffs filed their opposition brief. NWMLS's Motion to Dismiss will contend with complex issues of federal and state antitrust laws. The shorter

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 7 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

period envisioned by the local rules will not provide the parties with adequate time to address the issues in their briefing.

### B. Alternative Dispute Resolution:

The parties believe a deadline for mediation is premature at this time.

### C. Related Cases:

None.

### D. Discovery Management:

**Plaintiffs' Statement**

Plaintiffs agree to act cooperatively and in good faith to manage discovery and minimize expense to the litigants.

**Defendant's Statement**

NWMLS agrees to act cooperatively and in good faith to manage discovery and minimize expense to the litigants.

### E. Anticipated Discovery Sought:

**Plaintiffs' Statement**

Plaintiffs anticipate depositions of the parties and lodging discovery requests pursuant to Federal Rules of Civil Procedure 33, 34, and 36. Plaintiffs anticipate that those requests will include requests for production of documents, requests for fact and expert depositions, interrogatories, and requests for admissions. Plaintiffs also anticipate that there may be a need for some discovery from non-parties. Plaintiffs anticipate requesting discovery on the following topics, which should not be construed as an exhaustive list or agreement to limit discovery allowable under the rules:

- Documents and testimony relating to the allegations in the Complaint;
- Documents and testimony relating to NWMLS's policies and procedures;
- Documents and testimony relating to NWMLS's Rules and enforcement procedures;
- Data maintained by Defendant related to their business operations, membership, and MLS listing information;

JOINT STATUS REPORT AND
DISPUTE PLAN
Case No. 2:25-cv-00766

- 8 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

- Data maintained by Defendant involving real estate brokerage market services and statistics;
- Expert reports and analyses relating to the allegations in the Complaint;
- Financial records.

**Defendant's Statement**

In the event this case proceeds to discovery following an adverse ruling on the forthcoming Motion to Dismiss, NWMLS anticipates depositions of the parties and lodging discovery requests pursuant to Federal Rules of Civil Procedure 33, 34, and 36. NWMLS anticipates that those requests will include requests for production of documents, requests for fact and expert depositions, interrogatories, and requests for admissions. NWMLS also anticipates that there may be a need for discovery from non-parties. NWMLS anticipates requesting discovery on the following topics, which should not be construed as an exhaustive list or agreement to limit discovery allowable under the rules:

- Documents and testimony relating to the allegations in the Complaint;
- Documents and testimony relating to NWMLS's rules, policies, and procedures;
- Documents and testimony relating to Compass's compliance with NWMLS's rules, policies, and procedures;
- Documents and testimony relating to the geographic regions where NWMLS members, including Plaintiffs, conduct business;
- Data maintained by Plaintiffs related to their business operations and listing information;
- Data maintained by Plaintiffs involving real estate brokerage market services and statistics;
- Expert reports and analyses relating to the allegations in the Complaint;
- Financial records.

JOINT STATUS REPORT AND
DISPOVERY PLAN
Case No. 2:25-cv-00766

- 9 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**F.  Phasing Motions**

**Plaintiffs' Statement**

Plaintiffs do not believe that phasing motions is necessary.

**Defendant's Statement**

NWMLS does not believe that phasing motions are necessary unless the Court determines that limited issue-specific discovery is needed when evaluating Plaintiffs' allegations and the arguments in NWMLS's forthcoming Motion to Dismiss.

**G.  Preservation of Discoverable Information:**

**Plaintiffs' Statement**

Plaintiffs are aware of their document preservation obligations and have taken the necessary steps to preserve evidence in their possession.

**Defendant's Statement**

NWMLS is aware of its document preservation obligations and has taken the necessary steps to preserve evidence in its possession.

**H.  Privilege Issues:**

*See* Section 5.D.

**I.  Model Protocol for Discovery of ESI:**

The parties agree to use the protocol.

**J.  Alternatives to the Model Protocol:**

The parties do not believe that any alternatives to the Model Protocol are necessary at this time.

**7.  The Date by Which Discovery Is to be Completed:**

**Plaintiffs' Statement**

Plaintiffs propose fact discovery be completed by November 21, 2025 and expert discovery be completed by February 6, 2026.

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00766

- 10 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**Defendant's Statement**

NWMLS proposes that fact discovery be completed 20 weeks after a ruling on NWMLS' Motion to Dismiss, and that expert discovery be completed 12 weeks after the close of fact discovery.

8. **Whether the Case Should be Bifurcated by Trying the Liability Issues Before the Damage Issues, or Bifurcated in Any Other Way:**

The parties do not believe bifurcation is warranted in this case.

9. **Whether the Pretrial Statement and Pretrial Order Called for by Local Civil Rule Cr16(e), (h), (i), and (k) and 16.1 Should be Dispensed With in Whole or in Part for the Sake of Economy:**

The parties intend to utilize all of the procedures set forth in CR 16.

10. **Whether the Parties Intend to Utilize the Individualized Trial Program Set Forth in Local Civil Rule 39.2 or Any ADR Options Set Forth in Local Civil Rule 39.1:**

The parties do not intend to utilize the Individualized Trial Program or other ADR Options set forth in the Local Rules.

11. **Any Other Suggestions for Shortening or Simplifying the Case:**

None at this time.

12. **The Date the Case will be Ready for Trial:**

**Plaintiffs' Statement**

Plaintiffs propose a trial date in June 2026, with all related pretrial dates following the guidelines set forth in the Federal and Local Rules.

**Defendant's Statement**

NWMLS believes it is premature at this time to determine when the case will be ready for trial and proposes that the parties submit a proposed case schedule three weeks after the Court issues a ruling on NWMLS's forthcoming Motion to Dismiss. To the extent the Court is inclined to identify a trial-ready date, NWMLS proposes that the date be set 24 weeks following

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 11 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

the close of expert discovery to give both the parties and the Court time to reach resolution on summary judgment and *Daubert* motions.

**13.  Whether the Trial will be Jury or Non-Jury:**

    **Plaintiffs' Statement**

Plaintiffs have demanded a jury trial.

    **Defendant's Statement**

NWMLS understands that Plaintiffs have demanded a jury trial.

**14.  The Number of Days Required:**

The parties believe it is premature at this time to determine the number of trial days necessary, and suggest that the parties submit a proposal following the close of fact discovery.

**15.  Trial Counsel Contact Information:**

| | |
|---|---|
| **Counsel for the Plaintiffs:** | Ethan Glass (Admitted *Pro Hac Vice*)<br>COOLEY LLP<br>1299 Pennsylvania Avenue, Suite 700<br>Washington, DC  20004<br>Telephone: +1 202 842 7800<br>Email: eglass@cooley.com |
| | Sarah M. Topol (Admitted *Pro Hac Vice*)<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY  10001<br>Telephone: +1 212 479 6000<br>Email: stopol@cooley.com |
| | Christopher B. Durbin<br>COOLEY LLP<br>1700 Seventh Avenue, Suite 1900<br>Seattle, WA  98101<br>Telephone: +1 206 452 8700<br>Email: cdurbin@cooley.com |
| **Counsel for the Defendant:** | Vanessa Soriano Power, WSBA No. 30777<br>Christopher R. Osborn, WSBA No. 13608<br>Harrison L.E. Owens, WSBA No. 51577<br>STOEL RIVES LLP<br>600 University St<br>Suite 3600<br>Seattle, WA 98101-3197<br>Telephone: 206-386-7653<br>Email: vanessa.power@stoel.com<br>Email: chris.osborn@stoel.com |

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00766

- 12 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

Email: harrison.owens@stoel.com

Claude Szyfer (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com
Liam Phibbs (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

**16.    Dates on Which the Trial Counsel May Have Complications to be Considered in Setting a Trial Date:**

**Plaintiffs' Statement**

Plaintiffs' counsel do not have any anticipated conflicts in June 2026.

**Defendant's Statement**

NWMLS believes it is premature at this time to determine when the case will be ready for trial and proposes that the parties submit a proposed case schedule three weeks after the Court issues a ruling on NWMLS's forthcoming Motion to Dismiss.

**17.    All Defendant(s) in Action Have Been Served:**

Yes.

**18.    Whether Any Party Wishes a Scheduling Conference Prior to a Scheduling Order Being Entered in the Case:**

**Plaintiffs' Statement**

Plaintiffs defer to the Court on whether a case management conference is necessary prior to a scheduling order being entered in the case. In the event that the Court is inclined to set case management conference, Plaintiffs request it be held remotely.

JOINT STATUS REPORT AND
DISCOVERY PLAN
Case No. 2:25-cv-00766

- 13 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**Defendant's Statement**

NWMLS requests that the Court set a Scheduling Conference, either in-person or via remote means, prior to of the Court's issuing any Scheduling Order.

**19.    Date That Each and Every Nongovernmental Corporate Party Filed Its Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1:**

Plaintiff Compass, Inc. filed its corporate disclosure statement on April 25, 2025 (ECF 2) and Plaintiff Compass Washington, LLC filed its corporate disclosure statement of April 25, 2025 (ECF 3). Defendant Northwest Multiple Listing Service filed its corporate disclosure statement on April 30, 2025 (ECF 17).

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00766

- 14 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

DATED this 16th of June, 2025

Respectfully submitted,

| s/Ethan Glass | s/Claude Szyfer |
|---|---|
| Ethan Glass (*Pro Hac Vice*)<br>Georgina Inglis (*Pro Hac Vice*)<br>COOLEY LLP<br>1299 Pennsylvania Avenue<br>Suite 700<br>Washington, DC 20004<br>Telephone: +1 202 842 7800<br>Fax: +1 202 842 7899<br>Email: eglass@cooley.com<br>Email: ginglis@cooley.com<br><br>Sarah M. Topol (*Pro Hac Vice*)<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001<br>Telephone: +1 212 479 6000<br>Fax: +1 212 479 6275<br>Email: stopol@cooley.com<br><br>Christopher B. Durbin (41159)<br>COOLEY LLP<br>1700 Seventh Avenue<br>Suite 1900<br>Seattle, WA 98101<br>Telephone: +1 206 452 8700<br>Fax: +1 206 452 8800<br>Email: cdurbin@cooley.com<br><br>*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC* | Vanessa Soriano Power, WSBA No. 30777<br>Christopher R. Osborn, WSBA No. 13608<br>Harrison L.E. Owens, WSBA No. 51577<br>STOEL RIVES LLP<br>600 University St<br>Suite 3600<br>Seattle, WA 98101-3197<br>Telephone: 206-386-7653<br>Email: vanessa.power@stoel.com<br>Email: chris.osborn@stoel.com<br>Email: harrison.owens@stoel.com<br><br>Claude Szyfer (*admitted pro hac vice*)<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>Telephone: 212-918-3000<br>Email: claude.szyfer@hoganlovells.com<br><br>Liam Phibbs (*admitted pro hac vice*)<br>HOGAN LOVELLS US LLP<br>Columbia Square<br>555 Thirteenth St NW<br>Washington, DC 20004-1109<br>Telephone: 202-637-5600<br>Email: liam.phibbs@hoganlovells.com<br><br>*Attorneys for Defendant Northwest Multiple Listing Service* |

JOINT STATUS REPORT AND DISCOVERY PLAN
Case No. 2:25-cv-00766

- 15 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700