UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766<br><br>DEFENDANT NORTHWEST MULTIPLE LISTING SERVICE'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>July 24, 2025<br><br>ORAL ARGUMENT REQUESTED |

Defendant Northwest Multiple Listing Service ("NWMLS") seeks entry of a protective order staying discovery pending the Court's ruling on NWMLS's motion to dismiss. If the motion to dismiss is granted, it will be dispositive of all claims. Plaintiffs Compass, Inc. and Compass Washington, LLC (collectively "Compass") have no need for immediate discovery and will suffer no prejudice where, as here, the motion to dismiss will be fully briefed for consideration in a matter of weeks. The overly broad discovery sought by Compass is burdensome on its face and, importantly, unnecessary for resolution of the motion to dismiss. A short stay of discovery is in the interests of justice and efficiency. A stay should be granted.

**I. FACTUAL BACKGROUND**

NWMLS provides multiple listing service services in Washington and Oregon, and its members, including Compass, are real estate brokerage firms that operate as shareholders and

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 1

owners of NWMLS. Dkt. 1 at ¶¶ 24–25. NWMLS provides services for its members, including "a property listing system, public records database, online showing scheduling, electronic forms and signatures, mobile applications, cloud storage, data analytics, keybox services, and regional member service centers." *Id*. at ¶ 25. NWMLS also licenses its members' property listings in a data feed, which contains all NWMLS member listings and is available to all member firms, including Compass, and other large national brokerages, such as Zillow and Redfin. *Id*. at ¶¶ 33–34. The data feed contains all NWMLS member listings, including those submitted by all other brokers, and members use it to populate their own public websites through a program called Internet Data Exchange ("IDX"). *See id*. at ¶¶ 11, 36, 73.

NWMLS is governed by rules with which members must comply to participate in NWMLS's offered services. *Id*. at ¶ 36. NWMLS's Data Use Policy provides, among other things, that a violation of NWMLS's rules can result in a fine and/or license revocation (i.e., termination of access to NWMLS's data feed of listings). *Id*. at ¶ 36. This case stems from NWMLS's enforcement of those rules, and Compass' challenge to NWMLS rules. Compass alleges that NWMLS, through enforcement of its rules, violated Sections 1 and 2 of the Sherman Act, violated state antitrust law under the Consumer Protection Act, and engaged in tortious interference. *See generally id*.

The Complaint was filed on April 25, 2025. *See id*. at 1. In accordance with the Court's order, the parties participated in a Rule 26(f) conference on May 27, 2025, exchanged initial disclosures on June 9, 2025, and filed a joint status report on June 16, 2025. Dkt. 25 at 1, 4. During the Rule 26(f) conference, NWMLS indicated that it intended to file a motion to dismiss, and asked Compass to agree to hold off on discovery pending resolution of the motion. *Id.* at 5–6 (explaining that NWMLS is a modest not-for-profit company and discovery in antitrust cases is notoriously burdensome and costly). Compass refused. *Id.* at 4–5 (contending stay of discovery is not automatic or warranted). On June 24, 2025, Compass issued nine interrogatories and 51 requests for production. Declaration of Christopher R. Osborn ("Osborn Decl."), Exs. A, B.

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 2

The discovery requests are overly broad, seeking, for example:

- All Documents relating to or reflecting Communications concerning Compass or a Compass-affiliated Broker. (Request No. 13)
- All Documents relating to or reflecting Communications concerning the Challenged NWMLS Rules. (Request No. 14)
- All Documents relating to the role of NWMLSs in the market for real estate services, including any actual or potential competitors of or alternatives to the NWMLSs. (Request No. 39)
- All Documents and data concerning projected, estimated, planned or actual conditions in the markets for residential real estate and Real Estate Services, including (i) the extent, level, or type of competition; (ii) market share of the NWMLS; (iii) residential real estate costs, supply, and demand; (iv) consolidation, mergers, acquisitions, or joint ventures; (v) fixed or variable costs; (vi) substitute products; (vii) residential real estate, Broker, or agent capacity or supply; (viii) profits, revenues, and loss information; or (ix) other industry statistics. (Request No. 40)
- All Documents relating to the benefits of membership in the NWLMSs. (Request No. 43)

*Id.*, Ex. B.

The burden the discovery requests would impose upon NWMLS is difficult to overstate. Preparing objections to the voluminous requests, including as to scope, confidentiality, and vagueness, will require close analysis by and considerable input from counsel for NWMLS working with already fully occupied NWMLS staff. Osborn Decl. ¶ 7. NWMLS will be forced to engage electronic discovery vendors to help gather and analyze what will be a database of more than a million electronic records, which would not include hard copy documents arguably more difficult to process. *Id*. Reviewing the documents and ultimately preparing substantive responses to the discovery requests will be a huge expense measured in the hundreds of thousands of dollars

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 3

1  in terms of attorney fees, electronic discovery vendors, and NWMLS employee time—all a
2  potentially unnecessary waste of a not-for-profit's members' limited resources. *Id*.

3  On June 30, 2025, NWMLS timely responded to the Complaint, filing a motion to dismiss
4  all claims under Rule 12(b)(6). Dkt. 27. After filing its motion to dismiss, NWMLS again asked
5  Compass to stay discovery pending resolution of the motion. *Id.* ¶ 9. Compass again declined, thus
6  necessitating this motion. *Id*.

## II. ARGUMENT AND AUTHORITY

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). "As part of that authority, district courts have 'wide discretion in controlling discovery,' including by staying discovery when warranted." *Jan v. People Media Project*, Case No. 3:24-cv-05553-TMC, 2024 WL 4818503, at *1 (W.D. Wash. Nov. 18, 2024).

Courts consider the following factors in determining whether to stay discovery while a Rule 12(b) motion is pending: "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Subspace Omega, LLC v. Amazon Web Services, Inc.*, Case No. 2:23-cv-01772-TL, 2025 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (internal quotations omitted) (citing *HUB International Northwest LLC v. Larson*, Case No. 2:22-cv-01418-TL. 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023)); *see also Jan*, 2024 WL 4818503, at *1; *D'allo v. Modrijan*, Case No. 3:24-cv-05325-TMC, 2025 WL 691650, at *2 (W.D. Wash. Mar. 4, 2025). Applied here, all factors support entry of a stay of discovery.

//
//

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 4

### A. NWMLS's Motion to Dismiss is Dispositive.

NWMLS's motion to dismiss would be completely dispositive. The motion seeks dismissal of all claims against NWMLS under Rule 12(b)(6). There is, therefore, no question that the pending motion could dispose of the entire case if granted by the Court. *See Subspace Omega*, 2025 WL 4451404, at *2 ("Without commenting on the merits of Defendant's pending motion, the Court notes that the motion is not frivolous and could dispose of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims. … It is simply relevant (though certainly not sufficient overall) that the motion may be completely dispositive.").

### B. No Discovery is Necessary to Resolve the Motion to Dismiss.

Given that the motion to dismiss was made under Rule 12(b)(6), no discovery is necessary to resolve the motion. Indeed, "[t]he purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). That is precisely the case here.

### C. Compass Will Not Be Harmed by a Limited Stay of Discovery.

This case is in its infancy. The complaint was recently filed on April 25, 2025. NWMLS timely filed its motion to dismiss on June 30, 2025, 60 days from the date it accepted service of the complaint. The motion has been noted on the standard 28-day schedule under LCR 7 and will be fully briefed by July 28, 2025. In other words, NWMLS's motion comes at the earliest possible opportunity, well in advance of the discovery cutoff or trial in this matter. *See* Dkt. 26. If the motion is granted, there can be no harm because Compass's claims were meritless to begin with. If it is denied wholly or in part, there remains ample time under the case schedule to conduct discovery and prepare for trial.

Compass has put forward no need for immediate discovery. Compass filed no motion for injunctive relief at the outset of the case, and did not seek to expedite discovery. It can offer no compelling reason for forcing discovery at this stage. *See In re Graphics Processing Units*

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 5

*Antitrust Litig.*, Case No. C06-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (granting motion to stay discovery where there was no "compelling need for prompt discovery, such as might be the case if provisional relief were being sought or if testimony needed to be preserved due to ill health of a witness").

### D.  NWML Will Suffer Hardship If Discovery Is Not Stayed.

NWMLS will suffer significant hardship and inequity if required to engage in discovery while its motion to dismiss is pending, given the scope and nature of the claims and discovery requests. "In antitrust cases [staying discovery while a Rule 12(b) motion remains pending] makes sense because the costs of discovery in such actions are prohibitive." *Rutman Wine Co.*, 829 F.2d at 738; *see also In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) ("[S]taying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming, and expensive."). These hardships will have an outsize impact on NWMLS, a private, broker-owned, not-for-profit corporation with modest resources, especially where Compass has already pursued broad discovery despite knowing of NWMLS's motion to dismiss. *See* Dkt. 25 at 5–6; Osborn Decl. ¶ 7; *Jan*, 2024 WL 4818503, at *3 (finding fourth factor weighed in favor of stay where "if discovery were to proceed, Defendants have identified specific hardship or equity they may suffer. Defendants assert that 'during [the discovery conference], Plaintiff's counsel made it clear that this case would involve extensive discovery …'. Defendants argue that '[they]—a small non-profit chronicle and its managers—have meager resources which will be greatly strained if they are forced to proceed with discovery, especially if that discovery is made unnecessary by the granting of the Motion to Dismiss.'").

### E.  A Stay is in the Interest of Justice.

A stay of discovery pending the Court's ruling on the motion to dismiss is in the interest of justice because it will simplify the issues, proof, and questions of law at issue in this case. Even if partially granted by the Court, a ruling on the motion to dismiss will narrow the issues presented in this case and accordingly allow the parties to focus their efforts in discovery. *See Subspace*

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 6

*Omega*, 2025 WL 4451404, at *2 ("and even if the motion does not result in complete dismissal of all claims, the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery."); *see also In re Graphics Processing Units Antitrust Litig.*, Case No. C06-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) ("[A]djudicating the motions to dismiss will shed light on the best course for discovery.").

### III. CONCLUSION

Good cause exists to stay discovery pending resolution of NWMLS' motion to dismiss.

*I certify that this memorandum contains 1968 words, in compliance with the Local Civil Rules.*

*I certify that in accordance with the Court's Chambers Procedures – Civil 3.1, counsel for the parties conferred on May 27, 2025, May 30, 2025, and June 4, 2025, as part of the Rule 26(f) conference, about NWMLS' request to stay discovery pending resolution of its motion to dismiss but were ultimately unable to reach agreement. I further certify that on July 9, 2025, after Compass served its discovery requests and NWMLS filed its motion to dismiss, counsel again conferred by telephone about NWMLS' request to stay discovery, and on July 10, 2025, Compass confirmed its refusal to a stay of discovery. Therefore, the parties were unable to reach a resolution short of motion practice. Osborn Decl. ¶ 8–9.*

//
//
//
//
//
//
//
//

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 7

DATED: July 10, 2025

STOEL RIVES LLP

*s/ Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
Christopher R. Osborn, WSBA No. 13608
Harrison L. Owens, WSBA No. 51577
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: vanessa.power@stoel.com
Email: chris.osborn@stoel.com
Email: harrison.owens@stoel.com

Claude Szyfer (*pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*pro hac vice*)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 8