1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   COMPASS, INC. AND COMPASS
     WASHINGTON, LLC

10
                              Plaintiffs,
11
           v.
12
     NORTHWEST MULTIPLE LISTING
13   SERVICE,

14
                              Defendant.
15

Case No. 2:25-cv-00766

DECLARATION OF CHRISTOPHER R.
OSBORN IN SUPPORT OF
DEFENDANT NORTHWEST MULTIPLE
LISTING SERVICE'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

16       I, Christopher R. Osborn, certify and state as follows:

17       1.      I am an attorney practicing at Stoel Rives LLP in Seattle, Washington, and am

18   counsel of record for Defendant Northwest Multiple Listing Service ("NWMLS") in this matter. I

19   am over the age of 18 and have personal knowledge of the facts set forth in this declaration.

20       2.      I have represented NWMLS in its business and litigation matters for more than 35

21   years. I am intimately familiar with its multiple listing service work.

22       3.      On June 24, 2025, following the parties' conferral to discuss the case and the

23   requirements for the parties' Joint Status Report and Discovery Plan, Plaintiffs Compass, Inc. and

24   Compass Washington, LLC (collectively, "Compass") emailed NWMLS the following

25   documents: (1) Plaintiffs' First Set of Interrogatories to NWMLS and (2) Plaintiffs' First Set of

26   Requests for Production to NWMLS (collectively, the "discovery requests").

DECLARATION IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY
DISCOVERY - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

4.    Attached as **Exhibit A** is a true and correct copy of Compass' First Set of Interrogatories to NWMLS.

5.    Attached as **Exhibit B** is a true and correct copy of Compass' First Set of Requests for Production to NWMLS.

6.    Since 2019, I have represented more than 30 multiple listing services and several real estate brokerages that have received requests for production of documents, interrogatories, and third-party subpoenas in antitrust cases involving the brokerage industry. I am very familiar with the burden and cost of responding to such discovery.

7.    The burden Compass' discovery requests would impose upon NWMLS is difficult to overstate. Even preparing objections to the voluminous requests, including as to scope, confidentiality, and vagueness, will require close analysis by and considerable input from counsel for NWMLS working with already fully occupied NWMLS staff. NWMLS will have no choice but to engage electronic discovery vendors to help gather and then analyze what will be a database of more than a million electronic records, and, of course, that does not include hard copy documents arguably more difficult to process. Reviewing the thus selected documents and ultimately preparing substantive responses to the discovery will be a huge expense measured in the hundreds of thousands of dollars in terms of attorney fees, electronic discovery vendors, and NWMLS employee time—all a potentially unnecessary waste of a not-for-profit's members' limited money.

8.    On May 27, 2025, the parties conferred by telephone and NWMLS informed Compass that it would seek a stay of discovery. On May 30, 2025, counsel for Compass left my co-counsel a voicemail responding that it would not agree to a stay of discovery until after a decision on NWMLS' motion to dismiss. Compass then further responded on June 4, 2025, providing its initial draft of the Joint Status Report to the Court indicating that it opposed any stay of discovery while NWMLS's motion to dismiss is pending.

DECLARATION IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 2

1    9.    Out an abundance of caution and to see if Compass may have changed its position,

2   on July 9, 2025, after Compass provided the discovery requests and NWMLS filed its motion to

3   dismiss, the parties conferred by telephone on NWMLS' request to stay discovery pending the

4   Court's ruling on the motion to dismiss. On July 10, 2025, Compass confirmed its refusal to a stay

5   of discovery. Therefore, the parties were unable to reach a resolution short of motion practice.

6       I declare under penalty of perjury that the foregoing is true and correct to the best of my

7   knowledge.

8       DATED: July 10, 2025.

9                                       _s/ Christopher R. Osborn_____
                                        Christopher R. Osborn, WSBA No. 13608
10                                      Stoel Rives LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY
DISCOVERY - 3

**STOEL RIVES** LLP
ATTORNEYS
**600 University Street, Suite 3600, Seattle, WA  98101**
*Telephone 206.624.0900*

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>                    Plaintiffs,<br><br>        v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>                    Defendant. | Case No. 2:25-cv-00766-JNW<br><br>**COMPASS, INC. AND COMPASS WASHINGTON, LLC'S FIRST SET OF INTERROGATORIES TO NORTHWEST MULTIPLE LISTING SERVICE** |

**PROPOUNDING PARTY:**        **COMPASS, INC. AND COMPASS WASHINGTON, LLC**

**RESPONDING PARTY:**        **NORTHWEST MULTIPLE LISTING SERVICE**

**SET NUMBER:**        **ONE**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Compass, Inc. and Compass Washington, LLC request that Defendant Northwest Multiple Listing Service answer separately and completely in writing under oath within 30 days of service hereof each of the Interrogatories set forth below in accordance with the following Definitions and Instructions:

**I.        DEFINITIONS**

1.        "Any" and "all" shall be construed to mean "any and all."

2.        "And," "or," and "and/or" shall be construed conjunctively or disjunctively,

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT A, PAGE 01 OF 08

1    whichever maximizes the scope of each Interrogatory in which they are used.

2        **3.**    "Broker" means any entity or person who represents buyers or sellers of

3    residential real estate.

4        **4.**    "Brokerage" means any company, organization who represents buyers or sellers

5    of residential real estate, including its present and former directors, officers, employees, agents,

6    attorneys, representatives, independent contractors, or any persons acting or purporting to act on

7    its behalf.

8        **5.**    "Brokerage Services" means services provided by a Broker in connection with

9    the purchase or sale of residential real estate.

10       **6.**    "Challenged NWMLS Rules" refers to Rules 2, 4, and 6 of the NWMLS Rules

11   and Regulations, including all past, present, and future iterations of these rules.

12       **7.**    "Compass" shall mean Plaintiffs Compass, Inc. and Compass Washington, LLC.

13       **8.**    "Complaint" refers to the Complaint filed in this action on April 25, 2025, or any

14   superseding complaint filed in *Compass, Inc. et al. v. Northwest Multiple Listing Service*, Case

15   No. 2:25-cv-00766-JNW (W.D. Wash.).

16       **9.**    "Communication" or "communications" means any oral, written, or other contact

17   between two or more persons or entities by which any information or knowledge of any nature

18   is transmitted or conveyed or attempted to be transmitted or conveyed, including chats, letters,

19   memoranda, telegrams, telefaxes, telecopies, telexes, emails, text messages, face-to-face

20   meetings, telephone conversations, voicemails, answering machine messages, and telephonic

21   notes.

22       **10.**    "Describe" means provide a detailed and complete explanation of the facts,

23   circumstances, documents, and any other information relating to the topic identified in the

24   interrogatory.

25       **11.**    "Each" and "every" call be construed to mean "each and every."

26       **12.**    "Including" shall mean "including without limitation" and "including but not

27   limited to."

28       **13.**    "NWMLS," "You," "Your" or "Yours" shall mean Defendant NWMLS and its

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS                    - 2 -
Case 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

1    employees, agents, or other persons acting on its behalf.

2        **14.**    "NWMLS Rules" means to the NWMLS Rules and Regulations and the

3    NWMLS Bylaws, including all past, present, and future iterations of these rules.

4        **15.**    "Off-MLS Marketing" means the provision of real estate brokerage services in

5    connection with residential real estate marketed by licensed real estate professionals other than

6    through an MLS, including relating to any transaction with a recorded closing date within three

7    days of a recorded listing date.

8        **16.**    "Person" or "persons" means any individual, group, or entity. The acts of a

9    person shall include the acts of the person's directors, officers, owners, members, employees,

10    agents, attorneys, and all other representatives acting on the person's behalf.

11        **17.**    "Relating to," related to," or "relate to," when referring to any given subject

12    matter, means without limitation any information, document, or thing that in whole or in part

13    and directly or indirectly relates to, concerns, regards, discusses, describes, depicts,

14    demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears

15    upon, comments upon, pertains to, constitutes, compromises, involves, contains, embodies,

16    reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to

17    the particular subject matter identified.

18        **18.**    All other words are given their plain and ordinary meaning.

19    **II.**    **INSTRUCTIONS**

20        **1.**    These Interrogatories are continuing in nature in accordance with Rule 26(e) of

21    the Federal Rules of Civil Procedure.

22        **2.**    If you find the meaning of any term in these Interrogatories unclear, you shall

23    construe the term so as to render responsive any information, document, or thing that might

24    otherwise be rendered non-responsive.

25        **3.**    If the answer to the Interrogatory requires the identification of documents, you

26    shall provide the production number, the type of document, the general subject matter, the date

27    of the document, and all authors, addresses, and recipients.

28        **4.**    If any information responsive to these Interrogatories is withheld under a claim

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS    - 3 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT A, PAGE 03 OF 08

1  of privilege or other immunity from discovery, or if an Interrogatory is otherwise not answered
2  in full, you shall state the specific grounds for not answering in full, identify all information for
3  which privilege or immunity is claimed, and answer the interrogatory to the extent to which
4  there is no objection.

5    **5.**    If documents are being produced in lieu of answers, you shall identify by Bates
6  number the specific documents where the answer is located and state where within the
7  production the answer can be found.

8  **III.    INTERROGATORIES.**

9  **INTERROGATORY NO. 1:**

10    Identify and Describe any actual or suspected violations of NWMLS Rules based on Off-
11  MLS Marketing, and for each violation provide a description of the violation, the individual or
12  individuals involved including their Brokerage affiliation, and any actual or potential sanctions,
13  consequences, or penalties levied.

14  **INTERROGATORY NO. 2:**

15    Identify and Describe all complaints or concerns received by You relating to Off-MLS
16  Marketing, including any involving the Challenged NWMLS Rules, and for each such complaint
17  or concern provide the identity of the complainant, the date of the complaint, a description of
18  the complaint or concern, and any response from You.

19  **INTERROGATORY NO. 3:**

20    Describe the process by which You revoked Compass's listing data license on or about
21  April 15, 2025, including all Persons involved in the decision and a timeline from the proposed
22  revocation to April 15, 2025.

23  **INTERROGATORY NO. 4:**

24    Identify and Describe all instances in which NWMLS has threatened to or actually
25  revoked a Broker or Brokerage's access to its listing data license, or access to Your IDX feed
26  through other means.

27
28

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS          - 4 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT A, PAGE 04 OF 08

1

**INTERROGATORY NO. 5:**

2    Describe the process by which You amended NWMLS Rule 4 effective March 28, 2025

3 as described in Paragraph 65 in the Complaint, including all Persons involved in the decision to

4 amend NWMLS Rule 4 and the timeline from the proposed change to its effective date of March

5 28, 2025.

6 **INTERROGATORY NO. 6:**

7    Identify and Describe all Communications between NWMLS and any other Person that

8 relate to both Compass or a Compass-affiliated Broker and either Off-MLS Marketing or

9 competition for Brokerage Services.

10 **INTERROGATORY NO. 7:**

11    Identify the percentage of residential real estate listings in King County input or

12 delivered to NWMLS for each year the information is available.

13 **INTERROGATORY NO. 8:**

14    Identify the percentage of real estate firms licensed to provide Brokerage Services in

15 King County who are members of NWMLS, as defined in the NWMLS Rules, for each year the

16 information is available.

17 **INTERROGATORY NO. 9:**

18    Identify and Describe any actual or contemplated exception granted for any actual or

19 suspected violations of NWMLS Rules, and for each violation provide a description of the

20 violation, the individual or individuals involved including their Brokerage affiliation, and any

21 actual or potential sanctions, consequences, or penalties levied.

22

23

24

25

26

27

28

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS  - 5 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 452 8700

EXHIBIT A, PAGE 05 OF 08

1    Dated: June 24, 2025                     Respectfully submitted,

2

3                                             *s/Ethan Glass*

4                                             Christopher B. Durbin (41159)
                                              COOLEY LLP
5                                             1700 Seventh Avenue
                                              Suite 1900
6                                             Seattle, WA  98101
                                              Telephone: +1 206 452 8700
7                                             Fax: +1 206 452 8800
                                              Email: cdurbin@cooley.com

8                                             Ethan Glass (*Pro Hac Vice*)
                                              Georgina Inglis (*Pro Hac Vice*)
9                                             COOLEY LLP
                                              1299 Pennsylvania Avenue
10                                            Suite 700
                                              Washington, DC  20004
11                                            Telephone: +1 202 842 7800
                                              Fax: +1 202 842 7899
12                                            Email: eglass@cooley.com
                                              Email: ginglis@cooley.com
13

14                                            Sarah M. Topol (*Pro Hac Vice*)
                                              COOLEY LLP
15                                            55 Hudson Yards
                                              New York, NY  10001
16                                            Telephone: +1 212 479 6000
                                              Fax: +1 212 479 6275
17                                            Email: stopol@cooley.com

18                                            *Attorneys for Plaintiffs Compass, Inc. and*
                                              *Compass Washington, LLC*

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' FIRST SET OF                - 6 -                        COOLEY LLP
INTERROGATORIES TO NWMLS                                    1700 Seventh Avenue Suite 1900
Case No. 2:25-cv-00766-JNW                                      Seattle, Washington  98101
                                                                  +1 206 206 452 8700

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing

3  to be emailed to counsel of record at the following email addresses:

4    **STOEL RIVES LLP**

5    Christopher Robert Osborn
     Harrison Owens

6    Vanessa Soriano Power
     chris.osborn@stoel.com

7    harrison.owens@stoel.com
     vanessa.power@stoel.com

8
     **HOGAN LOVELLS US LLP**

9    Claude Szyfer
     Liam Phibbs

10   claude.szyfer@hoganlovells.com

11   liam.phibbs@hoganlovells.com

12   *Attorneys for Defendant*

13   *Northwest Multiple Listing Service*

14   Dated: June 24, 2025                                    *s/Sarah Topol*
                                                             Sarah Topol
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS                - 7 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, I caused a true and correct copy of the foregoing to be mailed via FedEx Standard Overnght to counsel of record at the following addresses:

**Christopher Robert Osborn**
STOEL RIVES LLP
600 University St
Ste 3600
Seattle, WA 98101-3197

**Harrison Owens**
STOEL RIVES LLP
600 University St
Ste 3600
Seattle, WA 98101-3197

**Vanessa Soriano Power**
STOEL RIVES LLP
600 University St
Ste 3600
Seattle, WA 98101-3197

**Claude Szyfer**
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017

**Liam Phibbs**
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St NW
Washington, DC 20004-1109

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

Dated: June 26, 2025                              *s/Sarah Topol*
                                                  Sarah Topol

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO NWMLS                - 8 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

THE HONORABLE JAMAL N. WHITEHEAD

1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                WESTERN DISTRICT OF WASHINGTON

10                        AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC, | |
| Plaintiffs, | Case No. 2:25-cv-00766-JNW |
| v. | **COMPASS, INC. AND COMPASS WASHINGTON'S FIRST SET OF REQUESTS FOR PRODUCTION TO NORTHWEST MULTIPLE LISTING SERVICE** |
| NORTHWEST MULTIPLE LISTING SERVICE, | |
| Defendant. | |

**PROPOUNDING PARTY:**      **COMPASS, INC. AND COMPASS WASHINGTON, LLC**

**RESPONDING PARTY:**      **NORTHWEST MULTIPLE LISTING SERVICE**

**SET NUMBER:**      **ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Compass, Inc. and Compass Washington, LLC hereby demand that Defendant Northwest Multiple Listing Service answer the following document requests and produce for copying and inspection responsive documents within thirty (30) days from the date this demand is served at the offices of Plaintiff's counsel, Cooley LLP, 1700 Seventh Avenue Suite 1900, Seattle, Washington 98101.

**I.      DEFINITIONS.**

Notwithstanding any definition below, each word, term, or phrase used in these Requests

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1    is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2         **1.**     "And," "or," and "and/or" shall be construed conjunctively or disjunctively,

3    whichever maximizes the scope of each Request in which they are used.

4         **2.**     "Any" and "all" shall be construed to mean "any and all."

5         **3.**     "Broker" means any entity or person who represents buyers or sellers of

6    residential real estate.

7         **4.**     "Challenged NWMLS Rules" refers to Rules 2, 4, and 6 of the NWMLS Rules

8    and Regulations, including all past, present, and future iterations of these rules.

9         **5.**     "Communication" or "communications" means any oral, written, or other contact

10   between two or more persons or entities by which any information or knowledge of any nature

11   is transmitted or conveyed or attempted to be transmitted or conveyed, including letters,

12   memoranda, telegrams, telefaxes, telecopies, telexes, emails, text messages, face-to-face

13   meetings, telephone conversations, voicemails, answering machine messages, and telephonic

14   notes.

15        **6.**     "Compass" shall mean Plaintiffs Compass, Inc. and Compass Washington, LLC.

16        **7.**     "Complaint" refers to the Complaint filed in this action on April 25, 2025, or any

17   superseding complaint filed in *Compass, Inc. et al. v. Northwest Multiple Listing Service*, Case

18   No. 2:25-cv-00766-JNW (W.D. Wash.).

19        **8.**     "Document" or "documents" are synonymous in meaning and equal in scope to

20   the usage of the terms as defined by Federal Rule of Civil Procedure 34 and shall be interpreted

21   in their broadest sense to include all "writings" and "recordings," including, without limitation,

22   all writings, drawings, graphs, charts, photographs, recordings, phone records, videos, computer

23   files, electronic mail or information, agreements, facsimiles, telexes, notes and other data

24   compilations from which information can be obtained, translated, if necessary, through detection

25   devices into reasonably usable form.

26        **9.**     "Each" and "every" shall be construed to mean "each and every."

27        **10.**     "ESI" shall mean any "electronically stored information."

28        **11.**     "Including" shall mean "including without limitation" and "including but not

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS             - 2 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 02 OF 14

1   limited to."

2      **12.**    "NWMLS," "You," "Your" or "Yours" shall mean Defendant NWMLS and its

3   employees, agents, or other persons acting on its behalf.

4      **13.**    "NWMLS Rules" refers to the NWMLS Rules and Regulations, including all

5   past, present, and future iterations of these rules.

6      **14.**    "Off-MLS Marketing" means the provision of real estate brokerage services in

7   connection with residential real estate marketed by licensed real estate professionals other than

8   through an MLS, including relating to any transaction with a recorded closing date within three

9   days of a recorded listing date.

10      **15.**    "Person" or "persons" means any individual, group, or entity. The acts of a

11   person shall include the acts of the person's directors, officers, owners, members, employees,

12   agents, attorneys, and all other representatives acting on the person's behalf.

13      **16.**    "Real Estate Services" means the bundle of services provided to homebuyers and

14   sellers by residential real estate Brokers or Realtors with MLS access.

15      **17.**    "Relating to," "related to," or "relate to," when referring to any given subject

16   matter, means without limitation any information, document, or thing that in whole or in part

17   and directly or indirectly relates to, concerns, regards, discusses, describes, depicts,

18   demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears

19   upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects,

20   alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the

21   particular subject matter identified.

22      **18.**    "Studies" or "Analyses" include all reports, memoranda, statistical compilations,

23   reviews, audits and other types of written, printed, or electronic submissions of information.

24      **19.**    All other words are given their plain and ordinary meaning.

25   **II.**   **INSTRUCTIONS.**

26      **1.**    These requests for production are continuing in nature in accordance with Rule

27   26(e) of the Federal Rules of Civil Procedure.

28      **2.**    A written response to each Request is required. If You object to any Request, in

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS           - 3 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 03 OF 14

1    whole or in part, state the grounds of Your objection with specificity and produce Documents

2    responsive to the remainder of the Request.

3        **3.**    In complying with these Requests, You are to produce all responsive Documents,

4    communications, and ESI within Your possession, custody, or control or to which You have

5    access, including, without limitation, all such documents, communications, and ESI in the

6    possession of any of Your agents, employees or attorneys, and any other person under Your

7    control or acting on Your behalf .

8        **4.**    If You claim any privilege as grounds for not fully answering a Request, or any

9    part thereof, You should provide a privilege log in accordance with Rule 26 of the Federal Rules

10   of Civil Procedure and any ESI Order entered in this case with sufficient information to confirm

11   that the claim of privilege is valid.

12       **5.**    Unless otherwise agreed upon by the parties, and pursuant to any ESI Order

13   entered in this case, You should respond to these Requests by producing all responsive

14   Documents collected through the use of mutually agreed-upon search terms, applied to a

15   mutually agreed-upon group of Document custodians. Requests for "all documents" or "all

16   communications" should therefore be construed as requests for all responsive documents that

17   are gathered when the agreed-upon (or court-ordered) search terms are applied to the files of

18   agreed-upon (or court-ordered) custodians.

19       **6.**    All Documents produced pursuant to these Requests are to be organized in the

20   manner in which they are kept in the usual course of business. File folders with tabs or labels,

21   or directories of files identifying Documents and/or Communications, must be produced intact

22   with such Documents and/or Communications.

23       **7.**    If no Documents exist that are responsive to a Request, a written statement to that

24   effect shall be provided at the time of production.

25       **8.**    Unless otherwise agreed upon by the parties, You should produce responsive

26   documents consistent with any ESI Order entered in this case, including producing responsive

27   documents in the agreed upon format for production and with all metadata fields agreed upon

28   by the parties.

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                           - 4 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

1   **9.**   Identify all Documents described in these Requests that have been destroyed.

2   **10.**   If any portion of a Document or Communication is responsive to any Request,

3   the entire Document or Communication should be produced.

4   **III.   DOCUMENTS AND THINGS TO BE PRODUCED.**

5   **REQUEST FOR PRODUCTION NO. 1:**

6   For each year 2018 to the present, Documents sufficient to show a list of NWMLS

7   employees and NWMLS organizational chart.

8   **REQUEST FOR PRODUCTION NO. 2:**

9   For each year 2018 to the present, Documents sufficient to show all Committees, Boards,

10  Task Forces, or other bodies of NWMLS.

11  **REQUEST FOR PRODUCTION NO. 3:**

12  For each year 2018 to the present, Documents sufficient to show all individuals affiliated

13  with Your organization.

14  **REQUEST FOR PRODUCTION NO. 4:**

15  For each year 2018 to the present, Documents sufficient to show the ownership structure

16  of NWMLS.

17  **REQUEST FOR PRODUCTION NO. 5:**

18  All data regarding real estate listings in the NWMLS, including lookup files for any and

19  all coded fields related to the data.

20  **REQUEST FOR PRODUCTION NO. 6:**

21  All Civil Investigative Demands ("CIDs") in Your possession, custody, or control that

22  concern the Challenged NWMLS Rules, including, all Communications regarding the CID and

23  Documents produced in response to the CID.

24  **REQUEST FOR PRODUCTION NO. 7:**

25  All Civil Investigative Demands ("CIDs") in Your possession, custody, or control that

26  concern Off-MLS Marketing, including all Communications regarding the CID and Documents

27  produced in response to the CID.

28

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                    - 5 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 05 OF 14

1  **REQUEST FOR PRODUCTION NO. 8:**

2      All Documents received through or produced in any investigation, regulatory

3  proceeding, or lawsuit involving the Challenged NWMLS Rules.

4  **REQUEST FOR PRODUCTION NO. 9:**

5      All Documents received through or produced in any investigation, regulatory

6  proceeding, or lawsuit involving Off-MLS Marketing.

7  **REQUEST FOR PRODUCTION NO. 10:**

8      All Communications with any governmental body or entity about the Challenged

9  NWMLS Rules.

10  **REQUEST FOR PRODUCTION NO. 11:**

11      All Communications with any governmental body or entity about Off-MLS Marketing.

12  **REQUEST FOR PRODUCTION NO. 12:**

13      All Communications with any governmental body or entity about Compass.

14  **REQUEST FOR PRODUCTION NO. 13:**

15      All Documents relating to or reflecting Communications concerning Compass or a

16  Compass-affiliated Broker.

17  **REQUEST FOR PRODUCTION NO. 14:**

18      All Documents relating to or reflecting Communications concerning the Challenged

19  NWMLS Rules.

20  **REQUEST FOR PRODUCTION NO. 15:**

21      All Documents concerning the Challenged NWMLS Rules including the legality of the

22  Challenged NWMLS Rules.

23  **REQUEST FOR PRODUCTION NO. 16:**

24      All Documents relating to the rationale, strategy, or business justification behind

25  promulgating, adopting, implementing, enforcing, or supporting the Challenged NWMLS Rules.

26  **REQUEST FOR PRODUCTION NO. 17:**

27      All Documents, including market research, consumer surveys, or feedback received by

28  NWMLS concerning the impact of the Challenged NWMLS Rules on the real estate market.

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                    - 6 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 452 8700

EXHIBIT B, PAGE 06 OF 14

**REQUEST FOR PRODUCTION NO. 18:**

All Documents relating to any NWMLS meeting or event at which the Challenged NWMLS Rules were voted on, discussed, proposed, adopted, modified, repealed, implemented, or enforced.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to any proposed changes to NWMLS's Rules, including the Challenged NWMLS Rules, including any discussions to abolish the Challenged NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to enforcement of NWMLS's Rules, including the Challenged NWMLS Rules, including the decision to enforce or not enforce NWMLS's Rules, including the Challenged NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents reflecting actions You have taken to implement the Challenged NWMLS Rules, including requirements, policies, or expectations that NWMLS employees or members implement or enforce the Challenged NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents relating to complaints or concerns received from any customer of Real Estate Services or any Broker regarding the Challenged NWMLS Rules, including Your response to these complaints or concerns.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show Your policy concerning handling complaints or concerns regarding the Challenged NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents that provide interpretations, guidelines, or other guidance concerning the Challenged NWMLS Rules, including all manuals, brochures, guidelines, recommendations, policies, and training materials related to the Challenged NWMLS Rules.

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                              - 7 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 07 OF 14

**REQUEST FOR PRODUCTION NO. 25:**

Any publications or articles published or information made available by You or otherwise in Your possession relating to the Challenged NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents relating to the Discipline Complaint issued to Compass by NWMLS dated March 25, 2025.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents relating to "Message from NWMLS CEO" posted on the NWMLS website dated March 28, 2025, including drafts.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to Your actions to revoke Compass's listing data licenses as described in the correspondence sent to Compass by NWMLS dated April 15, 2025.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to or Communications providing comments, questions, or complaints that you received from any Broker or consumer relating to the Challenged NWMLS Rules, including any draft or actual responses sent by You.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show Your procedures for proposing, revising, and enacting new or amended bylaws or rules.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to the costs or benefits of using Off-MLS Marketing for buyers or sellers of residential real estate.

**REQUEST FOR PRODUCTION NO. 32:**

All minutes of any meeting of any NWMLS Committee, Board, Task Force, or other NWMLS body relating to Off-MLS Marketing, Compass, or a Compass-affiliated Broker.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents evaluating, commenting on, or analyzing the use of Off-MLS Marketing in the real estate industry.

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                    - 8 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 08 OF 14

**REQUEST FOR PRODUCTION NO. 34:**

All Documents relating to Off-MLS Marketing, including Communications with Brokers regarding Off-MLS Marketing.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents relating to complaints or concerns received from any customer of Real Estate Services or any Broker regarding Off-MLS Marketing, including Your response to these complaints or concerns.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show Your policy for handling complaints regarding Off-MLS Marketing.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents relating to the enforcement of NWMLS Rules including regarding Off-MLS Marketing, including the decision to enforce or not enforce the NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents relating to actual or suspected violations of NWMLS Rules, including regarding Off-MLS Marketing, including the individual or individuals involved and any actual or potential sanctions, consequences, or penalties levied.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents relating to the role of NWMLSs in the market for real estate services, including any actual or potential competitors of or alternatives to the NWMLSs.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and data concerning projected, estimated, planned or actual conditions in the markets for residential real estate and Real Estate Services, including (i) the extent, level, or type of competition; (ii) market share of the NWMLS; (iii) residential real estate costs, supply, and demand; (iv) consolidation, mergers, acquisitions, or joint ventures; (v) fixed or variable costs; (vi) substitute products; (vii) residential real estate, Broker, or agent capacity or supply; (viii) profits, revenues, and loss information; or (ix) other industry statistics.

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                    - 9 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 09 OF 14

1    **REQUEST FOR PRODUCTION NO. 41:**

2        All Documents relating to actions to conceal or avoid detection of any potential or actual

3    violations of federal, state, or international antitrust laws, competition laws, anti-monopoly laws,

4    anti-cartel laws, unfair competition laws, anti-bribery laws and any similar laws, rules or

5    regulations (including the use of code words or otherwise masking the identity of any Person or

6    entity, meeting in locations or communicating at times or via methods with the intent to avoid

7    detection by any Person or entity, using non-traceable prepaid calling cards or cellphones, non-

8    contract or disposable cell phones, placing calls from public phones, and destroying, secreting,

9    altering or forging Documents).

10   **REQUEST FOR PRODUCTION NO. 42:**

11       All Documents relating to proposed or implemented compliance policies concerning (i)

12   federal, state, or international antitrust laws, competition laws, anti-monopoly laws, anti-cartel

13   laws, unfair competition laws, and any similar laws or regulations, or (ii) contacts and/or

14   Communications relating to any inquiries or investigations concerning compliance with such

15   policies.

16   **REQUEST FOR PRODUCTION NO. 43:**

17       All Documents relating to the benefits of membership in the NWMLSs.

18   **REQUEST FOR PRODUCTION NO. 44:**

19       Documents sufficient to show Your membership requirements, fees, procedures for

20   admitting new members, and procedures for withdrawal.

21   **REQUEST FOR PRODUCTION NO. 45:**

22       Documents sufficient to show conditions of maintaining membership with You,

23   including membership agreements and policies.

24   **REQUEST FOR PRODUCTION NO. 46:**

25       All Documents relating to financial or business projections pertaining to the revenue,

26   expenses, sales, or profits of NWMLS or any other company in the real estate market, including

27   those You prepared in relation to Off-MLS Marketing.

28

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                              - 10 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 452 8700

EXHIBIT B, PAGE 10 OF 14

**REQUEST FOR PRODUCTION NO. 47:**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents relating to or reflecting Communications that discuss, evaluate, or analyze the validity or sincerity of the justifications for supporting the Challenged NWMLS Rules, including claims related to fairness and equity.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents relating to the legality of Off-MLS Marketing.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents relating to or reflecting Communications that discuss Compass, a Compass-affiliated Broker, or Off-MLS Marketing, including with brokers affiliated with Windemere Real Estate, including, but not limited to, Communications that discuss exceptions to NWMLS's Rules, policies or requirements for Brokers, including concerning Off-MLS Marketing.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents relating to or reflecting Communications with OB Jacobi, President of Windermere Real Estate.

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                                    - 11 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

EXHIBIT B, PAGE 11 OF 14

Dated: June 24, 2025

Respectfully submitted,


*s/Ethan Glass*

Christopher B. Durbin (41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA  98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

Ethan Glass (*Pro Hac Vice*)
Georgina Inglis (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC  20004
Telephone: +1 202 842 7800
Fax: +1 202 842 7899
Email: eglass@cooley.com
Email: ginglis@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY  10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and*
*Compass Washington, LLC*

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS
Case No. 2:25-cv-00766-JNW

- 12 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

EXHIBIT B, PAGE 12 OF 14

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on June 24, 2025, I caused a true and correct copy of the foregoing

3   to be emailed to counsel of record at the following email addresses:

4      **STOEL RIVES LLP**

5   Christopher Robert Osborn
   Harrison Owens

6   Vanessa Soriano Power
   chris.osborn@stoel.com

7   harrison.owens@stoel.com
   vanessa.power@stoel.com

8

9      **HOGAN LOVELLS US LLP**
   Claude Szyfer

10   Liam Phibbs
   claude.szyfer@hoganlovells.com

11   liam.phibbs@hoganlovells.com

12
   *Attorneys for Defendant*
13   *Northwest Multiple Listing Service*

14   Dated: June 24, 2025                    *s/Sarah Topol*
                                          Sarah Topol
15

16

17

18

19

20

21

22

23

24

25

26

27

28

<table>
<tr><td>PLAINTIFFS' FIRST SET OF RFPS TO<br>NWMLS<br>Case No. 2:25-cv-00766-JNW</td><td>- 13 -</td><td>COOLEY LLP<br>1700 Seventh Avenue Suite 1900<br>Seattle, Washington 98101<br>+1 206 206 452 8700</td></tr>
</table>

1

## CERTIFICATE OF SERVICE

2         I hereby certify that on June 26, 2025, I caused a true and correct copy of the foregoing

3  to be mailed via FedEx Standard Overnght to counsel of record at the following addresses:

4         **Christopher Robert Osborn**

5         STOEL RIVES LLP
          600 University St
6         Ste 3600

7         Seattle, WA 98101-3197

8         **Harrison Owens**

9         STOEL RIVES LLP
          600 University St
10        Ste 3600

11        Seattle, WA 98101-3197

12        **Vanessa Soriano Power**

13        STOEL RIVES LLP
          600 University St
14        Ste 3600

15        Seattle, WA 98101-3197

16        **Claude Szyfer**

17        HOGAN LOVELLS US LLP

18        390 Madison Avenue
          New York, NY 10017

19        **Liam Phibbs**

20        HOGAN LOVELLS US LLP

21        Columbia Square
          555 Thirteenth St NW
22        Washington, DC 20004-1109

23        *Attorneys for Defendant*

24        *Northwest Multiple Listing Service*

25  Dated: June 26, 2025                                *s/Sarah Topol*

26                                                      Sarah Topol

27

28

PLAINTIFFS' FIRST SET OF RFPS TO
NWMLS                              - 14 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700