The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766-JNW<br><br>PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY |

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

CONCLUSION ............................................................................................................................... 6

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW                         - ii -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barrett v. Apple Inc.*,
  2020 WL 13815568 (N.D. Cal. Oct. 22, 2020) ................................................................... 3

*Barton v. Serve All Help All, Inc.*,
  2022 WL 22833958 (W.D. Wash. June 27, 2022) ............................................................. 1

*In re Graphics Processing Units Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. July 24, 2007) .................................................................... 5

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) ........................................................................................ 3

*HUB Int'l Nw. LLC v. Larson*,
  2023 WL 2527150 (W.D. Wash. Mar. 15, 2023) ....................................................... 3, 4, 5

*Jan v. People Media Project*,
  2024 WL 4818503 (W.D. Wash. Nov. 18, 2024) ............................................................. 6

*Las Vegas Sun, Inc. v. Adelson*,
  2020 WL 2114352 (D. Nev. May 4, 2020) ............................................................... 3, 4, 6

*In re Netflix Antitrust Litigation*,
  506 F. Supp. 2d 308 (N.D. Cal 2007) .............................................................................. 6

*Ohio v. Am. Express Co.*,
  585 U.S. 529 (2018) .......................................................................................................... 5

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*,
  2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) ........................................................... 3, 4, 6

*PLS.com v. Nat'l Ass'n of Realtors*,
  32 F.4th 824 (9th Cir. 2022) ............................................................................................. 4

*Rutman Wine Co v. E. & J. Winery*,
  829 F.2d 729 (9th Cir. 1987) ............................................................................................ 3

*Skellerup Indus. Ltd. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995) .................................................................................. 3, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 3, 4

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW                - iii -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

Rule 26 ......................................................................................................................................6

LCR 7(h)(1)..............................................................................................................................1

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW

- iv -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**INTRODUCTION**

NWMLS is a monopoly and combination of competitors that prevents Seattle-area homesellers from choosing how to market their properties, blocks competition from brokers who want to offer those homesellers options, and interferes with Compass's contacts and business. NWMLS's Motion to Stay seeks to continue this anticompetitive and tortious conduct, and delay the reckoning for those illegal acts indefinitely.

Under the Federal Rules of Civil Procedure, and this Court's Scheduling Order (ECF 26), this case continues even if NWMLS brought a Motion to Dismiss. NWMLS presents no compelling reason to depart from that. In fact, NWMLS simply recycles the same arguments that this Court has already considered, and rejected, when it entered its Scheduling Order. *Compare* ECF 25 at 5, 11 (asking the Court for a stay of discovery "pending a decision on NWMLS's forthcoming case-dispositive Motion to Dismiss" and "propos[ing] that fact discovery be completed 20 weeks after a ruling on NWMLS' Motion to Dismiss") *with* ECF 26 (setting discovery deadlines and trial despite NWMLS's Motion to Dismiss).

NWMLS's thinly-veiled motion for reconsideration also is contrary to this Court's instruction that the schedule is "firm" and that changes to the schedule would only be granted for "good cause." ECF 26 at 2. "Neither the Local Civil Rules nor the Federal Rules of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Barton v. Serve All Help All, Inc.*, 2022 WL 22833958, at *1 (W.D. Wash. June 27, 2022); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). Finally, because NWMLS continues its anticompetitive and tortious acts to this day, any delay would prejudice homeowners, Compass, and brokers.

OPP TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW    -1-

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1  If NWMLS wants to stay discovery, then it must agree to cease its anticompetitive and
2  tortious conduct until a final resolution of this case.  Otherwise, Compass respectfully requests
3  the Court deny NWMLS's Motion to Stay.

## BACKGROUND

Compass filed this lawsuit on April 25, 2025.  ECF 1.

On June 16, 2025, pursuant to this Court's order, the parties filed a joint status report laying out, among other items, their respective positions on how discovery should proceed in this action.  ECF 25.  In the joint status report, Compass requested trial in June 2026, with fact discovery to be completed by November 21, 2025, and expert discovery to be completed by February 6, 2026.  ECF 25 at 4-5, 10, 11.  NWMLS argued that "[d]iscovery should be stayed pending a decision on NWMLS's forthcoming case-dispositive Motion to Dismiss" and "that fact discovery be completed 20 weeks *after a ruling on NWMLS' Motion to Dismiss*." *Id.* at 5, 11 (emphasis added).  Compass opposed this stay, explaining that NWMLS's conduct constitutes an ongoing harm to Compass, its brokers, home sellers, and the market. *Id.* at 4-5.  In particular, Compass laid out three ways in which NWMLS's conduct continues to harm Compass: *first*, that "NWMLS [is] forc[ing] real estate brokers in the Seattle area to violate their ethical and statutory obligations to home sellers who want to market their properties off-NWMLS"; *second*, that "competition is being reduced, . . . harm[ing] Compass, its brokers, and home sellers"; and *third*, that NWMLS's conduct "harm[s] Compass's reputation and goodwill" in ways that are not fully calculable. *Id.* at 5.

On June 20, 2025, the Court entered its Scheduling Order.  The Court "reviewed the parties' Joint Status Report and Discovery Plan" and rejected NWMLS's request for a stay, instead setting trial on June 8, 2026, and ordering the parties to complete discovery by January 9, 2026.  ECF 26 at 1-2.  The Court directed that the dates contained in its Scheduling Order were "firm," could not be changed by the parties, and would be changed by the Court "only if good cause is shown." *Id.* at 2.

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW — - 2 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

On June 24, 2025, four days after the Court issued its Scheduling Order, Compass served via email its First Set of Interrogatories and First Set of Requests for Production. *See* ECF 30, Exs. A, B. NWMLS's response to that discovery is due on July 28, 2025. NWMLS has not begun discovery as this Court instructed. *See* ECF 29.

## ARGUMENT

Contrary to NWMLS's suggestion that it is entitled to a stay merely by filing a motion to dismiss, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Las Vegas Sun, Inc. v. Adelson*, 2020 WL 2114352, at *4 (D. Nev. May 4, 2020) (citation omitted); *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." (citation omitted)). NWMLS's argument that discovery is not necessary to resolve NWMLS's Motion to Dismiss is irrelevant—that is true of all motions to dismiss for failure to state a claim. *See Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (rejecting defendant's argument that a stay is warranted because a motion to dismiss is "generally decided with reference only to the complaint"); *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) (same); *HUB Int'l Nw. LLC v. Larson*, 2023 WL 2527150, at *2 (W.D. Wash. Mar. 15, 2023) (distinguishing the language NWMLS cites from *Rutman Wine Co v. E. & J. Winery*, 829 F.2d 729 (9th Cir. 1987), as "*dicta* from the Ninth Circuit in affirming the district court's exercise of its discretion in staying discovery during the pendency of a motion to dismiss"). Thus, "[a] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citation omitted).

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW                  - 3 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

NWMLS has failed to carry its heavy burden.

***First***, for NWMLS to receive a stay, "there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore discovery is a waste of effort." *Las Vegas Sun,* 2020 WL 2114352, at *5 (citation omitted). Tellingly, NWMLS does not even argue that its Motion to Dismiss is likely to succeed on the merits. Nor could it. As Compass explains in detail in its Opposition to NWMLS's Motion to Dismiss, being filed concurrently, Compass has amply pled its state and federal antitrust claims, as well as its state law tort claims. Even a "cursory glance at the Motion to Dismiss" reveals that Compass's claims will survive NWMLS's Motion to Dismiss. *HUB*, 2023 WL 2527150, at *3 (denying stay where "the Court is not convinced from a cursory glance at the Motion to Dismiss that dismissal of Plaintiff's claims is inevitable"); *see also Skellerup Indus.*, 163 F.R.D. at 600 (denying motion for stay where defendant did "no more than to argue in conclusory fashion that its motion to dismiss will succeed," as such "general arguments could be said to apply to any reasonably large civil litigation"); *Optronic Techs.*, 2018 WL 1569811, at *1 (denying motion for stay where defendants argued that the pending motion to dismiss "could be dispositive of the entire action, *if* granted in its entirety and *if* the court decides that further leave to amend should not be permitted," explaining that "those are big 'ifs'" and that defendants had not "cited anything rendering the . . . outcome . . . likely," such as alleging that the complaint was "utterly frivolous, or filed merely in order to conduct a fishing expedition" (cleaned up)).

***Second***, NWMLS's Motion to Dismiss is not of the type that would qualify for a stay. Just like in *HUB*, NWMLS's Motion to Dismiss "does not raise 'pure' legal questions of subject matter jurisdiction, immunity, and the like, but [instead] focuses on whether sufficient facts were adequately alleged in the complaint to constitute plausible claims for relief." *HUB*, 2023 WL 2527150, at *3. As explained in Compass's Opposition, NWMLS's Motion to Dismiss simply disagrees with the facts alleged in the Complaint and argues that it should win at the pleading stage on highly fact-intensive analyses not amenable to resolution on a motion to dismiss. *See, e.g., PLS.com v. Nat'l Ass'n of Realtors*, 32 F.4th 824, 834 (9th Cir. 2022) ("The rule of reason

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW
- 4 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

requires courts to conduct a fact-specific assessment of market power and market structure to assess the restraint's actual effect on competition." (quoting *Ohio v. Am. Express Co.*, 585 U.S. 529, 541 (2018) (cleaned up))).

***Third***, as described in the case management statement, NWMLS's anticompetitive and tortious conduct continues, and any delay in the resolution of this case would prejudice homesellers, Compass, brokers, and competition. "[A] court considering a stay of proceedings should weigh the competing interests, such as: the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay." *HUB*, 2023 WL 2527150, at *3 (cleaned up). NWMLS's anticompetitive and tortious conduct is harmful, and until stopped, will continue to cause harm. *See, e.g.*, ECF 1 ¶¶2, 10-17, 19, 36, 56-76, 83, 89-94 (detailing NWMLS's anticompetitive and tortious acts and the harm NWMLS has caused); ECF 25 at 4-5 (explaining the irreparable harm from NWMLS's conduct that continues).

***Fourth***, unlike the plaintiffs in one of the cases cited by NWMLS, *see, e.g.*, *In re Graphics Processing Units Antitrust Litigation*, ECF 29 at 5:26-6:4, Compass has not sat idly by, advocating for a "leisurely briefing schedule." 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007). To the contrary, Compass has actively pursued this case since first filing its lawsuit, requested the default briefing schedule apply to NWMLS's Motion to Dismiss rather than the more leisurely schedule NWMLS advocated, asked that discovery proceed and not be stayed during the pendency of the Motion to Dismiss, and served discovery almost immediately after the Court issued its Scheduling Order. While NWMLS claims "there remains ample time under the case schedule to conduct discovery and prepare for trial," ECF 29 at 5:22-23, that is simply not true. Expert reports are due on November 10, 2025, and all discovery must be completed by January 9, 2026. ECF 26 at 1-2. And NWMLS admits that discovery will involve "more than a million electronic records, which would not include hard copy documents arguably more

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW                            - 5 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

difficult to process." ECF 29 at 3:22-25. It would be impossible to satisfy this Court's schedule, and be ready for trial in June 2026, if NWMLS is able to stay this case.

*And fifth*, the only reason NWMLS gives for a stay is the cost of discovery. But NWMLS will have to incur that cost no matter what—a stay does not relieve it of its obligations under Rule 26. Accordingly, the "fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Las Vegas Sun*, 2020 WL 2114352, at *10 (citation omitted); *see also Optronic Techs.*, 2018 WL 1569811, at *2 (rejecting defendants' reliance on "ubiquitous comments made in other cases noting that antitrust discovery can be costly" because defendants failed to "convincingly explain why any of those comments resonate" in the case because "[a]s antitrust cases go, the allegations and theories presented here are not novel or particularly complex"). This is not like *In re Netflix Antitrust Litigation*, 506 F. Supp. 2d 308 (N.D. Cal 2007), where a "sprawling multidistrict litigation" required outsized costs. *Optronic Techs.*, 2018 WL 1569811, at *2. Nor is this case similar to *Jan v. People Media Project*, 2024 WL 4818503, at *3 (W.D. Wash. Nov. 18, 2024), which involved "extensive discovery . . . [of] persons both within the U.S. and abroad" arising out of complicated legal issues involving the October 7, 2023 terrorist attacks in Israel. This is a standard federal case where the default that discovery proceeds despite a defendant's motion to dismiss is well-founded.

## CONCLUSION

NWMLS provides no valid reason to stay discovery. Moreover, doing so would be inconsistent with the Federal Rules, this Court's Scheduling Order, and the interests of justice. Compass is committed to pursuing discovery to efficiently litigate its claims to a final resolution that enjoins NWMLS's anticompetitive and tortious conduct, so Compass can deliver the benefits of its innovative products to brokers and homesellers. If NWMLS wants to stay discovery, then it should agree to cease that conduct until a final resolution of this case. Otherwise, Compass respectfully requests the Court deny NWMLS's Motion to Stay.

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW
- 6 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

I certify that this memorandum contains 2,201 words, in compliance with the Local Civil Rules.

DATED this 21st of July, 2025

Respectfully submitted,

*s/ Ethan Glass*
Ethan Glass (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC  20004
Telephone: +1 202 842 7800
Fax: +1 202 842 7899
Email: eglass@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY  10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com
Email: arafalson@cooley.com

Christopher B. Durbin (41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA  98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

OPP. TO MOTION TO STAY DISCOVERY
Case No. 2:25-cv-00766-JNW
- 7 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700