1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

COMPASS, INC. AND COMPASS
WASHINGTON, LLC

Case No. 2:25-cv-00766

11

DEFENDANT NWMLS'S REPLY IN
SUPPORT OF MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY

Plaintiffs,

12

v.

13

NORTHWEST MULTIPLE LISTING
SERVICE,

14

15

Defendant.

16        In an attempt to circumvent Defendant Northwest Multiple Listing Service's ("NWMLS")

17   motion for a protective order to stay discovery, Plaintiffs Compass, Inc. and Compass Washington,

18   LLC (collectively "Compass") incorrectly suggests that a different standard applies. The parties'

19   joint status report reflecting NWMLS's position on staying discovery was not a motion, just as the

20   Court's entry of a case schedule was not a ruling on a motion to stay. Thus, Compass' argument

21   that NWMLS's motion should be deemed one for reconsideration defies logic as well as

22   credibility, and is inconsistent with the Rules of Civil Procedure and the Local Civil Rules.

23   Compass also fails to acknowledge the scope of its antitrust claims or the overly burdensome

24   discovery it propounded. Compass likewise fails to show that it would suffer any prejudice if a

25   stay is granted.

26

REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

NWMLS has not asked for any change to the case schedule, just a temporary pause on discovery until the Court rules on the pending motion to dismiss. Briefing on the motion to dismiss will be closed on July 28, 2025—a mere four days after the completion of briefing on NWMLS's motion to stay. It is in the interests of the parties, and, of course, third parties and the Court, to ensure that discovery is not forced to proceed on issues that may be dismissed shortly pursuant to that dispositive motion to dismiss. A stay should be granted.

NWMLS meets its burden on each of the factors considered in determining whether to stay discovery while a Rule 12(b) motion is pending: "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Subspace Omega, LLC v. Amazon Web Services, Inc.*, Case No. 2:23-cv-01772-TL, 2024 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (internal quotations omitted) (citing *HUB International Northwest LLC v. Larson*, Case No. 2:22-cv-01418-TL. 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023)).

As set forth in NWMLS's motion, each factor is met here: NWMLS's pending motion to dismiss, if granted, would be dispositive. As Compass itself admits, no discovery is necessary to resolve the motion to dismiss. NWMLS will be harmed if discovery is not stayed, not least from the recognized costs of discovery in antitrust cases and the sheer breadth of Compass' initial discovery requests to NWMLS, but also because such discovery is likely in vain as Compass' claims are subject to dismissal. A stay is in the interest of justice because the Court's ruling on NWMLS's pending motion to dismiss will simplify the issues, proof, and questions of law at issue in this action. *See generally* Dkt. 29. Clearly, good cause exists to stay discovery pending the Court's ruling on NWMLS's motion to dismiss.

REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY - 2

**STOEL RIVES** LLP
ATTORNEYS
**600 University Street, Suite 3600, Seattle, WA  98101**
*Telephone 206.624.0900*

1      Compass' opposition is misplaced. As a threshold matter, Compass' attempt to characterize

2  NWMLS's motion to stay as a motion for reconsideration (Dkt. 34 at 1), is nonsensical. Compass

3  asks the Court to deem NWMLS's position statement on commencement of discovery in the

4  parties' Joint Status Report and Discovery Plan as a motion to stay discovery. It was not. Compass

5  also asks the Court to deem its Order Setting Trial Date and Related Dates a ruling on a motion,

6  subject to reconsideration pursuant to LCR 7(h). It was not. Compass' attempt to contort the Rules

7  of Civil Procedure to try to leverage the standard for reconsideration is baseless, disingenuous, and

8  should be rejected.

9      Compass' argument that NWMLS must establish that its motion to dismiss is certain to be

10  granted fares no better. *See* Dkt. 34 at 4. Under the standard governing requests to stay discovery

11  pending the ruling on a motion to dismiss in antitrust actions, NWMLS need not demonstrate that

12  its motion to dismiss *will* be granted in its entirety, as argued by Compass, only that it is not

13  frivolous and *could* dispose of the entire case. *See Subspace Omega*, 2024 WL 4451404, at *2

14  (emphasis added) ("Without commenting on the merits of Defendant's pending motion, the Court

15  notes that *the motion is not frivolous* and *could* dispose of the entire case, as Defendant seeks

16  dismissal of all of Plaintiff's claims."). Furthermore, the core of the Court's inquiry rests on the

17  undue burden imposed by broad and costly antitrust discovery (as Compass seeks to impose on

18  NWMLS) while a motion that could either dispose of the entire case or simplify the issues remains

19  pending. *See id*. (collecting cases) (noting the prohibitive cost of discovery in antitrust actions and

20  that "even if the motion does not result in complete dismissal of all claims, the issues are more

21  likely to be simplified than complicated, and the Parties will have a greater understanding of the

22  claims as they engage in discovery."). NWMLS's pending motion to dismiss is not frivolous and

23  will be dispositive if granted in its entirety. Moreover, Compass has already served an incredibly

24  broad set of 51 separate requests for production, many of which request "All Documents" and

25  emails concerning a wide array of different subjects—such as "All Documents and data concerning

26  projected, estimated, planned or actual conditions in the markets for residential real estate and Real

REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY - 3

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

1    Estate Services" without any geographic limitation. *See* Dkt. 30, Ex. B. At a minimum, the Court's

2    ruling on the motion will focus any remaining issues and reduce the burden of discovery going

3    forward.

4        Similarly, Compass' contentions that NWMLS's motion to dismiss is not the type that

5    would qualify for a stay and that the cost of discovery is insufficient to merit a stay of discovery

6    (Dkt. 34 at 4–6), blatantly ignore the caselaw cited in NWMLS's motion to stay—which

7    specifically concerns a stay of discovery during the pendency of a Rule 12(b)(6) motion in an

8    antitrust case due to the cost of discovery in such actions. *See e.g.*, *Subspace Omega*, 2024 WL

9    4451404, at *1–2 (articulating "factors relevant to whether a stay of discovery is appropriate while

10   a Rule 12(b)(6) motion is pending [in an antitrust case]" and granting motion to stay). Tellingly,

11   the court in *Subspace* specifically highlighted the "prohibitive" cost of discovery in antitrust cases

12   as a key basis for its decision to stay discovery pending a ruling on the potentially dispositive

13   motion. *See id*. at 2 (alterations in original, quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829

14   F.2d 729, 738 (9th Cir. 1987) ("On the other hand, '[i]n antitrust cases [a stay of discovery pending

15   a Rule 12(b)(6) motion] especially makes sense because the costs of discovery in such actions are

16   prohibitive.'"). The same rings true here, as NWMLS merely seeks entry of a protective order

17   staying discovery until the Court rules on its pending motion to dismiss and the parties know which

18   claims, if any, will actually be subject to discovery.

19       Finally, Compass' arguments as to a delay in resolution of this case ring hollow and

20   misconstrue NWMLS's position. *See* Dkt. 34 at 5–6. Put simply, NWMLS's motion does not ask

21   the Court to stay this case in its entirety or to amend the deadline set forth in its scheduling order.

22   Rather, it seeks an interim, temporary stay of discovery while the Court considers NWMLS's

23   motion to dismiss so that discovery, if necessary, can be tailored to the remaining issues. Compass'

24   claims that it and non-parties (who are neither parties to the litigation nor represented by Compass)

25   will be harmed if Compass is not allowed to engage in facially overbroad discovery while a

26   dispositive motion to dismiss remains pending are vague, unquantified, and undercut by Compass'

REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY - 4

1    decision to not seek injunctive relief in this action. *See generally* Dkt. 1. The reality is that

2    NWMLS's motion to dismiss will be fully briefed and ripe for consideration in short order, and

3    the Court's ruling on the motion will allow the parties to direct their efforts to those claims that

4    remain, if any.

5                                    **I.    CONCLUSION**

6         Good cause exists to stay discovery pending resolution of NWMLS's motion to dismiss.

7         *I certify that this memorandum contains  1,376 words, in compliance with the Local Civil*

8    *Rules.*

9         DATED: July 24, 2025
                                             STOEL RIVES LLP

10

11                                           *s/ Vanessa Soriano Power*
                                             Vanessa Soriano Power, WSBA No. 30777
12                                           Christopher R. Osborn, WSBA No. 13608
                                             Harrison L.E. Owens, WSBA No. 51577
13                                           600 University Street, Suite 3600
                                             Seattle, WA 98101
14                                           Telephone: (206) 624-0900
                                             Facsimile: (206) 386-7500
15                                           Email: vanessa.power@stoel.com
                                             Email: chris.osborn@stoel.com
16                                           Email: harrison.owens@stoel.com

17                                           Claude Szyfer (*pro hac vice*)
                                             Hogan Lovells US LLP
18                                           390 Madison Avenue
                                             New York, NY 10017
19                                           Telephone: 212-918-3000
                                             Email: claude.szyfer@hoganlovells.com
20
                                             Liam Phibbs (*pro hac vice*)
21                                           Hogan Lovells US LLP
                                             Columbia Square
22                                           555 Thirteenth St. NW
                                             Washington, DC 20004-1109
23                                           Telephone: 202-637-5600
                                             Email: liam.phibbs@hoganlovells.com
24
                                             *Attorneys for Defendant*
25                                           *Northwest Multiple Listing Service*

26

REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY - 5