# Exhibit A

# Compass's Second Set of Requests for Production to NWMLS

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766-JNW<br><br>**COMPASS, INC. AND COMPASS WASHINGTON'S SECOND SET OF REQUESTS FOR PRODUCTION TO NORTHWEST MULTIPLE LISTING SERVICE** |

**PROPOUNDING PARTY:**   COMPASS, INC. AND COMPASS WASHINGTON, LLC

**RESPONDING PARTY:**   NORTHWEST MULTIPLE LISTING SERVICE

**SET NUMBER:**   TWO

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Compass, Inc. and Compass Washington, LLC hereby demand that Defendant Northwest Multiple Listing Service ("NWMLS") answer the following document requests and produce for copying and inspection responsive documents within thirty (30) days from the date this demand is served at the offices of Plaintiffs' counsel, Cooley LLP, 1700 Seventh Avenue Suite 1900, Seattle, Washington 98101.

**I.   DEFINITIONS.**

Notwithstanding any definition below, each word, term, or phrase used in these Requests

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "And," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each Request in which they are used.

2. "Any" and "all" shall be construed to mean "any and all."

3. "Broker" means any entity or person who represents buyers or sellers of residential real estate.

4. "Challenged NWMLS Rules" refers to Rules 2, 4, and 6 of the NWMLS Rules and Regulations, including all past, present, and future iterations of these rules.

5. "Communication" or "Communications" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including letters, memoranda, telegrams, telefaxes, telecopies, telexes, emails, text messages, face-to-face meetings, telephone conversations, voicemails, answering machine messages, and telephonic notes.

6. "Compass" shall mean Plaintiffs Compass, Inc. and Compass Washington, LLC.

7. "Complaint" refers to the Complaint filed in this action on April 25, 2025, or any superseding complaint filed in *Compass, Inc. et al. v. Northwest Multiple Listing Service*, Case No. 2:25-cv-00766-JNW (W.D. Wash.).

8. "Document" or "Documents" are synonymous in meaning and equal in scope to the usage of the terms as defined by Federal Rule of Civil Procedure 34 and shall be interpreted in their broadest sense to include all "writings" and "recordings," including, without limitation, all writings, drawings, graphs, charts, photographs, recordings, phone records, videos, computer files, electronic mail or information, agreements, facsimiles, telexes, notes, and other data compilations from which information can be obtained and/or translated, if necessary, through detection devices into reasonably usable form.

9. "Each" and "every" shall be construed to mean "each and every."

10. "ESI" shall mean any "electronically stored information."

11. "Including" shall mean "including without limitation" and "including but not

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW

- 2 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

limited to."

12. "NWMLS," "You," "Your," or "Yours" shall mean Defendant NWMLS and its employees, agents, or other persons acting on its behalf.

13. "NWMLS Rules" refers to the NWMLS Rules and Regulations, including all past, present, and future iterations of these rules.

14. "Off-MLS Marketing" means any promotion or advertising of a property before delivering or inputting it to NWMLS, or any property with a recorded closing date within three days of that property's or listing's recorded listing date.

15. "Person" or "persons" means any individual, group, or entity. The acts of a person shall include the acts of the person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the person's behalf.

16. "Real Estate Services" means the bundle of services provided to homebuyers and sellers by residential real estate Brokers or Realtors with MLS access.

17. "Relating to," "related to," or "relate to" when referring to any given subject matter, means without limitation any information, document, or thing that in whole or in part directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

18. "Studies" or "Analyses" include all reports, memoranda, statistical compilations, reviews, audits and other types of written, printed, or electronic submissions of information.

19. All other words are given their plain and ordinary meaning.

II. **INSTRUCTIONS.**

1. These requests for production are continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2. A written response to each Request is required. If You object to any Request, in whole or in part, state the grounds of Your objection with specificity and produce Documents

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW
- 3 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

responsive to the remainder of the Request.

3.  In complying with these Requests, You are to produce all responsive Documents, communications, and ESI within Your possession, custody, or control or to which You have access, including, without limitation, all such Documents, communications, and ESI in the possession of any of Your agents, employees or attorneys, and any other person under Your control or acting on Your behalf .

4.  If You claim any privilege as grounds for not fully answering a Request, or any part thereof, You should provide a privilege log in accordance with Rule 26 of the Federal Rules of Civil Procedure and any ESI Order entered in this case with sufficient information to confirm that the claim of privilege is valid.

5.  Unless otherwise agreed upon by the parties, and pursuant to any ESI Order entered in this case, You should respond to these Requests by producing all responsive Documents collected through the use of mutually agreed-upon search terms, applied to a mutually agreed-upon group of Document custodians. Requests for "all documents" or "all communications" should therefore be construed as requests for all responsive Documents that are gathered when the agreed-upon (or court-ordered) search terms are applied to the files of agreed-upon (or court-ordered) custodians.

6.  All Documents produced pursuant to these Requests are to be organized in the manner in which they are kept in the usual course of business. File folders with tabs or labels, or directories of files identifying Documents and/or Communications, must be produced intact with such Documents and/or Communications.

7.  If no Documents exist that are responsive to a Request, a written statement to that effect shall be provided at the time of production.

8.  Unless otherwise agreed upon by the parties, You should produce responsive Documents consistent with any ESI Order entered in this case, including producing responsive Documents in the agreed upon format for production and with all metadata fields agreed upon by the parties.

9.  Identify all Documents described in these Requests that have been destroyed.

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW
- 4 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

10. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication should be produced.

## III. DOCUMENTS AND THINGS TO BE PRODUCED.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents concerning how pricing is set for NWMLS's products and services, including Documents concerning the price of: sales of NWMLS listings to third parties Including, but not limited to, Zillow; listings submitted by non-NWMLS members; broker membership and/or broker access; and non-member access to NWMLS products and listings.

**REQUEST FOR PRODUCTION NO. 52:**

Documents sufficient to show the different tiers of products or services that NWMLS offers, Including Documents outlining any differences in price or privileges offered at different tiers of products or services.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show non-NWMLS members' ability to access NWMLS products or services, Including Documents outlining rules or criteria non-members must meet to use NWMLS products or services and any Documents containing descriptions of how non-member access differs from member access.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents concerning policies or procedures relating to NWMLS's treatment of budget surpluses and budget deficits.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents concerning the potential impact of denying access to NWMLS listings to the operations of brokerages and/or Brokers, Including Documents concerning how NWMLS's termination of Compass's IDX access would impact Compass, and Documents concerning any other entities, besides Compass, that were subject to or at risk of having their access to listings or IDX data restricted or denied.

**REQUEST FOR PRODUCTION NO. 57:**

All Documents concerning the composition of NWMLS's board, Including any

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW
- 5 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

Documents discussing or analyzing the impact of having members of NWMLS's Board be affiliated with a single brokerage or large, incumbent brokerages.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents concerning competitive threats to NWMLS, its member brokerages, Brokers, or other industry entities, Including Documents analyzing the differences between NWMLS and any alternative providers; Documents analyzing the barriers to entry for alternative providers; and Documents analyzing the strengths and weaknesses of alternative providers.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents regarding concerns raised by member brokerages about competitive threats posed by: Off-MLS Marketing, Including those from "for sale by owner" listings, premarket listings, or private listings; direct-to-consumer platforms; or nationally branded technology-driven firms.

**REQUEST FOR PRODUCTION NO. 60:**

All Documents regarding competitive threats to NWMLS's member brokerages, Brokers, or other industry entities, Including competitive Analyses of alternative providers of brokerage services; Analyses concerning the level of threat presented by alternative providers of brokerage services; and Analyses of barriers to entry for competing real estate brokerages.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents regarding the competitive threat posed by Off-MLS Marketing sales to NWMLS member brokerages and NWMLS listings.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents regarding "for sale by owner" listings, Including Analyses comparing relative costs and benefits of "for sale by owner" listings to MLS listings and historical trends or forecasts regarding "for sale by owner" sales.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents containing measurements or projections of broker compensation and the number of brokers in NWMLS service areas.

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW
- 6 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**REQUEST FOR PRODUCTION NO. 64:**

All industry reports containing information about the real estate industry in the NWMLS service area.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents containing information about how brokerages differentiate themselves, Including information on branding.

**REQUEST FOR PRODUCTION NO. 66:**

All Documents with information concerning how NWMLS brokers typically acquire clients.

**REQUEST FOR PRODUCTION NO. 67:**

All Documents relating to or reflecting internal or third-party research on how consumers find listings, choose brokers, and value MLS access versus alternative platforms.

**REQUEST FOR PRODUCTION NO. 68:**

Data on all sold homes in Washington State from 2022 until the present, for sales both listed on NWMLS and not, Including lookup files for any and all coded fields related to the data. The data should include: sales that are not listed on NWMLS but appear in local tax records; describe the sale's date and price; describe the date listed, closed, or withdrawn; include addresses for the properties, along with geographic coordinates (latitude and longitude); include a unique alphanumeric code for the transaction; include a unique alphanumeric code for the property; and describe the property's characteristics, such as the property size or number of rooms.

**REQUEST FOR PRODUCTION NO. 69:**

All data and information recorded in logs from the key box system showing each instance a licensed real estate agent accessed a property for a buyer showing. This data should include: the property's address along with geographic coordinates (latitude and longitude); date listed, closed, or withdrawn; a unique alphanumeric property identifier that can be used to cross-reference key box access records with the corresponding NWMLS listing; the dates and times for each time the key box system was accessed; and buyer broker company names and agent

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW
- 7 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1  names, along with corresponding alphanumeric codes to identify the broker companies and
2  broker agents.

**REQUEST FOR PRODUCTION NO. 70:**

All data and information recorded in logs from the ShowingTime scheduling platform. This data should include: each instance a buyer broker scheduled a showing for a NWMLS listing using the ShowingTime platform; the property's address along with geographic coordinates (latitude and longitude); a unique alphanumeric property identifier that can be used to cross-reference key box access records with the corresponding NWMLS listing; the dates and times for each scheduled showing; and any feedback for each showing.

**REQUEST FOR PRODUCTION NO. 71:**

All data on lead origination and conversion rates for homebuyers and homesellers, Including information regarding what source homebuyers and homesellers were acquired, and conversion rates and leads by source.

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW
- 8 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

Dated: July 25, 2025

Respectfully submitted,

*s/Ethan Glass*

Ethan Glass (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC  20004
Telephone: +1 202 842 7800
Fax: +1 202 842 7899
Email: eglass@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY  10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com
Email: arafalson@cooley.com

Christopher B. Durbin (41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA  98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW

- 9 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

# CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I caused a true and correct copy of the foregoing to be sent via FedEx and emailed to counsel of record at the following addresses:

**STOEL RIVES LLP**
Christopher Robert Osborn
Harrison Owens
Vanessa Soriano Power
600 University Street, Suite 3600
Seattle, WA 98101
chris.osborn@stoel.com
harrison.owens@stoel.com
vanessa.power@stoel.com

**HOGAN LOVELLS US LLP**
Claude Szyfer
390 Madison Avenue
New York, NY 10017
claude.szyfer@hoganlovells.com

Liam Phibbs
Columbia Square
555 Thirteenth Street NW
Washington D.C. 20004
liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

Dated: July 25, 2025                    *s/Sarah Topol*
                                        Sarah Topol

PLAINTIFFS' SECOND SET OF RFPS TO NWMLS
Case No. 2:25-cv-00766-JNW

- 10 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700