# Exhibit B

# Notice of Intent to Issue Subpoena to Produce Documents to non-party Windermere Real Estate Services Company

THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766-JNW<br><br>**NOTICE OF INTENT TO ISSUE SUBPOENA TO PRODUCE DOCUMENTS** |

TO: Defendant Northwest Multiple Listing Service

AND TO: Their Counsel of Record

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs Compass, Inc. and Compass Washington, LLC give notice that it intends to serve a subpoena for the production of documents on Windermere Real Estate Services Company via registered agent: Corporation Service Company, 300 Deschutes Way SW STE 208 MC-CSC1, Tumwater, WA, 98501. Produced documents will be subject to any Protective Order and ESI Order to be entered in this case.

A copy of the subpoena to be served is attached to this notice.

PLAINTIFFS' NOTICE OF INTENT TO ISSUE SUBPOENA
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

| | |
|---|---|
| Dated: July 25, 2025 | Respectfully submitted, |

*s/Ethan Glass*
Ethan Glass (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC 20004
Telephone: +1 202 842 7800
Fax: +1 202 842 7899
Email: eglass@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com
Email: arafalson@cooley.com

Christopher B. Durbin (41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

PLAINTIFFS' NOTICE OF INTENT TO
ISSUE SUBPOENA
Case No. 2:25-cv-00766-JNW

- 2 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

# CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2025, I caused a true and correct copy of the foregoing to be sent via FedEx and emailed to counsel of record at the following addresses:

**STOEL RIVES LLP**
Christopher Robert Osborn
Harrison Owens
Vanessa Soriano Power
600 University Street, Suite 3600
Seattle, WA 98101
chris.osborn@stoel.com
harrison.owens@stoel.com
vanessa.power@stoel.com

**HOGAN LOVELLS US LLP**
Claude Szyfer
390 Madison Avenue
New York, NY 10017
claude.szyfer@hoganlovells.com

Liam Phibbs
Columbia Square
555 Thirteenth Street NW
Washington D.C. 20004
liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

Dated: July 25, 2025                              *s/Sarah Topol*
                                                   Sarah Topol

---

PLAINTIFFS' NOTICE OF INTENT TO
ISSUE SUBPOENA                       - 3 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| Compass, Inc. and Compass Washington, LLC, *Plaintiff* v. Northwest Multiple Listing Service, *Defendant* | ) ) ) ) Civil Action No. 2:25-cv-00766-JNW ) ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Windermere Real Estate Services Company C/O Registered Agent: Corporation Service Company 300 Deschutes Way SW STE 208 MC-CSC1, Tumwater, WA, 98501

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached: Schedule A.

| Place: COOLEY LLP c/o Ethan Glass 1700 Seventh Ave., Ste. 1900, Seattle, WA 98101 | Date and Time: 08/11/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/25/2025

*CLERK OF COURT*

OR

_____          s/ Ethan Glass
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Compass, Inc. and Compass Washington, LLC, who issues or requests this subpoena, are:
Ethan Glass, Cooley LLP, 1299 Pennsylvania Ave NW, Washington DC 20004, eglass@cooley.com 202-776-2244

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:25-cv-00766-JNW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

Case 2:25-cv-00766-JNW    Document 37-2    Filed 08/01/25    Page 7 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFIINITIONS

The following definitions shall apply throughout the subpoena. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

**1.** "Action" means *Compass, Inc. et al. v. Northwest Multiple Listing Service*, Case No. 2:25-cv-00766-JNW (W.D. Wash.).

**2.** "And," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each Request in which they are used.

**3.** "Any" and "all" shall be construed to mean "any and all."

**4.** "Broker" means any entity or Person who represents buyers or sellers of residential real estate.

**5.** "Challenged NWMLS Rules" refers to Rules 2, 4, and 6 of the NWMLS Rules and Regulations, Including all past, present, and future iterations of these rules.

**6.** "Communication" or "communications" means any oral, written, or other contact between two or more Persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, Including letters, memoranda, telegrams, telefaxes, telecopies, telexes, emails, text messages, face-to-face meetings, telephone conversations, voicemails, answering machine messages, and telephonic notes.

**7.** "Compass" shall mean Plaintiffs Compass, Inc. and Compass Washington, LLC.

**8.** "Complaint" refers to the Complaint filed in this Action on April 25, 2025, or any superseding complaint filed in this Action.

**9.** "Document" or "documents" are synonymous in meaning and equal in scope to the usage of the terms as defined by Federal Rule of Civil Procedure 34 and shall be interpreted in their broadest sense to include all "writings" and "recordings," Including, without limitation, all writings, drawings, graphs, charts, photographs, recordings, phone records, videos, computer
SCHEDULE A TO SUBPOENA
Case No. 2:25-cv-00766

Cooley LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

files, electronic mail or information, agreements, facsimiles, telexes, notes and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

**10.** "Each" and "every" shall be construed to mean "each and every."

**11.** "ESI" shall mean any "electronically stored information."

**12.** "Including" shall mean "including without limitation" and "including but not limited to."

**13.** "NWMLS," "Northwest Multiple Listing Service," or "Defendant" shall mean Defendant NWMLS and its employees, agents, or other Persons acting on its behalf.

**14.** "NWMLS Rules" refers to the NWMLS Rules and Regulations, Including all past, present, and future iterations of these rules.

**15.** "Off-MLS Marketing" means any promotion or advertising of a property before delivering or inputting it to NWMLS, or any property with a recorded closing date within three days of that property's or listing's recorded listing date.

**16.** "Person" or "persons" means any individual, group, or entity. The acts of a person shall include the acts of the person's directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the person's behalf.

**17.** "Real Estate Services" means the bundle of services provided to homebuyers and sellers by residential real estate Brokers or Realtors with MLS access.

**18.** "Relating to," "related to," or "relate to," when referring to any given subject matter, means without limitation any information, document, or thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

**19.** "Windemere," "You," or "Yours," shall mean Windemere Real Estate Services Company Including, without limitation, all of its locations, predecessors, predecessors-in-

SCHEDULE A TO SUBPOENA
Case No. 2:25-cv-00766
- 2 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

interest, subsidiaries, parents, affiliates, past or present directors, officers, members, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, franchisees, licensees, owners, shareholders, affiliated Brokers and partnership relationships.

**20.** All other words are given their plain and ordinary meaning.

## INSTRUCTIONS

**1.** Unless otherwise stated in a specific request, these requests seek responsive Documents for the period January 1, 2024 to the present.

**2.** These requests for production are continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**3.** A written response to each Request is required. If You object to any Request, in whole or in part, state the grounds of Your objection with specificity and produce Documents responsive to the remainder of the Request.

**4.** In complying with these Requests, You are to produce all responsive Documents, communications, and ESI within Your possession, custody, or control or to which You have access, including, without limitation, all such documents, communications, and ESI in the possession of any of Your agents, employees or attorneys, and any other Person under Your control or acting on Your behalf.

**5.** If You claim any privilege as grounds for not fully answering a Request, or any part thereof, You should provide a privilege log in accordance with Rule 26 of the Federal Rules of Civil Procedure and any ESI Order entered in this case with sufficient information to confirm that the claim of privilege is valid.

**6.** All Documents produced pursuant to these Requests are to be organized in the manner in which they are kept in the usual course of business. File folders with tabs or labels, or directories of files identifying Documents and/or Communications, must be produced intact with such Documents and/or Communications.

**7.** If no Documents exist that are responsive to a Request, a written statement to that effect shall be provided at the time of production.

**8.** Unless otherwise agreed upon, You should produce responsive documents

SCHEDULE A TO SUBPOENA
Case No. 2:25-cv-00766
- 3 -
COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

consistent with any ESI Order entered in this case, including producing responsive documents in the agreed upon format for production and with all metadata fields agreed upon by the parties. If any portion of a Document or Communication is responsive to any Request, the entire Document or Communication should be produced.

**9.**    These Requests must be construed in the broadest possible manner consistent with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Western District of Washington.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents relating to, or reflecting Communications concerning, Off-MLS Marketing, NWMLS Rules 2, 4, or 6, or Compass or a Compass-affiliated Broker.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and data concerning projected, estimated, planned or actual conditions in the markets for residential real estate and Real Estate Services in Seattle and King County, Including (i) the extent, level, or type of competition; (ii) market share; (iii) residential real estate costs, supply, and demand; (iv) consolidation, mergers, acquisitions, or joint ventures; (v) fixed or variable costs; (vi) substitute products; (vii) residential real estate, Broker, or agent capacity or supply; (viii) profits, revenues, and loss information; or (ix) other industry statistics.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents relating to or reflecting Communications with any Compass-affiliated Broker in Seattle or King County, involving any actual or potential effort to recruit any Broker to join Windemere or discourage or question their continued affiliation with Compass.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents relating to or reflecting Communications with the NWMLS board, committees, or executives.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to or reflecting any Off-MLS Marketing, Including but not limited to documents relating to any homes sold off of the local MLS.

SCHEDULE A TO SUBPOENA  
Case No. 2:25-cv-00766

- 4 -

COOLEY LLP  
1700 Seventh Avenue Suite 1900  
Seattle, Washington  98101  
+1 206 206 452 8700

**REQUEST FOR PRODUCTION NO. 6:**

All Documents relating to or reflecting your listings data from January 1, 2022 to present.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents relating to or reflecting Communications concerning this Action.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents analyzing or projecting the financial impact of Off-MLS Marketing on Windemere.

SCHEDULE A TO SUBPOENA
Case No. 2:25-cv-00766

- 5 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700