UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | CASE NO. 2:25-cv-00766-JNW<br><br>ORDER |

This matter comes before the Court on Defendant Northwest Multiple Listing Service's motion to stay discovery pending resolution of its motion to dismiss. Dkt. No. 29. Having considered the briefing, the record, and the relevant law, the Court is fully informed and finds oral argument unnecessary. For the reasons explained, the motion is DENIED.

This is an antitrust case. Plaintiffs Compass Inc. and Compass Washington LLC (together, "Compass") allege that Northwest Multiple Listing Service ("NWMLS") "is a monopolistic combination of competing real estate brokers . . . including the largest traditional real estate brokerages in the Seattle area." Dkt. No. 1 at 1–2. Compass claims that NWMLS has no meaningful competitors, and any

**ORDER** - 1

person wishing to list their home in the Seattle area must, as a practical matter, use NWMLS's listing service. Compass asserts, "NWMLS has successfully prevented any meaningful threat to itself and its owner-brokerages by adopting and enforcing a series of rules designed to force anyone wishing to buy or sell a home in the Seattle area with the help of a real estate professional to do so through its platform." *Id*. at 2.

Compass filed this action on April 25, 2025, and has begun discovery. On June 30, NWMLS responded by moving to dismiss for failure to state a claim. Dkt. No. 27; Fed. R. Civ. P. 12(b)(6). Ten days later, NWMLS filed a motion to stay discovery pending a decision on its motion to dismiss. Dkt. No. 29.

"The Federal Rules of Civil Procedure 'do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation.'" *T.S. v. Body Contour Ctrs., LLC*, Case No. 2:24-cv-01944-LK, 2025 WL 1194023, at *2 (W.D. Wash. Apr. 24, 2025) (quoting *Neal v. City of Bainbridge Island*, No. C20-6025-RSL, 2021 WL 2105301, at *1 (W.D. Wash. May 25, 2021)) (citing *United States v. Bayley*, No. 3:20-cv-05867-DGE, 2022 WL 1289664, at *2 (W.D. Wash. Apr. 29, 2022) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." (cleaned up))). "Although a court may relieve a party from the burdens of discovery while a dispositive motion is pending, this is the exception and not the rule." *Id*. (quoting *White v. Skagit Bonded Collectors, LLC*, No. 2:21-cv-00697-LK, 2022 WL 508825, at *1 (W.D. Wash. Jan. 24, 2022)). The district court may stay

discovery if the defendant shows that it is entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* (quoting *Neal*, 2021 WL 2105301, at *1 (quoting Fed. R. Civ. P. 26(c)(1))). "The moving party must demonstrate good cause for a discovery stay." *Id.* (citing *Gould v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:22-cv-00820-LK, 2023 WL 3018865, at *7 (W.D. Wash. Apr. 20, 2023)).

"Courts typically consider two factors in evaluating whether good cause exists" to stay discovery. *T.S.*, 2025 WL 1194023, at *2. "First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery." *Id.* (quoting *Ahern Rentals Inc. v. Mendenhall*, Case No. 20-cv-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020)). To assess these factors, the district court takes a "preliminary peek" at the pending motion to dismiss. *Id.* (quoting *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, 19-cv-1050-JCC, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020)). "Among other factors that may be relevant in a particular case, a court may consider whether 'it is convinced that the plaintiff will be unable to state a claim for relief,' *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), and whether 'a stay of discovery would unnecessarily delay litigation,' *Edmonds v. Amazon.com, Inc.*, No. 19-cv-1613-JLR, 2020 WL 8996835, at *2 (W.D. Wash. Mar. 6, 2020)." *Id.*

While NWMLS's motion to dismiss would be dispositive if successful, NWMLS has not argued that it is likely to succeed on the motion. And after taking a preliminary peek at the briefing and reviewing the complaint, the Court is not

**ORDER** - 3

"convinced that the plaintiff[s] will be unable to state a claim for relief." *Wenger*, 282 F.3d at 1077. NWMLS asks the Court to stay discovery in its entirety because Compass has served overly broad and unduly burdensome discovery requests. The Court will consider a more tailored motion for a protective order but finds at this time that a blanket stay of discovery would "unnecessarily delay litigation," *Edmonds*, 2020 WL 8996835, at *2.

Accordingly, NWMLS's motion to stay discovery pending decision on its motion to dismiss is DENIED. Dkt. No. 29.

IT IS SO ORDERED.

Dated this 6th day of August, 2025.

                                            Jamal N. Whitehead
                                            United States District Judge