The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | CASE NO. 2:25-cv-00766-JNW<br><br>**STIPULATED PROTECTIVE ORDER** |

1.      PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

    a) Computer programming codes, software, or hardware;
    b) Customer lists and customer information;
    c) Internal financial data;
    d) Proprietary business processes;
    e) Marketing plans and non-public market research performed by a party, or by a third-party on its behalf;
    f) Confidential business communications, including contracts and contract negotiations;
    g) Tax records;
    h) Documents containing personal identifying information;
    i) Documents containing non-public confidential information of third parties;
    j) Non-public business or strategy plans or forecasts;
    k) Non-public product or service plans, including documents reflecting non-public research or development of future products or services; and
    l) Intellectual property or trade secrets.

"Attorneys' Eyes Only" material shall include extremely sensitive "Confidential" information or material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. SCOPE

The protections conferred by this agreement cover not only Confidential and Attorneys' Eyes Only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal

STIPULATED PROTECTIVE ORDER
Case Number 2:25-CV-00766-JNW - 2

confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY MATERIAL

4.1 Basic Principles. A receiving party may use Confidential or Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Attorneys' Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, employees, and contractors (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel perform duties relating to a computerized litigation system, provided that counsel for the party

retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties.

(f) during their depositions, witnesses in the action who are not otherwise officers, directors, employees or contractors, to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions;

(i) insurers for any party to the extent reasonably necessary for the performance of their work associated with the litigation; and

(j) any other person that the designating party agrees to in writing.

4.3 Disclosure of "Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Attorneys' Eyes Only material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the court, court personnel, and court reporters and their staff;

(c) up to two attorneys employed by any Party;

(d) administrative personnel employed by any Party who are solely performing duties relating to a computerized litigation system;

(e) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

STIPULATED PROTECTIVE ORDER
Case Number 2:25-CV-00766-JNW - 4

It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party or non-Party of such breach or threatened breach;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) during their depositions only, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Such witnesses shall not retain copies of such materials, and pages of transcribed deposition testimony or exhibits to depositions that reveal Attorneys' Eyes Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel perform duties relating to a computerized litigation system, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the parties engaged in settlement discussions;

(j) insurers for any party to the extent reasonably necessary for the performance of their work associated with the litigation; and

(k) any other person that the designating party agrees to in writing.

4.4 <u>Filing Confidential or Attorneys' Eyes Only Material</u>. Before filing any Confidential or Attorneys' Eyes Only material, or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation,

whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The filing party shall include with their filing only those parts of the confidential or attorneys' eyes only material that it believes is necessary to support its position. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential or attorneys' eyes only information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties

that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each document that contains confidential material or "ATTORNEYS' EYES ONLY" to each document that contains attorneys' eyes only material.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential or attorneys' eyes only. If a party or non-party desires to protect confidential or attorneys' eyes only information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a

STIPULATED PROTECTIVE ORDER
Case Number 2:25-CV-00766-JNW - 7

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality or attorneys' eyes only at any time. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 Meet and Confer. The parties, and non-parties where necessary, must make every attempt to resolve any dispute regarding confidentiality and attorneys' eyes only designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential or attorneys' eyes only until the court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential or attorneys' eyes only material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Attorneys Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for

production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Attorneys' Eyes Only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Outside counsel for parties need not search their email or disaster recovery systems to comply with this Order. All retained materials remain subject to this Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

| | |
|---|---|
| 1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |

DATED:  August 14, 2025

*s/Ethan Glass*
Ethan Glass (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC  20004
Telephone: +1 202 842 7800
Fax: +1 202 842 7899
Email: eglass@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY  10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com
Email: arafalson@cooley.com

Christopher B. Durbin (41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA  98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

DATED:  August 14, 2025

*s/Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
Christopher R. Osborn, WSBA No. 13608
Harrison L.E. Owens, WSBA No. 51577
STOEL RIVES LLP
600 University St
Suite 3600
Seattle, WA 98101-3197
Telephone: 206-386-7653
Email: vanessa.power@stoel.com

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-00766-JNW - 11

Email: chris.osborn@stoel.com
Email: harrison.owens@stoel.com

Claude Szyfer (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant Northwest Multiple Listing Service*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the

1  producing party.

3  DATED: *August 15, 2025*

_____
The Honorable Jamal N. Whitehead
United States District Court Judge

STIPULATED PROTECTIVE ORDER
Case Number 2:25-CV-00766-JNW - 13

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

321869128 v11