HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

COMPASS, INC. AND COMPASS
WASHINGTON, LLC,

               Plaintiffs,

    v.

NORTHWEST MULTIPLE LISTING
SERVICE,

               Defendant.

Case No. 2:25-cv-00766-JNW

DECLARATION OF VANESSA
SORIANO POWER IN SUPPORT OF
NWMLS'S OPPOSITION TO MOTION
TO COMPEL

I, Vanessa Soriano Power, state as follows:

1.     I am an attorney practicing at Stoel Rives LLP in Seattle, Washington, and am counsel of record for Defendant Northwest Multiple Listing Service ("NWMLS") in this matter. I am over the age of 18 and have personal knowledge of the facts set forth in this declaration.

2.     Attached at **Exhibit A** is a true and correct copy of NWMLS's letter to Compass dated December 12, 2025, addressing all issues identified in the motion to compel and requesting that Compass withdraw its motion to compel as moot.

3.     Attached at **Exhibit B** is a true and correct copy of an email chain dated December 12, 2025 – December 18, 2025, detailing the parties' communications regarding NWMLS's request to Compass to withdraw its motion to compel.

4.     Compass issued 72 document requests through its First and Second Requests for Production. Compass's discovery requests are broad in scope and have forced NWMLS to invest

DECLARATION OF VANESSA SORIANO POWER - 1
CASE NO. 2:25-cv-00766-JNW

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

151402719.1 0068832-00015

1   substantial resources to collect, review, and prepare responses. These are not simple requests that

2   call for production of a handful of readily available files, but instead call for identifying, collecting,

3   and reviewing voluminous data and documents across the entirety of NWMLS's platform.

4       5.      In response to Compass's requests, NWMLS issued objections that flagged

5   standard, threshold issues, including: (1) the lack of a protective order governing disclosure of

6   confidential information (2) the lack of time or other scope limitations; and (3) the need for the

7   parties to confer on search terms and custodians. The parties then engaged in multiple conferrals

8   to address these issues. For example:

9       a.   *ESI Agreement and Protective Order.* On August 4, 2025, I conferred with

10          Compass counsel Sarah Topol and Alessandra Rafalson about specific terms in the

11          proposed ESI Agreement and protective order. The call was productive. By August

12          14, the parties reached agreement and filed a stipulated protective order and ESI

13          Agreement for review and entry by the Court.

14      b.   On August 28, 2025, I conferred with Compass counsel Sarah Topol and

15          Alessandra Rafalson about NWMLS's proposed date range for document searches,

16          as well as a timeline for exchanging custodians and search terms. The call was

17          productive. In response to issues discussed, NWMLS agreed to: (a) re-process and

18          re-produce its initial production with a metadata overlay; (b) by September 5,

19          supplement its responses to Compass's First and Second Requests for Production

20          to more clearly indicate if no responsive documents exist, and if responsive

21          documents would be produced or are being withheld; (c) make a planned

22          production that day, August 28; and (d) identify NWMLS's document custodians

23          and search terms by September 4. NWMLS honored each of its agreements.

24      c.   *Date Range.* Compass's requests had no date limitations. NWMLS proposed a date

25          range of April 1, 2023 – May 31, 2025. Compass countered with a proposed date

26

DECLARATION OF VANESSA SORIANO POWER - 2
CASE NO. 2:25-cv-00766-JNW

1    range of January 1, 2022 – May 31, 2025. NWMLS agreed to Compass's proposal

2    for a date range to apply to both NWMLS's and Compass's productions.

3        d.  *Custodians.* As promised in the conferral on August 28, NWMLS provided

4    Compass with its list of proposed document custodians on September 4. NWMLS

5    promptly commenced review of custodial records, and with each additional

6    custodian added, has run searches against the additional records. Over the course

7    of subsequent conferrals by email and phone, NWMLS has agreed to add every

8    single custodian requested by Compass.

9        e.  *Search Terms.* As promised in the conferral on August 28, NWMLS provided

10   Compass with its proposed search terms on September 4. Compass sought additions

11   and modifications, some of which had errors, which NWMLS flagged. Others

12   returned overwhelming results, which NWMLS addressed by proposing

13   modifications. The parties ultimately came to agreement on November 21, 2025,

14   but NWMLS did not delay its searches or productions in the interim. Instead,

15   NWMLS began running searches against agreed custodians using agreed search

16   terms, and as those have been modified and supplemented, has now been

17   supplementing its searches with modified search terms and additional custodians.

18       6.  NWMLS began producing documents on August 28, 2025. To date, NWMLS has

19   produced seven (7) volumes of responsive documents. NWMLS's productions have included

20   NWMLS organizational documents, legal bulletins, board of directors materials, custodial emails,

21   voluminous data sets, and re-production of material previously produced in response to Civil

22   Investigative Demands. NWMLS is underway in its review of additional documents for

23   production. Review for privilege has been time-consuming because two of the NWMLS custodians

24   for whom significant documents were returned in response to searches include NWMLS's current

25   and former general counsel.

26

DECLARATION OF VANESSA SORIANO POWER - 3
CASE NO. 2:25-cv-00766-JNW

7.      Attached at **Exhibit C** is a true and correct copy of NWMLS's Third Supplemental Answers to Compass's Interrogatories dated December 17, 2025. NWMLS acknowledges that in relying on Fed. R. Civ. P. 33(d) to answer certain interrogatories, it did not identify specific responsive documents in its initial answers. That was because, as NWMLS explained to Compass, document production remained pending. That has been rectified in NWMLS Third Supplemental Answers, which include bates numbers directing Compass to specific documents were provided.

8.      Attached at **Exhibit D** is a true and correct copy of a letter from NWMLS to Compass dated November 18, 2025, seeking to confer regarding Compass's deficient discovery responses. The parties conferred on November 24, 2025, about Compass's discovery deficiencies and the case schedule. NWMLS also provided Compass with a status update on its own discovery productions.

9.      Attached at **Exhibit E** is a true and correct copy of an email chain beginning November 21, 2025, and ending December 19, 2025, reflecting the parties' continued negotiation of and NWMLS's agreement to add custodians requested by Compass.

10.     Attached at **Exhibit F** is a true and correct copy of an email chain beginning November 21, 2025, and ending December 5, 2025, reflecting the parties' negotiation of a stipulated motion to amend the case schedule. The exchange shows that Compass sought a deadline of January 30, 2026, for substantial completion of production, and that NWMLS agreed to the deadline.

11.     NWMLS is on track to meet the substantial production deadline of January 30, 2026.

12.     Compass complains that it has requested to confer with NWMLS ten times, that NWMLS has "repeatedly ignored Compass's requests, and made itself available on only 5 occasions." (*See* Dkt. 56 at 7.) This is a mischaracterization of the facts. While Compass correctly states that the parties have conferred at least five times on discovery matters (July 28; July 31; August 4; August 28; and November 24), what Compass fails to acknowledge is that those

DECLARATION OF VANESSA SORIANO POWER - 4
CASE NO. 2:25-cv-00766-JNW

conferrals resulted in resolution of discovery matters, including the ESI Agreement, protective order, date range for document production, NWMLS's custodians, and search terms to be applied to NWMLS's ESI. The parties also conferred about modifying the case schedule on October 7, 2025, and again on November 24, 2025.

13.    NWMLS has not ignored Compass's requests to confer. On multiple occasions, conferral was requested but then not scheduled or cancelled because in the meantime, the parties worked through the issues by email. Other times, the delay in responding was a handful of business days. For example, on Thursday, August 14, 2025, Compass asked to confer, and followed up again the next day, Friday, August 15. I was traveling for work in San Diego, California from Wednesday, August 13 to Thursday, August 14, and after briefly returning to Seattle, immediately drove to Wenatchee, Washington the evening of August 14 for a deposition on Friday, August 15, 2025. I responded to Compass's counsel on Monday, August 18, 2025, explaining NWMLS's position on outstanding issues, indicating that I had been traveling and in depositions the prior week, and asking Compass to identify the specific issues for conferral. Conferral was scheduled later in the month.

14.    Compass also complained that NWMLS's counsel on one conferral call was unable to fully confer. Conferral had been scheduled on a day, July 31, 2025, that I was lead counsel in a complex mediation, and unfortunately was unable to break at the scheduled time because we were in session with the mediator. I'd expected the conferral to proceed with my colleague who appeared for the call and was surprised by the vitriolic email from Compass. I responded late that night with my apologies and a request to confer further. We did so on the date requested by Compass, August 4, 2025.

DECLARATION OF VANESSA SORIANO POWER - 5
CASE NO. 2:25-cv-00766-JNW

1       I declare under penalty of perjury of the laws of the United States that the foregoing is true

2  and correct to the best of my knowledge.

3

4       DATED: December 22, 2025.

5                       *s/ Vanessa Soriano Power*

6                       Vanessa Soriano Power, WSBA No. 30777
                         Stoel Rives LLP

DECLARATION OF VANESSA SORIANO POWER - 6
CASE NO. 2:25-cv-00766-JNW

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

151402719.1 0068832-00015