# EXHIBIT A



December 12, 2025

**VIA E-MAIL**

Sarah M. Topol
Alessandra V. Rafalson
Cooley LLP
55 Hudson Yards
New York, NY 10001

Vanessa Soriano Power
600 University Street, Suite 3600
Seattle, WA 98101
D. 206.386.7553
vanessa.power@stoel.com

**Re:    Compass, Inc., et al. v. Northwest Multiple Listing Service**
    **W.D. Washington Case No. 25-cv-766-JNW**
    **Request to Withdraw Motion to Compel**

Dear Sarah and Alessandra:

By this letter, Defendant Northwest Multiple Listing Service ("NWMLS") requests that Plaintiffs Compass, Inc. and Compass Washington, LLC (collectively "Compass") withdraw their motion to compel. There is nothing to compel.

We conferred on November 24, 2025. During that call, I confirmed that NWMLS would be making additional productions soon, including a substantial production of documents from agreed custodial email and network files. That has occurred. **Volume 6** was produced on December 2, and **Volume 7** was produced today, December 12. And in response to your notice that certain files were corrupted in **Volume 2**, a re-production was made on December 3.

On December 5, 2025, just before Compass filed its motion to compel, NWMLS filed the parties' stipulated motion to amend the case schedule. As Compass requested, NWMLS agreed to a deadline of January 31, 2026, for substantial completion of written discovery. NWMLS is on track to meet that deadline.

The motion to compel appears to be based on a misunderstanding of the scope of productions made by NWMLS to date and NWMLS' review process. A further explanation of the following points may put this dispute to rest:

- NWMLS has now made rolling productions in seven volumes, totaling over 34,000 responsive documents. NWMLS will continue to make rolling productions as documents are released from review for confidentiality and privilege designations.

- Several of NWMLS' productions have included custodial documents such as emails. *See* **Vol. 4**; **Vol. 7**. Documents that identify "NWMLS" as custodian are documents collected from NWMLS network files.

151400936.2 0068832-00015

EXHIBIT A, PAGE 01 OF 02

Sarah M. Topol
Alessandra V. Rafalson
December 12, 2025
Page 2

- Your assertion that NWMLS has "chosen to forego any relevance review of documents that hit upon search terms" is not accurate. While NWLMS has streamlined its production process by trusting that the parties' agreed search terms will return primarily responsive results, NWMLS is still reviewing for and not producing obviously non-responsive (irrelevant) material.

- During our November 24 call, we anticipated the Volume 6 production would be out by November 26. I informed you that we had technical issues that delayed the production, which was then promptly made (following the holiday weekend) on December 2. You appear to question the veracity of my reference to a technical issue. I am happy to explain. We were initially prepared to make the Volume 6 production on November 26 as planned, but with the addition of custodians and re-application of filters to screen for confidentiality and privilege, we had to re-run the production. That took time to process within our system. Thank you for understanding.

- Compass complains that NWMLS produced "a dump of documents produced in another matter." But Compass itself requested re-production of NWMLS' responses to civil investigative demands in unrelated matters. NWMLS complied with the request. NWMLS produced all such records, including data sets, documents, and custodial emails. NWMLS re-produced all records in the very same format they were previously produced.

Finally, as previously promised, NWMLS will further supplement its interrogatory answers by, if not before, December 22, 2025.

In sum, there is nothing to compel. Please advise by Wednesday, December 17, 2025, whether Compass will withdraw the motion.

Sincerely,

*Vanessa Soriano Power*

Vanessa Soriano Power

151400936.2 0068832-00015

EXHIBIT A, PAGE 02 OF 02