# EXHIBIT B

| | |
|---|---|
| **From:** | Egoul, Sarah Topol <segoul@cooley.com> |
| **Sent:** | Friday, December 19, 2025 4:18 PM |
| **To:** | Power, Vanessa Soriano; Rafalson, Alessandra Vittoria; Bansal, Dee; Durbin, Christopher |
| **Cc:** | Osborn, Chris R.; Owens, Harrison L.; Szyfer, Claude G; Phibbs, Liam E. |
| **Subject:** | RE: Compass v. NWMLS - Motion to Compel [SR-ACTIVE.FID20056047] |

Vanessa,

Thank you for your response. Based on the below, we do not agree that our motion has been mooted and will not withdraw it at this time.

Best,
Sarah

**Sarah Topol Egoul**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile

---

**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Thursday, December 18, 2025 11:36 PM
**To:** Egoul, Sarah Topol <segoul@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Durbin, Christopher <cdurbin@cooley.com>
**Cc:** Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Szyfer, Claude G <claude.szyfer@hoganlovells.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Motion to Compel [SR-ACTIVE.FID20056047]

Sarah,

Thanks for your email. NWMLS responds as follows:

**Alleged Failure to Maintain Familial Relationships Between Documents.** The emails identified as examples of NWMLS' alleged failure to maintain familial relationships between documents were produced as they were maintained by NWMLS, which was as PDFs in a subfile. That can be determined by viewing the metadata, which reflect the document type, file extension, and Original file path information. There was no failure to maintain familial relationships; the documents were produced in the format in which they were maintained.

**"Company" metadata field.** "Company" is not an extracted document metadata type and is not something that is populated absent other information. NWMLS' entire production has been from NWMLS, so it is unclear why this is a point of issue. As we agreed in the ESI Agreement, the "list of metadata is intended to be flexible." Please explain what the issue is and we'll do our best to address it.

**Custodial File Productions.** The 11 documents identified with respect to this item are all part of NWMLS_VOL0004, which is a re-production from Nov. 27, 2019. As previously explained, NWMLS was directly responsive to Compass' requests by making such re-productions. For NWMLS_VOL007, 170,364 of the 174,896

1

docs in that production with NWMLS as the custodian were from the arbitration@nwmls.com, compliance@nwmls.com, or idx@nwmls.com mailboxes. That information is reflected in the Original File Path information provided.

**Culling of Irrelevant Material.** Thank you for flagging documents that are not relevant despite hitting on agreed search terms. We will of course continue to cull obviously irrelevant material and will work to make that more robust for future productions.

**Supplemental Interrogatory Responses.** NWMLS has provided a fulsome answer to Compass' Interrogatory No. 3. NWMLS is not required to identify every document associated with its answer where, as here, it has provided a comprehensive narrative response. In the interest of compromise, NWMLS will again agree to supplement its answer.

With respect to Compass' suggestion that NWMLS enter into a stipulation for submission to the Court to warrant withdrawal of the motion to compel, NWMLS declines a stipulation as unnecessary but makes the following representations:

1. NWMLS will make rolling productions as documents are released from review. NWMLS anticipates a supplemental production on January 2, 2026, and expects to make rolling productions on approximately a weekly basis following that date.

2. NWMLS has been, and will continue to be, responsive to Compass' questions regarding its document productions.

3. NWMLS will make every effort not to produce clearly irrelevant documents.

4. NWMLS will further supplement its answer to Interrogatory No. 3 to address the time period preceding April 15, 2025.

Thanks,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Egoul, Sarah Topol <segoul@cooley.com>
**Sent:** Thursday, December 18, 2025 3:44 PM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Durbin, Christopher <cdurbin@cooley.com>
**Cc:** Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Szyfer, Claude G <claude.szyfer@hoganlovells.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Motion to Compel [SR-ACTIVE.FID20056047]

Hi Vanessa,

We write in response to your December 12th Letter asking Compass to withdraw its motion to compel. Since Compass filed its motion to compel on December 5th, NWMLS has (i) produced its Volume 7 production on December 12th; and (ii) supplemented its interrogatory responses yesterday, December 17th. NWMLS also produced an overlay metadata production for its Volumes 1 through 6 on December 15th.

While we appreciate the movement that has occurred since Compass filed its motion, we are disappointed that such motion practice was required for NWMLS to begin making custodial productions and to begin responding to the concerns that Compass has been raising for months.

Given the timing of your productions and supplemental responses, we have not yet had time to fully review and assess them. However, our initial review reveals that there are still significant deficiencies with both.

With respect to the document productions NWMLS has made, several issues persist. For starters, NWMLS has still not corrected the issue which we raised on December 3 concerning NWMLS's failure to maintain familial relationships between documents. As raised in our email, for example, NWMLS00018476, NWMLS00018480, and NWMLS00018517 all clearly indicate on their face that an attachment was a part of the email thread, but no such attachment appears to have been produced--and certainly not in any manner indicating that it is the attachment to those parents emails. In addition, while NWMLS's overlay metadata production did correct several metadata errors in Volumes 1-6, those productions are still missing the metadata field for "Company."

NWMLS's Volume 7 production also has problems. A majority of the documents in that email list NWMLS as the custodian, though on their face, those documents appear to come from individual custodial files and should therefore be labeled as such. *See, e.g.*, NWMLS00006195; NWMLS00008225; NWMLS00006255; NWMLS00007954; NWMLS00011732; NWMLS00011733. There are also several documents that appear to be handwritten notes where the custodian is listed as NWMLS, where it appears from those documents that the custodian should be the author of the notes. *See, e.g.*, NWMLS00011750; NWMLS00011732; NWMLS00011733; NWMLS00011750; NWMLS00011771; NWMLS00011803; NWMLS00011805; NWMLS00011807. NWMLS's explanation that NWMLS is the custodian because the documents were pulled from a central repository simply does not comport with the files we are seeing where NWMLS is marked as such. Nor does NWMLS's explanation comport with the fact that nearly 75% of the Volume 7 production lists NWMLS as the custodian.

We are also concerned that, despite NWMLS's claim in its December 12th letter that it is "not accurate" that NWMLS has "chosen to forego any relevance review" and instead NWMLS is "reviewing for and not producing obviously non-responsive (irrelevant) material," a large percentage of the production seems to, in fact, be comprised of entirely irrelevant and even spam emails, including from Nordstrom offering to increase a card holder's store credit card. *See, e.g.*, NWMLS00018802; NWMLS00018808; NWMLS00018824; NWMLS00018843; NWMLS00018845; NWMLS00018849; NWMLS00018853; NWMLS00018854; NWMLS00018860; NWMLS00018877; NWMLS00018897.

With respect to NWMLS's Third Supplemental Interrogatory Responses, while we are still reviewing, we have identified errors with at least the response to Interrogatory No. 3. Specifically, NWMLS's Third Supplemental Response to Interrogatory No. 3 still fails to answer the question asked. Interrogatory No. 3 asks NWMLS to "Describe the process by which You revoked Compass's listing data license on or about April 15, 2025, including all Persons involved in the decision and a timeline from the proposed revocation to April 15, 2025." Describe is defined to mean " provide a detailed and complete explanation of the facts, circumstances, documents, and any other information relating to the topic identified in the interrogatory." In response to this Interrogatory asking about events *prior to* April 15, 2025, the only information NWMLS identifies regarding events prior to that date is to state cursorily that "The decision to suspend Compass's listing data license was made by NWMLS President and CEO, Justin Haag, in conjunction with NWMLS's Executive Committee." NWMLS does not explain how this decision was made, *i.e.*, via email(s), phone call(s) or meeting(s), let alone describe any part of how the decision was reached, nor does it provide "a timeline from the proposed revocation to April 15, 2025."

Given these issues, Compass maintains that its motion has not been mooted. However, in the interest of compromise and preserving the parties' and the Court's resources, and without waiving the arguments advanced in its motion or the ability to seek further relief if necessary, Compass will agree to withdraw its motion to compel on the condition that NWMLS agrees to stipulate to:

1) Making rolling productions on dates certain (such as biweekly) going forward until NWMLS's document production is complete;
2) Further correct its productions to properly identify document custodians and document family relationships as described above, and commit to working to promptly correct any further issues Compass identifies with NWMLS's document productions;
3) Commit to not producing clearly irrelevant documents going forward, such as Nordstrom's emails or other entirely non-responsive spam; and
4) Further supplement its response to Interrogatory No. 3 to, as requested, "*Describe the process by which You revoked Compass's listing data license* on or about April 15, 2025, including all Persons involved in the decision *and a timeline from the proposed revocation to April 15, 2025*."

Please let us know if you agree to these conditions, and we will prepare a stipulation to that effect and a withdrawal notice to file tomorrow.

Best,
Sarah


**Sarah Topol Egoul**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile


**From:** Egoul, Sarah Topol
**Sent:** Thursday, December 18, 2025 3:07 PM
**To:** 'Power, Vanessa Soriano' <vanessa.power@stoel.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Durbin, Christopher <cdurbin@cooley.com>
**Cc:** Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Szyfer, Claude G <claude.szyfer@hoganlovells.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Motion to Compel [SR-ACTIVE.FID20056047]

Thanks, Vanessa. We are considering and will get back to you as soon as possible.

**Sarah Topol Egoul**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile


**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Thursday, December 18, 2025 1:18 PM
**To:** Egoul, Sarah Topol <segoul@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Durbin, Christopher <cdurbin@cooley.com>
**Cc:** Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Szyfer, Claude G <claude.szyfer@hoganlovells.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Motion to Compel [SR-ACTIVE.FID20056047]

Counsel,

I'm writing to follow up on my letter dated Dec. 12, 2025, requesting that Compass advise by Wednesday, Dec. 17 whether it would withdraw its motion to compel. In the interim, as promised, NWMLS further supplemented its interrogatory answers.

I understood from Sarah's email on Tuesday, Dec. 16 that Compass was considering whether it would withdraw, but we have heard nothing further. Please advise promptly, and no later than 2 pm PT / 5 pm EST today, Dec. 18, of Compass' position.

Best regards,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Power, Vanessa Soriano
**Sent:** Friday, December 12, 2025 4:21 PM
**To:** Egoul, Sarah Topol <segoul@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Durbin, Christopher <cdurbin@cooley.com>
**Cc:** Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Szyfer, Claude G <claude.szyfer@hoganlovells.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>
**Subject:** Compass v. NWMLS - Motion to Compel [SR-ACTIVE.FID20056047]

Counsel,

Please see the attached letter regarding Compass' motion to compel.

Best regards,
Vanessa

**Vanessa Soriano Power** | Partner
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7553 | Mobile: (206) 696-1324
vanessa.power@stoel.com | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

EXHIBIT B, PAGE 05 OF 05