# EXHIBIT C

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9   COMPASS, INC. AND COMPASS              Case No. 2:25-cv-00766
    WASHINGTON, LLC,
10                                         DEFENDANT'S THIRD
                    Plaintiffs,            SUPPLEMENTAL ANSWERS TO
11                                         PLAINTIFFS' FIRST SET OF
          v.                               INTERROGATORIES
12
    NORTHWEST MULTIPLE LISTING
13  SERVICE,

14                  Defendant.

15

16  PROPOUNDING PARTY:    Plaintiffs Compass, Inc. and Compass Washington, LLC

17  RESPONDING PARTY:     Defendant Northwest Multiple Listing Service

18  SET NO.:              One

19        Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Northwest Multiple

20  Listing Service ("Defendant" or "NWMLS") hereby answers and provides further supplemental

21  responses to Plaintiffs Compass, Inc. and Compass Washington, LLC's (collectively, "Compass")

22  First Set of Interrogatories to Northwest Multiple Listing Service (the "Discovery Requests") as

23  follows:

24                              **GENERAL OBJECTIONS**

25        NWMLS makes the following General Objections to the Discovery Requests and

26  incorporates these General Objections into each specific response and supplemental response

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 1

EXHIBIT C, PAGE 01 OF 32

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

below, whether or not specifically referenced in a given response. NWMLS reserves the right to supplement, amend, change, or qualify these General Objections. The General Objections that NWMLS makes here shall not waive or prejudice any further objections NWMLS may later assert, and NWMLS's failure to make an objection in a response should not be construed as a waiver of that objection.

1. NWMLS objects to the Discovery Requests to the extent they require responses beyond the scope authorized by the Federal Rules of Civil Procedure and/or any other applicable rules or laws.

2. NWMLS objects to the Discovery Requests to the extent they request production of information that contains proprietary and/or confidential business and financial information, the disclosure of which would be harmful to NWMLS's legitimate expectation or right of privacy pursuant to applicable law.

3. NWMLS objects to the Discovery Requests to the extent they seek information that is subject to the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest rule, or any other applicable privilege. NWMLS hereby claims such privileges and protections and objects to the Discovery Requests on that basis.

4. NWMLS objects to the Discovery Requests to the extent they are vague, ambiguous, subject to multiple interpretations, and/or duplicative.

5. NWMLS objects to the Discovery Requests as overbroad to the extent they contain no time or scope limitations.

6. NWMLS objects to the Discovery Requests to the extent they call for information that is not in NWMLS's possession, custody or control; information that is a matter of public record or otherwise equally available to Compass; or information that calls for NWMLS to supply information generated by other persons and/or entities.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 2

EXHIBIT C, PAGE 02 OF 32

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

7.  NWMLS objects to the Discovery Requests as premature because NWMLS's Motion for Protective Order to Stay Discovery, Dkt. 29, remains pending as of the date of these responses.

## SUPPLEMENTAL GENERAL OBJECTIONS

NWMLS makes the following Supplemental General Objections to the Discovery Requests and incorporates these Supplemental General Objections into each specific response and supplemental response below, whether or not specifically referenced in a given response. NWMLS reserves the right to supplement, amend, change, or qualify these Supplemental General Objections. The General Objections and Supplemental General Objections that NWMLS makes here shall not waive or prejudice any further objections NWMLS may later assert, and NWMLS's failure to make an objection in a response should not be construed as a waiver of that objection.

1.  NWMLS objects to the Discovery Requests as overbroad to the extent they contain no time or scope limitations. To avoid undue burden on NWMLS, NWMLS will apply a reasonable date range of April 1, 2023, to May 31, 2025.

## SECOND SUPPLEMENTAL GENERAL OBJECTIONS

NWMLS makes the following Supplemental General Objections to the Discovery Requests and incorporates these Supplemental General Objections into each specific response and supplemental response below, whether or not specifically referenced in a given response. NWMLS reserves the right to supplement, amend, change, or qualify these Supplemental General Objections. The General Objections and Supplemental General Objections that NWMLS makes here shall not waive or prejudice any further objections NWMLS may later assert, and NWMLS's failure to make an objection in a response should not be construed as a waiver of that objection.

1.  NWMLS objects to the Discovery Requests as overbroad to the extent they contain no time or scope limitations. To avoid undue burden on NWMLS, and consistent with the parties' agreement, unless otherwise stated NWMLS applies a reasonable date range of January 1, 2022, to May 31, 2025.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 3

EXHIBIT C, PAGE 03 OF 32

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1

2                    **RESERVATION OF RIGHTS**

3    1.  All specific responses and supplemental responses to the Discovery Requests are provided

4        without waiver of and with express reservation of:

5            a.  All objections as to the competency, relevancy, materiality, and admissibility of the

6                responses and the subject matter thereof as evidence in any further proceedings in

7                this action, including trial, or in any other action;

8            b.  All privileges including, but not limited to, the attorney-client privilege, the work

9                product doctrine, and the common interest rule;

10           c.  The right to object on any ground at any time to a demand or request for further

11               responses to the Discovery Requests or any other discovery requests; and

12           d.  The right to move for a protective order to protect the confidentiality of any

13               information disclosed or for any other purpose provided by law.

14       Discovery and other investigations concerning this action are continuing. NWMLS

15   therefore reserves the right to supplement, amend, change, or qualify these responses in light of

16   further investigation, research, or analysis, to the extent permitted or required by law, and to

17   introduce at trial any and all admissible evidence to the extent allowed by the Federal Rules of

18   Civil Procedure and the Federal Rules of Evidence.

19                **ANSWERS TO INTERROGATORIES**

20   **INTERROGATORY NO. 1:**

21       Identify and Describe any actual or suspected violations of NWMLS Rules based on Off-

22   MLS Marketing, and for each violation provide a description of the violation, the individual or

23   individuals involved including their Brokerage affiliation, and any actual or potential sanctions,

24   consequences, or penalties levied.

25   **ANSWER TO INTERROGATORY NO. 1:** In addition to the General Objections set forth

26   above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard to the undefined terms "violations," "sanctions," "consequences," and "penalties." NWMLS further objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, nor relevant to the claims and/or defenses in this action, and not proportional to the needs of the case, particularly given the lack of substantive or temporal limitations. NWMLS further objects to this Interrogatory as seeking proprietary or confidential business or financial information, the public disclosure of which would be harmful to NWMLS's or third-parties' legitimate expectation or right of privacy pursuant to applicable law. NWMLS further objects to this Interrogatory to the extent Compass seeks information that is protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest rule, or any other applicable privilege.

Subject to and without waiving the foregoing objections, NWMLS will supplement its response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for Protective Order to Stay Discovery.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:** Subject to and without waving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38, NWMLS provides the following supplemental answer to Interrogatory No. 1: Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS refers Compass to the records produced by NWMLS in this action.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:** Subject to and without waving the foregoing objections, NWMLS provides the following second supplemental answer to Interrogatory No. 1: Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS believes that its proposed custodians and search terms provided to Compass on September 4, 2025,

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 5

EXHIBIT C, PAGE 05 OF 32

**STOEL RIVES** LLP
**ATTORNEYS**
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

will reveal any documents reflecting actual or suspected violations of NWMLS Rules based on Off-MLS Marketing, describing such violations, describing the individual or individuals involved such violations, and any actual or potential sanctions, consequences, or penalties levied. Documents subject to a claim of privilege are being withheld and will be included in NWMLS's privilege log.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 1:** Subject to and without waving the foregoing objections, NWMLS provides the following third supplemental answer to Interrogatory No. 1:

Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS identifies the following non-privileged documents reflecting actual or suspected violations of NWMLS Rules based on Off-MLS Marketing, describing such violations, describing the individual or individuals involved such violations, and any actual or potential sanctions, consequences, or penalties levied:

| | | | |
|---|---|---|---|
| NWMLS00012706; | NWMLS00012757; | NWMLS00012820; | NWMLS00012839; |
| NWMLS00012938; | NWMLS00013047; | NWMLS00013117; | NWMLS00013129; |
| NWMLS00013140; | NWMLS00013178; | NWMLS00013188; | NWMLS00013199; |
| NWMLS00013213; | NWMLS00013228; | NWMLS00013240; | NWMLS00013260; |
| NWMLS00018549; | NWMLS00018694; | NWMLS00018730; | NWMLS00018750; |
| NWMLS00018781; | NWMLS00042027; | NWMLS00042032; | NWMLS00042129; |
| NWMLS00042130; | NWMLS00042368; | NWMLS00042475; | NWMLS00042526; |
| NWMLS00042587; | NWMLS00042593; | NWMLS00042598; | NWMLS00042653; |
| NWMLS00042941; | NWMLS00043137; | NWMLS00043140; | NWMLS00044754; |
| NWMLS00045393; | NWMLS00045404; | NWMLS00045407; | NWMLS00045413; |
| NWMLS00046329; | NWMLS00046336; | NWMLS00046343; | NWMLS00046345; |
| NWMLS00046347; | NWMLS00057764; | NWMLS00057828; | NWMLS00057858; |

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 6

EXHIBIT C, PAGE 06 OF 32

| | | | |
|---|---|---|---|
| NWMLS00058119; | NWMLS00058228; | NWMLS00058381; | NWMLS00058385; |
| NWMLS00058389; | NWMLS00058393; | NWMLS00058403; | NWMLS00058540; |
| NWMLS00058588; | NWMLS00058645; | NWMLS00058708; | NWMLS00058714; |
| NWMLS00058718; | NWMLS00058751; | NWMLS00058754; | NWMLS00058757; |
| NWMLS00058837; | NWMLS00058841; | NWMLS00058843; | NWMLS00058847; |
| NWMLS00058852; | NWMLS00058855; | NWMLS00058858; | NWMLS00075331; |
| NWMLS00059010; | NWMLS00059023; | NWMLS00059032; | NWMLS00059035; |
| NWMLS00059193; | NWMLS00059210; | NWMLS00059213; | NWMLS00076879; |
| NWMLS00060287; | NWMLS00061439; | NWMLS00061555; | NWMLS00061557; |
| NWMLS00061698; | NWMLS00079762; | NWMLS00063586; | NWMLS00080503; |
| NWMLS00064959; | NWMLS00065661; | NWMLS00065664; | NWMLS00066411; |
| NWMLS00083362; | NWMLS00067440; | NWMLS00083979; | NWMLS00083981; |
| NWMLS00084236; | NWMLS00084357; | NWMLS00084359; | NWMLS00084399; |
| NWMLS00084425; | NWMLS00067687; | NWMLS00067722; | NWMLS00067735; |
| NWMLS00067746; | NWMLS00067755; | NWMLS00067757; | NWMLS00067788; |
| NWMLS00067790; | NWMLS00067846; | NWMLS00068258; | NWMLS00068260; |
| NWMLS00084601; | NWMLS00084835; | NWMLS00085311; | NWMLS00085484; |
| NWMLS00085492; | NWMLS00085514; | NWMLS00085941; | NWMLS00085996; |
| NWMLS00086261; | NWMLS00086655; | NWMLS00086663; | WMLS00086742; |
| NWMLS00086761; | NWMLS00087313; | NWMLS00087340; | NWMLS00087846; |
| NWMLS00088073; | NWMLS0008821; | NWMLS00088530; | NWMLS00088601; |
| NWMLS00089193; | NWMLS00089348; | NWMLS00089675; | NWMLS00089677; |
| NWMLS00090148; | NWMLS00090152; | NWMLS00090236; | NWMLS00090240; |
| NWMLS00091322; | NWMLS00091330; | NWMLS00091405; | NWMLS00092575; |
| NWMLS00092582; | NWMLS00026220; | NWMLS00026224; | NWMLS00031265; |
| NWMLS00036046; | NWMLS00041441; | NWMLS00041531; | NWMLS00041829; |

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 7

151312159.4 0068832-00015

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1  NWMLS00041835;       NWMLS00041944;       NWMLS00095645;       NWMLS00095651;

2  NWMLS00095704;       NWMLS00095713;       NWMLS00095722;       NWMLS00095738;

3  NWMLS00095748

4        Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

5  amend this answer.

6

7  **INTERROGATORY NO. 2:**

8        Identify and Describe all complaints or concerns received by You relating to Off-MLS

9  Marketing, including any involving the Challenged NWMLS Rules, and for each such complaint

10  or concern provide the identity of the complainant, the date of the complaint, a description of the

11  complaint or concern, and any response from You.

12  **ANSWER TO INTERROGATORY NO. 2:** In addition to the General Objections set forth

13  above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for

14  Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this

15  Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard

16  to the undefined terms "complaints" and "concerns." NWMLS further objects to this Interrogatory

17  as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

18  evidence, nor relevant to the claims and/or defenses in this action, and not proportional to the needs

19  of the case, particularly given the lack of substantive or temporal limitations. NWMLS further

20  objects to this Interrogatory as seeking proprietary or confidential business or financial

21  information, the public disclosure of which would be harmful to NWMLS's or third-parties'

22  legitimate expectation or right of privacy pursuant to applicable law. NWMLS further objects to

23  this Interrogatory to the extent Compass seeks information that is protected by the attorney-client

24  privilege, the work product doctrine, the joint defense privilege, the common interest rule, or any

25  other applicable privilege.

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 8

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

151312159.4 0068832-00015

1    Subject to and without waiving the foregoing objections, NWMLS will supplement its

2    response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for

3    Protective Order to Stay Discovery.

4    **SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:** Subject to and without

5    waiving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38,

6    NWMLS provides the following supplemental answer to Interrogatory No. 2: Pursuant to Federal

7    Rule of Civil Procedure 33(d), NWMLS refers Compass to the records produced by NWMLS in

8    this action.

9    Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

10   amend this answer.

11   **SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:** Subject to and

12   without waving the foregoing objections, NWMLS provides the following second supplemental

13   answer to Interrogatory No. 2: Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS

14   believes that its proposed custodians and search terms provided to Compass on September 4, 2025,

15   will reveal any documents reflecting complaints or concerns received by NWMLS relating to Off-

16   MLS Marketing, including any involving the Challenged NWMLS Rules, the identity of the

17   complainant, the date of the complaint, describing the complaint or concern, and any response.

18   Documents subject to a claim of privilege are being withheld and will be included in NWMLS's

19   privilege log.

20   Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

21   amend this answer.

22   **THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:** Subject to and

23   without waving the foregoing objections, NWMLS provides the following third supplemental

24   answer to Interrogatory No. 2:

25   Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS identifies the following non-

26   privileged documents reflecting complaints or concerns received by NWMLS relating to Off-MLS

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 9

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

Marketing, including any involving the Challenged NWMLS Rules, the identity of the complainant, the date of the complaint, describing the complaint or concern, and any response:

NWMLS00008730;    NWMLS00009111;    NWMLS00012706;    NWMLS00012757;

NWMLS00012820;    NWMLS00012839;    NWMLS00012938;    NWMLS00013047;

NWMLS00013117;    NWMLS00013129;    NWMLS00013140;    NWMLS00013178;

NWMLS00013188;    NWMLS00013199;    NWMLS00013213;    NWMLS00013228;

NWMLS00013240;    NWMLS00013260;    NWMLS00018549;    NWMLS00018694;

NWMLS00018730;    NWMLS00018750;    NWMLS00018781;    NWMLS00042027;

NWMLS00042032;    NWMLS00042129;    NWMLS00042130;    NWMLS00042368;

NWMLS00042475;    NWMLS00042526;    NWMLS00042587;    NWMLS00042593;

NWMLS00042598;    NWMLS00042941;    NWMLS00043137;    NWMLS00043140;

NWMLS00044754;    NWMLS00046329;    NWMLS00046336;    NWMLS00046343;

NWMLS00046345;    NWMLS00046347;    NWMLS00051162;    NWMLS00057764;

NWMLS00057828;    NWMLS00057858;    NWMLS00058119;    NWMLS00058228;

NWMLS00058381;    NWMLS00058385;    NWMLS00058389;    NWMLS00058393;

NWMLS00058403;    NWMLS00058540;    NWMLS00058588;    NWMLS00058645;

NWMLS00058708;    NWMLS00058714;    NWMLS00058718;    NWMLS00058751;

NWMLS00058754;    NWMLS00058757;    NWMLS00058837;    NWMLS00058841;

NWMLS00058843;    NWMLS00058847;    NWMLS00058852;    NWMLS00058855;

NWMLS00058858;    NWMLS00059010;    NWMLS00059023;    NWMLS00059032;

NWMLS00059035;    NWMLS00059193;    NWMLS00059210;    NWMLS00059213;

NWMLS00060287;    NWMLS00061439;    NWMLS00061555;    NWMLS00061557;

NWMLS00061698;    NWMLS00063586;    NWMLS00064959;    NWMLS00065661;

NWMLS00065664;    NWMLS00066411;    NWMLS00067440;    NWMLS00083979;

NWMLS00083981;    NWMLS00084236;    NWMLS00084357;    NWMLS00084359;

NWMLS00084399;    NWMLS00084425;    NWMLS00067687;    NWMLS00067722;

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 10

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151312159.4 0068832-00015

| | | | |
|---|---|---|---|
| NWMLS00067735; | NWMLS00067746; | NWMLS00067755; | NWMLS00067757; |
| NWMLS00067788; | NWMLS00067790; | NWMLS00067846; | NWMLS00068258; |
| NWMLS00068260; | NWMLS00084601; | NWMLS00084835; | NWMLS00085311; |
| NWMLS00085484; | NWMLS00085514; | NWMLS00085941; | NWMLS00085996; |
| NWMLS00086261; | NWMLS00086742; | NWMLS00086761; | NWMLS00087313; |
| NWMLS00087340; | NWMLS00087846; | NWMLS00088073; | NWMLS00088219; |
| NWMLS00088530; | NWMLS00088601; | NWMLS00089193; | NWMLS00089348; |
| NWMLS00089675; | NWMLS00089677; | NWMLS00090148; | NWMLS00090152; |
| NWMLS00090236; | NWMLS00090240; | NWMLS00091322; | NWMLS00091330; |
| NWMLS00091405; | NWMLS00092575; | NWMLS00092582; | NWMLS00026220; |
| NWMLS00026224; | NWMLS00031265; | NWMLS00036046; | NWMLS00041441; |
| NWMLS00041531; | NWMLS00041829; | NWMLS00041835; | NWMLS00041944; |
| NWMLS00095645; | NWMLS00095651; | NWMLS00095704; | NWMLS00095713; |

NWMLS00095722; NWMLS00095738; NWMLS00095748

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**INTERROGATORY NO. 3:**

Describe the process by which You revoked Compass's listing data license on or about April 15, 2025, including all Persons involved in the decision and a timeline from the proposed revocation to April 15, 2025.

**ANSWER TO INTERROGATORY NO. 3:** In addition to the General Objections set forth above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard to the undefined terms "process," "the decision," and "timeline." NWMLS further objects to this

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 11

151312159.4 0068832-00015

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1   Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery
2   of admissible evidence, nor relevant to the claims and/or defenses in this action, and not
3   proportional to the needs of the case. NWMLS further objects to this Interrogatory as seeking
4   proprietary or confidential business or financial information, the public disclosure of which would
5   be harmful to NWMLS's legitimate expectation or right of privacy pursuant to applicable law.
6   NWMLS further objects to this Interrogatory to the extent Compass seeks information that is
7   protected by the attorney-client privilege, the work product doctrine, the joint defense privilege,
8   the common interest rule, or any other applicable privilege.

9       Subject to and without waiving the foregoing objections, NWMLS will supplement its
10  response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for
11  Protective Order to Stay Discovery.

12  **SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:** Subject to and without waiving
13  the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38,
14  NWMLS provides the following supplemental answer to Interrogatory No. 3:

15      After multiple opportunities afforded to Compass with NWMLS clear direction about what
16  was required, NWMLS notified Compass that the license listing feed would be suspended.
17  NWMLS suspended Compass' listing data access the morning of April 15th and restored it the
18  morning of April 17th. During this suspension, Compass still qualified to receive a Participant Only
19  feed (which contains listing data which Compass had entered into the NWMLS database) and
20  NWMLS provided instructions for arranging Participant Only feed, but Compass did not avail
21  itself of that opportunity. Further, Compass brokers continued to have full access to NWMLS and
22  its listing data and services. NWMLS's Data Licensing Coordinators handled the suspension and
23  reinstatement of the listing data feed.

24      On April 15, 2025 at approximately 8:30 a.m.: NWMLS notified Compass (attorney Sam
25  Kraemer and designated broker Rebecca Frazier) that NWMLS would be suspending the listing
26  data licenses for IDX, VOW, and Back Office feed; how to receive Participant only feed; and how

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 12

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

to have the listing data restored by providing evidence that all of its listings have been entered (excepting any non-exclusive listings taken prior to March 29, 2025); (2) providing more information concerning the subject "listing agreements" claimed to be exempt from NWMLS Rules, and (3) warranting that all of its future listings would be entered pursuant to NWMLS. Thereafter on the morning of April 15, NWMLS's Data Licensing Department notified 19 vendors providing Compass with NWMLS listing data that its right to the listing data was suspended and to remove all NWMLS data from display on those vendors' products for Compass offices.

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:** Subject to and without waving the foregoing objections, NWMLS provides the following second supplemental answer to Interrogatory No. 3:

The decision to suspend Compass's listing data license was made by NWMLS President and CEO, Justin Haag, in conjunction with NWMLS's Executive Committee.

By way of further response, and pursuant to Federal Rule of Civil Procedure 33(d), NWMLS believes that its proposed custodians and search terms provided to Compass on September 4, 2025, will reveal any documents related to the process by which NWMLS revoked Compass's listing data license on or about April 15, 2025. Documents subject to a claim of privilege are being withheld and will be included in NWMLS's privilege log.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 3:** Subject to and without waving the foregoing objections, NWMLS provides the following third supplemental answer to Interrogatory No. 3:

The decision to suspend Compass's listing data license was made by NWMLS President and CEO, Justin Haag, in conjunction with NWMLS's Executive Committee.

After multiple opportunities afforded to Compass with NWMLS's clear direction about what was required, NWMLS notified Compass that the license listing feed would be suspended.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 13

151312159.4 0068832-00015

EXHIBIT C, PAGE 13 OF 32

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

NWMLS suspended Compass's listing data access the morning of April 15, 2025. At approximately 8:30 a.m. on April 15, NWMLS notified Compass (attorney Sam Kraemer and designated broker Rebecca Frazier) that NWMLS would be suspending Compass's listing data licenses for IDX, VOW, and Back Office feeds. NWMLS advised Compass how to receive a Participant Only feed, as well as how to have the listing data license restored by providing evidence that all of Compass's listings had been entered (excepting any non-exclusive listings taken prior to March 29, 2025, providing more information concerning the subject "listing agreements" claimed to be exempt from the NWMLS Rules, and warranting that all of Compass's future listings would be entered pursuant to the NWMLS Rules. Thereafter on the morning of April 15, NWMLS's Data Licensing Department notified 19 vendors providing Compass with NWMLS listing data that Compass's right to the listing data was suspended and asking all NWMLS data be removed from display on those vendors' products for Compass offices.

NWMLS restored Compass's listing data access in the morning of April 17, 2025. While Compass's listing data license was suspended, Compass still qualified to receive a Participant Only feed (which contains listing data which Compass had entered into the NWMLS database). While NWMLS provided instructions for arranging Participant Only feed, Compass did not avail itself of that opportunity. Compass brokers continued to have full access to NWMLS and its listing data and services. NWMLS's Data Licensing Coordinators handled the suspension and reinstatement of the listing data feed.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**INTERROGATORY NO. 4:**

Identify and Describe all instances in which NWMLS has threatened to or actually revoked a Broker or Brokerage's access to its listing data license, or access to Your IDX feed through other means.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 14

EXHIBIT C, PAGE 14 OF 32

**STOEL RIVES** LLP
**ATTORNEYS**
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

**ANSWER TO INTERROGATORY NO. 4:** In addition to the General Objections set forth above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard to the undefined term "threatened." NWMLS further objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, nor relevant to the claims and/or defenses in this action, and not proportional to the needs of the case, particularly given the lack of substantive or temporal limitations. NWMLS further objects to this Interrogatory as seeking proprietary or confidential business or financial information, the public disclosure of which would be harmful to NWMLS's or third-parties' legitimate expectation or right of privacy pursuant to applicable law. NWMLS further objects to this Interrogatory to the extent Compass seeks information that is protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest rule, or any other applicable privilege.

Subject to and without waiving the foregoing objections, NWMLS will supplement its response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for Protective Order to Stay Discovery.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:** Subject to and without waiving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38, NWMLS provides the following supplemental answer to Interrogatory No. 4:

NWMLS believes that NWMLS has threatened to and actually suspended one or more other member(s)' right to its listing data but has not yet discovered records sufficient to confirm or deny that belief.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 15

151312159.4 0068832-00015

EXHIBIT C, PAGE 15 OF 32

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:** Subject to and without waving the foregoing objections, NWMLS provides the following second supplemental answer to Interrogatory No. 4: Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS believes that its proposed custodians and search terms provided to Compass on September 4, 2025, will reveal any documents reflecting instances in which NWMLS has threatened to or actually revoked a Broker or Brokerage's access to its listing data license or access to NWMLS's IDX feed through other means. Those Documents will be produced. Documents subject to a claim of privilege are being withheld and will be included in NWMLS's privilege log.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4:** Subject to and without waving the foregoing objections, NWMLS provides the following third supplemental answer to Interrogatory No. 4:

NWMLS's Rules, Policies, and license agreements provide for circumstances when NWMLS may suspend or terminate a listing data license/IDX feed. NWMLS staff regularly communicates with vendors and members about various data compliance issues, and those communications include this fact.

After inquiry of staff and review of its files and records, NWMLS has identified five instances in the relevant time period when it has temporarily suspended or permanently terminated a member's or a member's vendor's listing data license/IDX feed. These are in addition to the temporary suspension of Compass's and Compass's vendors listing data license/IDX feed.

In August 2019, NWMLS suspended the listing data license/IDX feed to Lincoln & Lyndon, a vendor providing IDX services to members. The license suspension was a consequence of unapproved use of the data by Lincoln & Lyndon, including providing data to an overseas entity to which no license had been conferred. The license was terminated and not restored.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 16

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

On August 20, 2020, NWMLS suspended the listing data license/IDX feed to Fishnet Marketing/Faithnetwork, a vendor providing IDX services to members. The license suspension was the result of the vendor providing log-in information to a third party and thus making data available to a third party to which no license had been conferred. The license was terminated and not restored.

On May 5, 2023, NWMLS suspended the listing data license/IDX feed to its member WeLakeside as a consequence of its misuse of NWMLS data, which it provided to a third party to which no license had been conferred. The license was subsequently restored when the member's misuse of the data was addressed.

On April 2, 2025, NWMLS suspended vendor Lofty's listing data license/IDX feed because the vendor did not timely resolve a photo suppression issue. Lofty was notified on March 21, 2025, to remove all photos that should have been suppressed, but did not resolve the issue until April 3, 2025. The license was restored on April 4, 2025.

On October 23, 2025, NWMLS suspended the listing data license/IDX feed to its member WJL Homeservices d/b/a www.WAIJULE.com. The license was suspended as a consequence of the member's failure to timely address compliance matters, including its failure to display attribution to listings as required by the NWMLS Rules. NWMLS continues to work with the member to correct display deficiencies and expects that the license will be restored when the compliance issues are resolved.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**INTERROGATORY NO. 5:**

Describe the process by which You amended NWMLS Rule 4 effective March 28, 2025, as described in Paragraph 65 in the Complaint, including all Persons involved in the decision to

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 17

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1  amend NWMLS Rule 4 and the timeline from the proposed change to its effective date of

2  March 28, 2025.

3  **ANSWER TO INTERROGATORY NO. 5:** In addition to the General Objections set forth

4  above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for

5  Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this

6  Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard

7  to the undefined terms "process," "the decision," and "timeline." NWMLS further objects to this

8  Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery

9  of admissible evidence, nor relevant to the claims and/or defenses in this action, and not

10 proportional to the needs of the case. NWMLS further objects to this Interrogatory as seeking

11 proprietary or confidential business or financial information, the public disclosure of which would

12 be harmful to NWMLS's or third-parties' legitimate expectation or right of privacy pursuant to

13 applicable law. NWMLS further objects to this Interrogatory to the extent Compass seeks

14 information that is protected by the attorney-client privilege, the work product doctrine, the joint

15 defense privilege, the common interest rule, or any other applicable privilege.

16      Subject to and without waiving the foregoing objections, NWMLS will supplement its

17 response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for

18 Protective Order to Stay Discovery.

19 **SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:** Subject to and without

20 waiving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38,

21 NWMLS provides the following supplemental answer to Interrogatory No. 5:

22      On February 28, 2025, Mr. Haag emailed Mr. Reffkin about a NWMLS Bylaws and Rules

23 Committee decision from its February 21 meeting not to recommend removing or substantially

24 amending NWMLS's mandatory listing submission rule.

25

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 18

151312159.4 0068832-00015

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1    On March 2, Mr. Reffkin emailed Mr. Haag requesting confirmation that non-exclusive

2   listings were not permitted to be entered in NWMLS and asked if there would be a penalty imposed

3   if an agent took a non-exclusive and marketed it outside NWMLS.

4    On March 5, Mr. Haag emailed Mr. Reffkin and advised that NWMLS's rules, forms, and

5   systems did not then accommodate non-exclusive listings and that such accommodation had not

6   ever been requested. Mr. Haag offered to raise the issue with the Bylaws and Rules Committee

7   and the Statewide Forms Task Force.

8    The same day, Mr. Reffkin emailed Mr. Haag asking for NWMLS to allow consumers "to

9   list publicly on the interest [sic] off the MLS with their agent."

10    On March 14, Mr. Reffkin emailed Mr. Haag with suggested models that he explained

11   other MLSs had adopted to accommodate Compass' demand for promotion of its listings off-

12   market.

13    On March 21, NWMLS received multiple reports of Mr. about Reffkin's social media post

14   congratulating "Sam Cunningham for launching the first-ever Compass Private Exclusive in the

15   history of the state of Washington!"

16    On March 21, Ms. Simpson tried calling Compass's designated broker, Rebecca Frazier to

17   discuss Mr. Reffkin's post. At 10:30 a.m. that morning, Sam Kraemer, Rebecca Frazier, and Ms.

18   Simpson communicated about the properties being promoted without an active listing; Ms.

19   Simpson directed Compass to have the broker move the listing from 'incomplete' status to 'active'

20   status. Ms. Simpson explained that office exclusive listings are not allowed under NWMLS rules.

21   Mr. Kraemer indicated that Compass would look into this and get back to NWMLS.

22    The same day, NWMLS received a report that Compass distributed an email to its brokers

23   providing monetary incentives to its brokers to market their listings without entering them into

24   NWMLS.

25

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 19

151312159.4 0068832-00015

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1    On March 22 and after, NWMLS continued to receive reports from members about Mr.

2    Reffkin's continued social posts about additional off-market listings and complaints from members

3    about violations of NWMLS Rule 2(c).

4    On March 24- NWMLS received notice from its Director, Tabata Perron's, of her

5    resignation from the Board of Directors.

6    On March 25, NWMLS sent to Compass a discipline complaint filed by a member alleging

7    Rule 2(c) violations.

8    On March 26, Mr. Reffkin continued to post about additional Compass off-market listings.

9    NWMLS continued to receive complaints from member firms regarding alleged Compass Rule

10    2(c) violations.

11    On March 26, Mr. Reffkin emailed Justin demanding that the NWMLS Board vote to allow

12    NWMLS members not to enter their listings into NWMLS to share with other NWMLS member

13    firms.

14    On March 27, NWMLS's Board met and voted to amend Rule 4 to allow non-exclusive

15    listings.

16    On March 28, NWMLS's Rule 4 amendment became effective and NWMLS published

17    Legal Bulletin 228 to its membership announcing the rule change. The same day, Ms. Simpson

18    Jeannie sent notice to Mr. Kraemer and Ms. Frazier about the Rule 4 amendment.

19    Also on March 28, NWMLS received a report that a Compass representative had

20    distributed an email to its brokers providing monetary incentives to its brokers to market their

21    listings without entering them into NWMLS.  Compass also stated, "If you are unable to get your

22    non-exclusive agreement signed by tonight at midnight, Private Exclusives will be subject to fines

23    moving forward which Compass remains committed to covering on your behalf indefinitely."

24    Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

25    amend this answer.

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 20

EXHIBIT C, PAGE 20 OF 32

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:** Subject to and without waving the foregoing objections, NWMLS provides the following second supplemental answer to Interrogatory No. 5:

On March 21, Mr. Kraemer e-mailed Ms. Simpson informing her that Compass took a non-exclusive listing for the property on NE Magnolia Street in Issaquah, Washington, listed by Sam Cunningham as a Compass Private Exclusive.

By way of further response, and pursuant to Federal Rule of Civil Procedure 33(d), NWMLS believes that its proposed custodians and search terms suggested to Compass on September 4, 2025, will reveal any documents reflecting the process related to the amendment of NWMLS Rule 4 effective March 28, 2025. Those Documents will be produced. Documents subject to a claim of privilege are being withheld and will be included in NWMLS's privilege log.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 5:** Subject to and without waving the foregoing objections, NWMLS provides the following third supplemental answer to Interrogatory No. 5:

On February 28, 2025, Mr. Haag emailed Mr. Reffkin about a NWMLS Bylaws and Rules Committee decision from its February 21 meeting not to recommend removing or substantially amending NWMLS's mandatory listing submission rule.

On March 2, Mr. Reffkin emailed Mr. Haag requesting confirmation that non-exclusive listings were not permitted to be entered in NWMLS and asked if there would be a penalty imposed if an agent took a non-exclusive and marketed it outside NWMLS.

On March 5, Mr. Haag emailed Mr. Reffkin and advised that NWMLS's rules, forms, and systems did not then accommodate non-exclusive listings and that such accommodation had not ever been requested. Mr. Haag offered to raise the issue with the Bylaws and Rules Committee and the Statewide Forms Task Force.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 21

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1    The same day, Mr. Reffkin emailed Mr. Haag asking for NWMLS to allow consumers "to

2    list publicly on the interest [sic] off the MLS with their agent."

3    On March 14, Mr. Reffkin emailed Mr. Haag with suggested models that he explained

4    other MLSs had adopted to accommodate Compass' demand for promotion of its listings off-

5    market.

6    On March 21, Mr. Kraemer e-mailed Ms. Simpson informing her that Compass took a non-

7    exclusive listing for the property on NE Magnolia Street in Issaquah, Washington, listed by Sam

8    Cunningham as a Compass Private Exclusive.

9    On March 21, NWMLS received multiple reports of Mr. about Reffkin's social media post

10   congratulating "Sam Cunningham for launching the first-ever Compass Private Exclusive in the

11   history of the state of Washington!"

12   On March 21, Ms. Simpson tried calling Compass's designated broker, Rebecca Frazier to

13   discuss Mr. Reffkin's post. At 10:30 a.m. that morning, Sam Kraemer, Rebecca Frazier, and Ms.

14   Simpson communicated about the properties being promoted without an active listing; Ms.

15   Simpson directed Compass to have the broker move the listing from 'incomplete' status to 'active'

16   status. Ms. Simpson explained that office exclusive listings are not allowed under NWMLS rules.

17   Mr. Kraemer indicated that Compass would look into this and get back to NWMLS.

18   The same day, NWMLS received a report that Compass distributed an email to its brokers

19   providing monetary incentives to its brokers to market their listings without entering them into

20   NWMLS.

21   On March 22 and after, NWMLS continued to receive reports from members about Mr.

22   Reffkin's continued social posts about additional off-market listings and complaints from members

23   about violations of NWMLS Rule 2(c).

24   On March 24, NWMLS received notice from its Director, Tabata Perron's, of her

25   resignation from the Board of Directors.

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 22

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

1    On March 25, NWMLS sent to Compass a discipline complaint filed by a member alleging

2    Rule 2(c) violations.

3    On March 26, Mr. Reffkin continued to post about additional Compass off-market listings.

4    NWMLS continued to receive complaints from member firms regarding alleged Compass Rule

5    2(c) violations.

6    On March 26, Mr. Reffkin emailed Justin demanding that the NWMLS Board vote to allow

7    NWMLS members not to enter their listings into NWMLS to share with other NWMLS member

8    firms.

9    On March 27, NWMLS's Board met and voted to amend Rule 4 to allow non-exclusive

10    listings.

11    On March 28, NWMLS's Rule 4 amendment became effective and NWMLS published

12    Legal Bulletin 228 to its membership announcing the rule change. The same day, Ms. Simpson

13    sent notice to Mr. Kraemer and Ms. Frazier about the Rule 4 amendment.

14    Also on March 28, NWMLS received a report that a Compass representative had

15    distributed an email to its brokers providing monetary incentives to its brokers to market their

16    listings without entering them into NWMLS.  Compass also stated, "If you are unable to get your

17    non-exclusive agreement signed by tonight at midnight, Private Exclusives will be subject to fines

18    moving forward which Compass remains committed to covering on your behalf indefinitely."

19    Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

20    amend this answer.

21

22    **INTERROGATORY NO. 6:**

23    Identify and Describe all Communications between NWMLS and any other Person that

24    relate to both Compass or a Compass-affiliated Broker and either Off-MLS Marketing or

25    competition for Brokerage Services.

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 23

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151312159.4 0068832-00015

1    **ANSWER TO INTERROGATORY NO. 6:** In addition to the General Objections set forth

2    above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for

3    Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this

4    Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard

5    to the undefined term "competition." NWMLS further objects to this Interrogatory as overbroad,

6    unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, nor

7    relevant to the claims and/or defenses in this action, and not proportional to the needs of the case,

8    particularly given the lack of substantive or temporal limitations. NWMLS further objects to this

9    Interrogatory as seeking proprietary or confidential business or financial information, the public

10   disclosure of which would be harmful to NWMLS's or third-parties' legitimate expectation or

11   right of privacy pursuant to applicable law. NWMLS further objects to this Interrogatory to the

12   extent Compass seeks information that is protected by the attorney-client privilege, the work

13   product doctrine, the joint defense privilege, the common interest rule, or any other applicable

14   privilege. NWMLS further objects to this Interrogatory on the grounds that it seeks the production

15   of information which would be more efficiently provided in a deposition, if any, should this matter

16   proceed.

17        Subject to and without waiving the foregoing objections, NWMLS will supplement its

18   response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for

19   Protective Order to Stay Discovery.

20   **SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6:** Subject to and without

21   waiving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38,

22   NWMLS provides the following supplemental answer to Interrogatory No. 6: Pursuant to Federal

23   Rule of Civil Procedure 33(d), NWMLS refers Compass to the records produced by NWMLS in

24   this action. NWMLS staff handle many thousands of telephone calls annually for which no records

25   are kept, some of which came from or related to persons affiliated with Compass. In addition,

26   Justin Haag, Jeannie Simpson, and Chris Osborn met with Mr. Reffkin and Mr. Serwin for lunch

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 24

1    on or about July 15, 2024, during which a wide range of topics were discussed, including

2    Compass's desire that NWMLS implement rule changes to allow pocket listings.

3        Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

4    amend this answer.

5    **SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6:** Subject to and

6    without waving the foregoing objections, NWMLS provides the following second supplemental

7    answer to Interrogatory No. 6: Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS

8    believes that its proposed custodians and search terms suggested to Compass on September 4, 2025

9    will reveal any documents reflecting Communications between NWMLS and any other Person

10   that relate to both Compass or a Compass-affiliated Broker and either Off-MLS Marketing or

11   competition for Brokerage Services. Those Documents will be produced. Documents subject to a

12   claim of privilege are being withheld and will be included in NWMLS's privilege log.

13       Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

14   amend this answer.

15   **THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6:** Subject to and

16   without waving the foregoing objections, NWMLS provides the following third supplemental

17   answer to Interrogatory No. 6:

18       NWMLS staff handle many thousands of telephone calls annually for which no records are

19   kept, some of which came from or related to persons affiliated with Compass. In addition, Justin

20   Haag, Jeannie Simpson, and Chris Osborn met with Mr. Reffkin and Mr. Serwin for lunch on or

21   about July 15, 2024, during which a wide range of topics were discussed, including Compass's

22   desire that NWMLS implement rule changes to allow pocket listings.

23       By way of further response, and pursuant to Federal Rule of Civil Procedure 33(d),

24   NWMLS identifies the following non-privileged documents reflecting Communications between

25   NWMLS and any other Person that relate to both Compass or a Compass-affiliated Broker and

26   either Off-MLS Marketing or competition for Brokerage Services:

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 25

151312159.4 0068832-00015

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

| | | | |
|---|---|---|---|
| NWMLS00012706; | NWMLS00012757; | NWMLS00013047; | NWMLS00013117; |
| NWMLS00013140; | NWMLS00013178; | NWMLS00013199; | NWMLS00013213; |
| NWMLS00013228; | NWMLS00013240; | NWMLS00019160; | NWMLS00019404; |
| NWMLS00020392; | NWMLS00042593; | NWMLS00042653; | NWMLS00044754; |
| NWMLS00046329; | NWMLS00046336; | NWMLS00046343; | NWMLS00046345; |
| NWMLS00046347; | NWMLS00057858; | NWMLS00058393; | NWMLS00058403; |
| NWMLS00059010; | NWMLS00059023; | NWMLS00059032; | NWMLS00059035; |
| NWMLS00065661; | NWMLS00065664; | NWMLS00084236; | NWMLS00084357; |
| NWMLS00084359; | NWMLS00084425; | NWMLS00067722; | NWMLS00068258; |
| NWMLS00068260; | NWMLS00084601; | NWMLS00085311; | NWMLS00085484; |
| NWMLS00085941; | NWMLS00085996; | NWMLS00088601; | NWMLS00092575; |

NWMLS00092582; NWMLS00026220; NWMLS00026224; NWMLS00095738

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**INTERROGATORY NO. 7:**

Identify the percentage of residential real estate listings in King County input or delivered to NWMLS for each year the information is available.

**ANSWER TO INTERROGATORY NO. 7:** In addition to the General Objections set forth above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard to the undefined terms "input" and "delivered." NWMLS further objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, nor relevant to the claims and/or defenses in this action, and not proportional to the needs of the case, particularly given the lack of substantive or temporal limitations. NWMLS further

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 26

STOEL RIVES LLP
ATTORNEYS
151312159.4 0068832-00015    600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

objects to this Interrogatory as seeking proprietary or confidential business or financial information, the public disclosure of which would be harmful to NWMLS's legitimate expectation or right of privacy pursuant to applicable law. NWMLS further objects to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise available to Compass. NWMLS further objects to this Interrogatory to the extent Compass seeks information that is protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest rule, or any other applicable privilege.

Subject to and without waiving the foregoing objections, NWMLS will supplement its response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for Protective Order to Stay Discovery.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 7:** Subject to and without waving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38, NWMLS provides the following supplemental answer to Interrogatory No. 7: NWMLS does not have information in its possession, custody, or control responsive to this Interrogatory. To the extent this Interrogatory calls for analysis of NWMLS listing data, such data is equally available to Compass.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**INTERROGATORY NO. 8:**

Identify the percentage of real estate firms licensed to provide Brokerage Services in King County who are members of NWMLS, as defined in the NWMLS Rules, for each year the information is available.

**ANSWER TO INTERROGATORY NO. 8:** In addition to the General Objections set forth above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 27

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

Interrogatory as vague, ambiguous, and subject to multiple interpretations. NWMLS further objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, nor relevant to the claims and/or defenses in this action, and not proportional to the needs of the case, particularly given the lack of substantive or temporal limitations. NWMLS further objects to this Interrogatory as seeking proprietary or confidential business or financial information, the public disclosure of which would be harmful to NWMLS's or third-parties' legitimate expectation or right of privacy pursuant to applicable law. NWMLS further objects to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise available to Compass. NWMLS further objects to this Interrogatory to the extent Compass seeks information that is protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest rule, or any other applicable privilege.

Subject to and without waiving the foregoing objections, NWMLS will supplement its response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for Protective Order to Stay Discovery.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 8:** Subject to and without waving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38, NWMLS provides the following supplemental answer to Interrogatory No. 8: NWMLS does not have information in its possession, custody, or control responsive to this Interrogatory.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**INTERROGATORY NO. 9:**

Identify and Describe any actual or contemplated exception granted for any actual or suspected violations of NWMLS Rules, and for each violation provide a description of the

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 28

EXHIBIT C, PAGE 28 OF 32

**STOEL RIVES** LLP
**ATTORNEYS**
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1  violation, the individual or individuals involved including their Brokerage affiliation, and any

2  actual or potential sanctions, consequences, or penalties levied.

3  **ANSWER TO INTERROGATORY NO. 9:** In addition to the General Objections set forth

4  above, NWMLS objects to this Interrogatory as premature because NWMLS's Motion for

5  Protective Order to Stay Discovery, Dkt. 29, remains pending. NWMLS further objects to this

6  Interrogatory as vague, ambiguous, and subject to multiple interpretations, particularly with regard

7  to the undefined terms "contemplated," "exception," "violations," "sanctions," "consequences,"

8  and "penalties." NWMLS further objects to this Interrogatory as overbroad, unduly burdensome,

9  not reasonably calculated to lead to the discovery of admissible evidence, nor relevant to the claims

10 and/or defenses in this action, and not proportional to the needs of the case, particularly given the

11 lack of substantive or temporal limitations. NWMLS further objects to this Interrogatory as

12 seeking proprietary or confidential business or financial information, the public disclosure of

13 which would be harmful to NWMLS's or third-parties' legitimate expectation or right of privacy

14 pursuant to applicable law. NWMLS further objects to this Interrogatory to the extent it seeks

15 information that is a matter of public record or otherwise available to Compass. NWMLS further

16 objects to this Interrogatory to the extent Compass seeks information that is protected by the

17 attorney-client privilege, the work product doctrine, the joint defense privilege, the common

18 interest rule, or any other applicable privilege.

19     Subject to and without waiving the foregoing objections, NWMLS will supplement its

20 response to this Interrogatory, if necessary, following the Court's ruling on NWMLS's Motion for

21 Protective Order to Stay Discovery.

22 **SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 9:** Subject to and without

23 waiving the foregoing objections, and pursuant to the Court's order dated August 6, 2025, Dkt. 38,

24 NWMLS provides the following supplemental answer to Interrogatory No. 9: None.

25     Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or

26 amend this answer.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 29

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

151312159.4 0068832-00015

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 9:** Subject to and without waving the foregoing objections, NWMLS provides the following second supplemental answer to Interrogatory No. 9: Pursuant to Federal Rule of Civil Procedure 33(d), NWMLS believes that its proposed custodians and search terms provided to Compass on September 4, 2025, will reveal any documents reflecting any actual or contemplated exception granted for any actual or suspected violations of NWMLS Rules, if any exist. Such Documents will be produced. Documents subject to a claim of privilege are being withheld and will be included in NWMLS's privilege log.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

**THIRD SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 9:** Subject to and without waving the foregoing objections, NWMLS provides the following third supplemental answer to Interrogatory No. 9:

NWMLS is not aware of any exceptions granted for a violation of its Rules. NWMLS Rules and Policies afford NWMLS discretion in determining whether a sanction will be imposed for a violation of its Rules, including the terms of any sanction, which discretion is exercised routinely by NWMLS staff and its disciplinary committees.

Discovery is ongoing and, therefore, NWMLS reserves the right to further supplement or amend this answer.

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES - 30

151312159.4 0068832-00015

**STOEL RIVES** LLP
**ATTORNEYS**
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1    DATED: December 17, 2025.                    STOEL RIVES LLP

2

3                                                 *s/ Vanessa Soriano Power*
                                                  Vanessa Soriano Power, Bar No. 030777
4                                                 vanessa.power@stoel.com
                                                  Harrison L.E. Owens, Bar No. 51577
5                                                 harrison.owens@stoel.com
                                                  Stoel Rives LLP
6                                                 600 University Street, Suite 3600
                                                  Seattle, WA 98101
7                                                 Telephone: 206.624.0900
                                                  Facsimile: 206.386.7500

8                                                 Claude Szyfer (*pro hac vice*)
                                                  claude.szyfer@hoganlovells.com
9                                                 Hogan Lovells US LLP
                                                  390 Madison Avenue
10                                                New York, NY 10017
                                                  Telephone: 212-918-3000

11

12                                                Liam Phibbs (*pro hac vice*)
                                                  liam.phibbs@hoganlovells.com
13                                                Hogan Lovells US LLP
                                                  Columbia Square
14                                                555 Thirteenth St. NW
                                                  Washington, DC 20004-1109
15                                                Telephone: 202-637-5600

16                                                *Attorneys for Defendant*
                                                  *Northwest Multiple Listing Service*

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 31

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1

## <u>CERTIFICATE OF SERVICE</u>

2          I, Leslie Lomax, certify that I am a Practice Assistant of the law firm Stoel Rives LLP, a

3  resident of the state of Washington, over the age of 18 years, not a party to these proceedings or

4  interested herein, and am competent to serve as a witness herein. My business address is that of

5  Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101.

6          On December 17, 2025, I caused a true and correct copy of the forgoing document to be

7  served upon the following parties as below:

8
Christopher R Durbin, WSBA No. 41159
9   COOLEY LLP
1700 Seventh Avenue, Suite 1900
10  Seattle, WA 98101
Telephone: (206) 452-8700
11

12  Georgina Inglis (*Pro Hac Vice*)
Deepti Bansal (*Pro Hac Vice*)
13  COOLEY LLP
1299 Pennsylvania A venue, Suite 700
14  Washington, DC 20004
Telephone: (202) 842-7800
15

16  Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
17  COOLEY LLP
55 Hudson Yards
18  New York, NY 10001
Telephone: (212) 479-6000
19

20  Ethan Glass (*Pro Hac Vice*)
COMPASS
21  1313 14th St. NW
Washington, DC 20007
22  Telephone: (202) 531-2396

☐   Via USPS First Class Mail
☐   Via legal messenger
☐   eFiling/eService
☑   Via e-service:
    cdurbin@cooley.com
    ginglis@cooley.com
    stopol@cooley.com
    arafalson@cooley.com
    dbansal@cooley.com
    eglass@compass.com

*Attorneys for Plaintiffs Compass, Inc. and
Compass Washington, LLC*

23          I declare under penalty of perjury under the laws of the State of Washington that the

24  foregoing statements are true and correct.

25          DATED at Seattle, Washington, this 17th day of December, 2025.

26
                              *s/ Leslie Lomax*
                              Leslie Lomax, Legal Practice Assistant

DEFENDANT'S THIRD SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES - 32

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*