# EXHIBIT E

▮▮▮▮▮▮▮▮▮▮

| | |
|---|---|
| **From:** | Power, Vanessa Soriano |
| **Sent:** | Friday, December 19, 2025 9:01 PM |
| **To:** | Egoul, Sarah Topol; Rafalson, Alessandra Vittoria; Phibbs, Liam E.; Osborn, Chris R.; Owens, Harrison L.; Claude Szyfer |
| **Cc:** | Bansal, Dee; Fisher, Courtney; Haykin, Margaret |
| **Subject:** | RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047] |

Hi Sarah,

Please see responses in-line below.

Best regards,
Vanessa

[Vanessa Soriano Power](#) | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Egoul, Sarah Topol <segoul@cooley.com>
**Sent:** Friday, December 19, 2025 6:11 PM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Cc:** Bansal, Dee <dbansal@cooley.com>; Fisher, Courtney <cfisher@cooley.com>; Haykin, Margaret <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]


Vanessa,

Thank you for your email.

With respect to the NWMLS Custodians:
- Can you please confirm that you are doing a full custodial review for Monica Beck and Justin Haag, and that you are reviewing both custodial files for the entirety of the relevant time period (January 1, 2022 through May 31, 2025)? <span style="color:red">Yes, and we expect the same of all of Compass' custodians. Please advise. Thanks.</span>

- We are puzzled by your statement that Mr. Haag served solely in a legal role given that he clearly held titles that appear to be non-legal in nature, such as the Director of Policy and Director of Policies and Forms.  *See, e.g.*, NWMLS00018484, NWMLS00018486.  Please provide an explanation of these roles so that we may assess your position that they are legal in nature.  <span style="color:red">Our understanding is that the titles were simply holdovers from the prior general counsel and did not describe the role that Mr. Haag, in fact, played as general counsel. Regardless, please advise why</span>

1

a further explanation is needed at this point given that NWMLS agreed that Mr. Haag is a custodian and is producing non-privileged records from his custodial file.

- Thank you for your agreement to add Stephanie Schindler as a custodian. You're welcome. We trust that Compass will provide the same courtesy.

With respect to the NWMLS Data Licensing Coordinators, please confirm by end of day today whether NWMLS will add these custodians, as you indicated you would in your email. Yes.

With respect to the search terms, it appears that NWMLS is not running the term: **(Complain* OR concern* OR issue OR problem* OR *legal*) w/ 10 (rule*)**, as we requested on September 16th. We are not aware of any objection by NWMLS to running this term. Can you please confirm NWMLS is running this term? I'm checking with our discovery team and will get back to you on this.

Best,
Sarah

Sarah Topol Egoul
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile

---

**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Friday, December 12, 2025 8:34 PM
**To:** Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Cc:** Bansal, Dee <dbansal@cooley.com>; Egoul, Sarah Topol <segoul@cooley.com>; Fisher, Courtney <cfisher@cooley.com>; Haykin, Margaret <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Counsel,

Please see responses to your email below.

Thanks,
Vanessa

Vanessa Soriano Power | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Rafalson, Alessandra Vittoria <arafalson@cooley.com>
**Sent:** Wednesday, December 3, 2025 5:28 PM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Cc:** Bansal, Dee <dbansal@cooley.com>; Egoul, Sarah Topol <segoul@cooley.com>; Fisher, Courtney <cfisher@cooley.com>; Haykin, Margaret <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Vanessa,

Thank you for your email. Below are Compass's responses:

**NWMLS Custodians**
- Thank you for agreeing to add Tara Marino, Ashley Hansen, and Christine Lenahan. To assess your position that Devin Bacon and Destiny Bowman are fully duplicative of Monica Beck and Justin Haag, please confirm that you are doing a full custodial review of both Monica Beck and Justin Haag, and not truncating review of Justin Haag's custodial documents during the period in which he served as General Counsel, for the reasons we discussed on our call. Moreover, as NWMLS's most recent production makes clear, even during the period that Justin Haag was General Counsel, he also held non-legal titles of Director of Policy and Director of Policies and Forms. *See, e.g.*, NWMLS00018484, NWMLS00018486.
  This confirms that custodial documents from Monica Beck and Justin Haag cover the full time period agreed (beginning Jan. 1, 2022). To be clear, when Mr. Haag served as General Counsel, he served solely in a legal role.

- In addition, Compass requests that NWMLS add Stephanie Schindler, Rules and Regulations Manager, as a custodian. NWMLS's recent production contains several documents that demonstrate that she has responsibility for enforcing and implementing NWMLS's rules, and is therefore likely to have responsive documents relevant to the claims in this case. Stephanie Schindler has been added as a custodian.

**NWMLS Data Licensing Coordinators**
- We are puzzled by NWMLS's position concerning the data licensing coordinators' inboxes. At first, NWMLS claimed that their personal inboxes did not need to be searched because all communications with "vendors" were contained in the IDX inbox. As we pointed out on our meet and confer, Compass's requests seek information beyond what would be shared between data licensing coordinators and vendors, including for example, Compass's Requests 20, 28, and 56. Moreover, NWMLS responded to Compass's Interrogatory No. 3 by saying it would produce documents "related to the process by which NWMLS revoked Compass's data license on or about April 15, 2025," which clearly goes beyond the scope of just vendor communications. Now, NWMLS seems to have changed its position and admits that there are relevant communications in the data licensing coordinators' personal inboxes, but is instead claiming that those communications are "likely privileged," though NWMLS has not ever stated that any of the data licensing coordinators are attorneys.
- Please confirm that NWMLS will search the data licensing coordinators inboxes and produce responsive, non-privileged documents from those inboxes. If NWMLS refuses to perform this search, please explain NWMLS's position as to why these custodians' communications are all likely to be privileged.
  NWMLS is considering your request to add the data licensing coordinators' personal inboxes for custodial file review and production, and will confirm its position next week.

**NWMLS Search Strings**
- Thank you for your agreement on the search strings for your documents. Can you please send us a final list of the terms NWMLS is running?

I believe you already received these separately from Harrison, but they are provided again here for completeness.

Antitrust
Bylaws AND "rules committee"
"Clear cooperation policy" OR CCP
"Coming soon"
Compass
Complaint w/10 Compass
"Data license suspension"
"Data license termination"
"Data use policy"
(Discipline OR disciplinary) w/10 Compass
Fine w/10 Compass
"IDX access"
"Mandatory turn in"
"Non-exclusive"
"OB Jacobi"
"Office exclusive"
"Off-MLS"
"Off Market" w/10 Compass
"Pocket listing"
"Private exclusive"
"Private listing"
Reffkin
"Rule 2"
"Rule 4"
"Rule 6"
Windermere w/10 Compass
Organization* W/5 Chart
(Board W/5 Director*) OR (Board W/5 Member) OR (Executive W/5 Committee*) OR (Board W/5 Windermere) OR (Meeting W/10 Minute*)
CID or "Civil Investigative Demand"
'@usdoj.gov
Compass* OR *@compass.com OR Reffkin* OR "Compass, Inc." OR "Compass, Inc" OR "Compass Inc" OR "Compass Inc." OR "Compass Washington"
"Rule 2" OR "Rule Two" OR "R2*" OR "Rule 4" OR "Rule Four" OR "R4*" OR "Rule 6" OR "Rule Six" OR "R6*"
(Press W/10 release) AND (rule*)
(Compet* or alternat*) W/10 (NWMLS or MLS or Northwest MLS)
(NWMLS or MLS or Northwest MLS)  W/5 (member* OR benefit*)
obj@windermere.com OR *@windermere.com
Compet* W/10 (market* OR Analy* OR Report* OR Brand* OR Client*)
(Broker* OR agent*) W/10 (compensat* OR Client* OR Brand*)
"3-Phase*" OR "Three-Phase*" OR "Three Phase*" OR "3 Phase*" OR "3PM" OR "3PS" OR "private exclusive" OR "off-MLS" OR "off MLS" OR (privat* W/5 (market* OR list*)) OR "pre-mls" OR "premls" OR (before W/5 (public* OR MLS OR NWMLS)) OR (public* W/5 list*) OR "For Sale By Owner" OR (direct W/5 consumer)

4

(Monopol* OR compet* OR unfair* OR fair* OR Barrier OR entry) W/10 (polic* OR rule* OR regulat*)
(Cancel* OR rescind* OR revok* OR stop* OR prohibit*) W/10 IDX
"broker price opinion" OR "BPO" OR ("price opinion" W/5 ((before W/5 market) OR public OR "coming soon")) OR "sold unlisted" OR "s/ul"
(rescind* OR revok* OR stop* OR prohibit*) W/10 (list* OR data)
(cancel*) w/10 (data)
(cancel*) w/ 5 (list*)
financ* OR revenu* OR expense* OR profit* OR budget*
(Change* OR propose* OR revis* OR amend* OR vot* OR cancel* OR abolish*) W/10 (*law* OR rule*)
(Updat*) w/10 (*law*)
(Updat*) w/2 (rule*)

Compass will follow up separately on the other issues in your email.

Best,
Alessandra

**Alessandra V. Rafalson**
Cooley LLP
+1 212 479 6864 office

---

**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Tuesday, December 2, 2025 8:07 PM
**To:** Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Cc:** Bansal, Dee <dbansal@cooley.com>; Egoul, Sarah Topol <segoul@cooley.com>; Fisher, Courtney <cfisher@cooley.com>; Haykin, Margaret <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Counsel,

Please let us know your response to the items below.

Thanks,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Power, Vanessa Soriano
**Sent:** Monday, December 1, 2025 12:06 PM
**To:** 'Rafalson, Alessandra Vittoria' <arafalson@cooley.com>; 'Phibbs, Liam E.' <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; 'Claude Szyfer' <claude.szyfer@hoganlovells.com>
**Cc:** 'Bansal, Dee' <dbansal@cooley.com>; 'Egoul, Sarah Topol' <segoul@cooley.com>; 'Fisher, Courtney'

<cfisher@cooley.com>; 'Haykin, Margaret' <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Counsel,

Following up on our conferral call last Monday, NWMLS addresses the following items:

1. **Custodians.**
   - This confirms that Laura Schilling and Bob Gent retired before the custodial file cutoff (Jan. 1, 2022).
   - NWMLS agrees to add as custodians Tara Marino, Ashley Hansen, and Christine Lenahan.
   - Devin Bacon and Destiny Bowman are not likely to have non-duplicative information beyond what is already in the custodial files of Monica Beck and Justin Haag, who are already custodians.

2. **Search Strings.** This confirms that NWMLS is running the search strings as modified by the terms in Sarah's 11/24 email.

3. **IDX Email Inbox.** As we discussed, data licensing coordinators use the idx email address for relevant communications. Any potentially responsive communications using their personal email addresses would be internal and likely privileged. To the extent responsive documents are withheld on privilege grounds, they will be logged. This confirms they do not have responsive text messages.

We will follow up separately on your emails seeking re-production of a prior production.

Separately, this confirms NWMLS is prepared to accept Compass' re-production of its document production to Zillow, and copies of deposition transcripts of Compass witnesses, as a compromise on noted outstanding requests seeking material from Compass' litigation with Zillow (RFPs 81, 82). While reserving its rights, if Compass agrees to this compromise, NWMLS will agree not to pursue (from Compass directly) the following: copies of Compass' interrogatory answers (portion of RFP 82); subpoenas issued/responses (RFP 83); expert reports (RFP 84); sealed filings (RFP 85). Please promptly advise if Compass is in agreement and if not, please explain.

Finally, this confirms that NWMLS accepts Compass' modifications to its proposed search terms. Please send a final version reflecting the search strings being run.

Best regards,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Power, Vanessa Soriano
**Sent:** Wednesday, November 26, 2025 1:49 PM
**To:** Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Cc:** Bansal, Dee <dbansal@cooley.com>; Egoul, Sarah Topol <segoul@cooley.com>; Fisher, Courtney <cfisher@cooley.com>; Haykin, Margaret <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Hi Alessandra,

We've run into a technical issue that means NWMLS' next production (Volume 6) will go out early next week, likely on Monday, with further rolling productions to follow.

Best regards,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Rafalson, Alessandra Vittoria <arafalson@cooley.com>
**Sent:** Wednesday, November 26, 2025 1:36 PM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Cc:** Bansal, Dee <dbansal@cooley.com>; Egoul, Sarah Topol <segoul@cooley.com>; Fisher, Courtney <cfisher@cooley.com>; Haykin, Margaret <mhaykin@cooley.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Hi Vanessa,

Thank you for your response. With respect to the interrogatories, as you know, they have been pending since July 28th. NWMLS's offer to supplement the responses one month before the close of discovery is insufficient, especially in light of the fact that NWMLS's second supplemental responses state that "NWMLS believes that its proposed custodians and search terms provided to Compass on September 4, 2025, will reveal any documents," and Compass accepted those search terms and custodians on September 16th. Moreover, NWMLS intends to make a production today, and another next week, from which it claims it will supplement its interrogatory responses. We expect that NWMLS will cure its deficient responses promptly and not wait until the end of December to do so.

With respect to Compass's productions, Compass is making rolling productions and plans to make its next one early next week.

Finally, we provide Compass's responses to NWMLS's most recent edits to Compass's search terms in the attached. We will follow up on the remaining items we discussed on our call.

Best,
Alessandra

**Alessandra V. Rafalson**
Cooley LLP
+1 212 479 6864 office

---

**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Tuesday, November 25, 2025 8:38 PM
**To:** Egoul, Sarah Topol <segoul@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Fisher, Courtney <cfisher@cooley.com>
**Cc:** Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Hi Sarah,

Thanks for your email. Upon production of additional responsive documents in the coming weeks, NWMLS will again supplement its answers to Interrogatory Nos. 1, 2, 3, 4, 5, 6, and 9. We anticipate doing so by December 22. NWMLS will make a production tomorrow, Nov. 26 and expects to make one or more further productions by the end of next week. As explained previously, privilege review is ongoing and as documents are reviewed and released from privilege review, NWMLS will further supplement its productions.

Please advise on the status of Compass' production.

Best regards,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Egoul, Sarah Topol <segoul@cooley.com>
**Sent:** Monday, November 24, 2025 4:40 PM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Bansal, Dee <dbansal@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Fisher, Courtney <cfisher@cooley.com>
**Cc:** Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Vanessa,

Thank you for meeting and conferring on your responses to Compass's Interrogatories. By EOD tomorrow, please either let us know 1) a date certain by when you intend to supplement your responses, or 2) that your position is your responses are sufficient.

Thank you as well for confirming you plan to make your first custodial production this week. By EOD tomorrow, please also let us know what day this week we should expect the production, and the anticipated scope.

Subject to your responses, we are prepared to file a motion to compel next week if it is necessary.

Best,
Sarah

**Sarah Topol Egoul**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile

---

**From:** Egoul, Sarah Topol
**Sent:** Monday, November 24, 2025 1:35 PM
**To:** 'Power, Vanessa Soriano' <vanessa.power@stoel.com>; Bansal, Dee <dbansal@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Fisher, Courtney <cfisher@cooley.com>
**Cc:** Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Thanks, Vanessa. It doesn't require a re-review of specific interrogatories.

Our issue is the same deficiency we have discussed a number of times now – as we've told you previously, including as early as Wednesday, August 20, 2025, Rule 33(d) requires "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). NWMLS's supplemental responses continue to vaguely reference Rule 33(d), while failing to identify the specific records that must be reviewed in any detail at all. This is patently insufficient. *See, e.g.*, *Dibbs v. The Franklin Mint*, 2007 WL 4327876, at *2 (W.D. Wash. Dec. 10, 2007) (granting motion to compel where "Plaintiff does not, however, specify which records must be reviewed in sufficient detail to enable defendants to locate and identify such records as required by Fed.R.Civ.P. 33(d)" and instead made only "cursory reference" to Rule 33(d) and the plaintiff's document production.).

Given that this is an issue we have discussed for months both via email and on conferrals, including by providing the caselaw referenced above over three months ago, we expect that you can provide us this afternoon with an explanation of why you feel NWMLS continues not to be obligated to identify the specific records Compass must review to obtain the responses we have been seeking since June.

Sarah Topol Egoul
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile

---

**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Monday, November 24, 2025 12:43 PM
**To:** Egoul, Sarah Topol <segoul@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Fisher, Courtney <cfisher@cooley.com>
**Cc:** Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Hi Sarah,

NWMLS supplemented its interrogatory answers after we conferred previously. If there are specific interrogatories that Compass maintains remain deficient, you'll need to identify those interrogatories and give us an opportunity to review them in advance of the call. I'm on calls until our scheduled conferral, so will not have a chance to re-review specific interrogatories at this stage. We're happy to discuss further once you identify specific interrogatories.

Thanks,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

---

**From:** Egoul, Sarah Topol <segoul@cooley.com>
**Sent:** Monday, November 24, 2025 9:13 AM
**To:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Bansal, Dee <dbansal@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Fisher, Courtney <cfisher@cooley.com>
**Cc:** Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Subject:** RE: Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Thank you Vanessa.

We would also like to add to the meet and confer agenda your Interrogatory responses, which as you know we maintain are deficient, as well as, if necessary, a motion to compel.

**Sarah Topol Egoul**
Cooley LLP
55 Hudson Yards
New York, NY 10001-2157
+1 212 479 6451 office
+1 603 361 1922 mobile

---

**From:** Power, Vanessa Soriano <vanessa.power@stoel.com>
**Sent:** Friday, November 21, 2025 5:48 PM
**To:** Egoul, Sarah Topol <segoul@cooley.com>; Bansal, Dee <dbansal@cooley.com>; Rafalson, Alessandra Vittoria <arafalson@cooley.com>; Fisher, Courtney <cfisher@cooley.com>
**Cc:** Phibbs, Liam E. <liam.phibbs@hoganlovells.com>; Osborn, Chris R. <chris.osborn@stoel.com>; Owens, Harrison L. <harrison.owens@stoel.com>; Claude Szyfer <claude.szyfer@hoganlovells.com>
**Subject:** Compass v. NWMLS - Discovery Conferral - 11/24 @ 11 am PT [SR-ACTIVE.FID20056047]

Counsel,

In advance of our discovery conferral on Monday, the following are topics for discussion:

1. **NWMLS' production**. Discussion re outstanding custodians/search terms.

2. **Compass' production**. Discussion re outstanding custodians/search terms.

3. **NWMLS' Second and Third RFPs.**

    - NWMLS' Second RFPs seek production of transcripts, discovery responses, and subpoenas/responses in the Zillow litigation. Compass objected but agreed to confer. We'd like to understand Compass' position and whether it is now prepared to make a production in response to the Second RFPs, which may help streamline discovery.

    - In response to NWMLS' Third RFPs, Compass refused to make any production and appears to be standing on objections. We'd like to understand Compass' position.

4. **Case Schedule**. We'd like to discuss the current case schedule, which calls for completion of both fact and expert discovery in the next 60 days. Given that a decision on NWMLS' motion to dismiss is still pending, NWMLS has yet to even answer the complaint or assert counterclaims at this stage.

Please advise if there are other topics for discussion on Monday.

Thanks,
Vanessa

**Vanessa Soriano Power** | Partner
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7553 | Mobile: (206) 696-1324
vanessa.power@stoel.com | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

EXHIBIT E, PAGE 11 OF 11