THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766-JNW<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL DEFENDANT'S RESPONSES TO DISCOVERY REQUESTS**<br><br>NOTE ON MOTION CALENDAR: December 26, 2025 |

Compass submits this reply in further support of its motion to compel, ECF56. NWMLS does not contest that it has had 5 months to respond to Compass's discovery requests, nor does it contest that it *still* hasn't fully complied with its obligations, even after Compass filed its motion. Rather, NWMLS's Opposition, ECF60, is an exercise in revisionist history exemplifying its efforts to obfuscate and frustrate the discovery process to date.

NWMLS states it has "addressed every issue raised" with both its recent document production and Interrogatory responses for three reasons, none of which moot Compass's motion. ECF60 at 1. *First*, NWMLS claims, for the first time in its Opposition, to have "already produced all responsive documents except those pending the addition of new custodians recently agreed to and pending privilege review." *Id.* at 2. It is puzzling that NWMLS never made this

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

representation to Compass prior to filing its Opposition, but it also fails to moot the relief Compass seeks because NWMLS's productions to date, including its most recent production, have a substantial number of deficiencies NWMLS continues to fail to address.

*Second*, NWMLS says Compass's motion is moot because NWMLS represented via email that it would make rolling productions. But Compass requested NWMLS stipulate to doing so and NWMLS "decline[d]." ECF61-2 at 2-4. At this stage, in light of NWMLS's conduct, Compass cannot accept NWMLS's representations, particularly when it refuses to make those same representations to the Court.

*Third,* NWMLS claims it has mooted Compass's motion because it "has already agreed to further supplement Interrogatory No. 3." ECF60 at 2. This is also insufficient, including because NWMLS has failed to identify a date certain by when it will supplement to answer the question posed to it over five months ago.

In short, Compass's motion certainly pushed NWMLS to make some progress on its discovery obligations, but that does not excuse months of delay, nor does it fully moot Compass's motion. Enough is enough. Having already had to extend the schedule once, Compass cannot rely on NWMLS's unenforceable promises and is forced to ask this Court to order NWMLS to comply with its obligations.

### **Compass's RFPs**

NWMLS claims Compass's motion is moot because NWMLS made a document production on December 12, after Compass filed its motion, and NWMLS otherwise "agreed to all the terms sought by Compass to withdraw its motion," including making rolling productions. ECF60 at 10. But NWMLS ignores both its significant gamesmanship, and persisting deficiencies with its productions, which NWMLS has not made any firm commitment to address. *See* ECF61-2 at 2.

As explained in Compass's Opening, despite having received RFPs in June and July, it was not until September that NWMLS provided Compass with preliminary search terms and custodians, or provided responses and objections that contained any indication of what NWMLS would produce. ECF56 at 2-3. This came only *after* Compass had repeatedly sought this

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS - 2 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

information and stated its intention to move to compel. *Id.* at 3.

On September 16, Compass told NWMLS it agreed to NWMLS's initial 26 search strings over its proposed 9 custodians. *Id.* Yet, while the ESI Order required NWMLS to begin running these terms and producing responsive documents without waiting for full agreement on other terms and custodians, ECF45 at 3, NWMLS inexplicably did not do so in September, October or even late November.[1] Indeed, it was not until *December 2*—after Compass again told NWMLS that it would need to seek the Court's intervention—that NWMLS produced *any* additional documents—this time only 304 documents, which all listed "NWMLS" as a custodian.[2] ECF57-25; ECF56 at 4. Then, on December 12, after Compass filed this motion, NWMLS made an additional production—this time of approximately 31,000 documents. But this "document dump" does not save NWMLS. As Compass explained, many of the documents are clearly irrelevant spam. ECF61-2 at 2-3. And yet again the custodial source for the vast majority of the production is "NWMLS"—as opposed to the agreed-upon NWMLS custodians.[3] *See id.* Nor do the productions otherwise comply with the ESI Order—including because certain metadata fields are missing, and some documents do not maintain familial relationships.[4] *See id.*

A clear pattern has emerged: NWMLS only begins to engage with Compass after Compass suggests that it will seek relief from the Court. Indeed, despite the correspondence

---

[1] NWMLS now claims it "did not delay its searches or productions in the interim." ECF60 at 6. This contradicts NWMLS's prior representations to Compass, including its representations on November 5 and November 21. ECF56 at 4. This is further belied by the fact that NWMLS did not make any productions in October or November 2025.

[2] NWMLS claims it agreed to add "every single custodian sought by Compass." ECF60 at 1. Not so. NWMLS refuses to add custodians Devin Bacon and Destiny Bowman, and only agreed to add custodians Tara Marino, Ashley Hansen, and Christine Lenahan on December 1, and two Data Licensing Coordinators on December 19 (after Compass had already moved to compel). ECF61-5 at 3, 6; ECF57-20.

[3] NWMLS claims that it has "addressed Compass's apparent confusion" about the custodial source. ECF60 at 8. But NWMLS's "explanation," *see* ECF61-1, makes no sense, as NWMLS has still not explained which custodian the "NWMLS" files come from, or committed to correct its failure to identify the proper custodian. Moreover, it is unclear how NWMLS is claiming to have nearly finished producing for the original 9 custodians the parties agreed to, yet Volume 7 identifies only 3 custodians (beyond NWMLS). *See* ECF60 at 2.

[4] NWMLS says documents of this type "were produced as they were maintained by NWMLS, which was as PDFs in a subfile." ECF61-2 at 1. This explanation is insufficient, particularly given that some of the documents in this category are emails from individual custodians, and should therefore have been collected and produced as part of NWMLS's production from their email inboxes. In any event, NWMLS's effort to put the burden on Compass to identify and ask NWMLS to correct each issue on a document-by-document basis turns the standard on its head.

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS    - 3 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

between the parties concerning this motion, only in its Opposition did NWMLS represent that it has "produced all responsive documents except those pending the addition of new custodians recently agreed to and pending privilege review" in response to Compass's RFPs. ECF60 at 2. Compass is surprised to learn that NWMLS's most recent production apparently represents all responsive documents from the original custodians, as Compass previously asked NWMLS to confirm the scope of its then-forthcoming production, and NWMLS refused. *See* ECF57-25 at 3-4. Nor has NWMLs made this representation at any time since, including in its letter asking Compass to withdraw this motion. ECF61-1. Regardless, it is implausible given that NWMLS's productions do not appear to have any text-message data, or significant data from custodian Justin Haag, who NWMLS has represented has much of the responsive information. *See, e.g.*, ECF61-5 at 6.

For all of these reasons, and so the parties can proceed to a trial on the merits in October 2026 as scheduled, the Court should order NWMLS to make regular productions and promptly correct deficiencies with the productions it previously made.[5]

***Compass's Interrogatories***

NWMLS's responses to Compass's Interrogatories were due on July 28. ECF57-1. NWMLS first served entirely deficient responses on August 1, refusing to substantively answer until the Court ruled on its Motion to Stay, which was denied on August 6. ECF56 at 5-6. NWMLS did not respond to the majority of these Interrogatories in a compliant manner until December 17, *after* Compass filed this motion. ECF61-3.

But even in this latest supplement, NWMLS continues to fail to substantively answer Interrogatory No. 3. Interrogatory No. 3 asks NWMLS to "Describe the process by which You revoked Compass's listing data license on or about April 15, 2025, including all Persons involved in the decision and a timeline from the proposed revocation to April 15, 2025." ECF61-2 at 3. In response NWMLS does not identify a single email, call, or meeting

---

[5] NWMLs pretends the schedule extension was premised on "Compass's utter failure to make progress on its own productions." ECF60 at 7. But as explained in Compass's Opening, this is demonstrably false. *See* ECF56 at 7 n.5. Nor can NWMLS credibly feign "shock[]" at Compass's motion to compel, ECF60 at 8, which Compass told NWMLS it would pursue (unless NWMLS remedied these deficiencies) as early as November 24. ECF57-24 at 2.

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS         - 4 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1   prior to April 15, nor does it provide "a timeline from the proposed revocation to April 15,
2   2025." *Id*.

3   In its Opposition, NWMLS claims that Compass's motion is moot because it "has
4   already supplemented that interrogatory and [agrees] to further supplement its answer." ECF60
5   at 12. NWMLS fails to commit to supplement by a date certain, and refused to enter into a
6   stipulation committing to supplement. "A responding party cannot block a propounding party
7   from seeking judicial assistance by promising to supplement its responses but then providing
8   inadequate responses." *Olen Props. v. ACE Am. Ins.*, 2017 WL 11635014, at *2 (C.D. Cal. Jan.
9   30, 2017). Given that it has taken more than four months and three supplements for Compass
10  to receive responses, the Court should order NWMLS to finally fully answer the questions
11  posed. *Id.* (a party who has promised to supplement "could potentially trap the propounding
12  party in an inescapable loop of 'meet and confer,' in which the responding party repeatedly
13  promises to discharge its discovery obligations but then repeatedly provides deficient answers").

14  ### *Compass's Motion To Compel Is Not Moot*

15  Compass agreed to withdraw this motion in exchange for a stipulation in which NWMLS
16  committed to the relief Compass is seeking in the motion. *See* ECF61-2 at 2-4. In response,
17  NWMLS "decline[d] a stipulation as unnecessary," and instead offered only four vague
18  "representations" as to its future conduct. *Id.* at 2. But these vague commitments, which
19  NWMLS was unwilling to stipulate to, come too little too late.

20  With respect to production of documents, Compass seeks an order compelling NWMLS
21  to make regular document productions at a rate of once every two weeks until complete. ECF56.
22  NWMLS refused to so-stipulate, and instead offered only an informal "representation" that it
23  "intends" to make weekly productions. ECF61-2 at 2. NWMLS's vague promise of future
24  production does not moot Compass's relief. *See, e.g.*, *Hologram USA. v. Pulse Evolution*, 2016
25  WL 3663942, at *1 (D. Nev. July 7, 2016) (An "undertaking to produce documents is not
26  equivalent to producing them and, thus, cannot defeat a motion to compel."). Nor does
27  producing 31,000 documents, many of which, as described *supra*, are irrelevant spam and fail
28  to comply with the ESI Order. *See, e.g.*, *SVB Fin. Grp. v. FDIC*, 2024 WL 4933347, at *2 (N.D.

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS     - 5 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1  Cal. Dec. 2, 2024) (a party may not "rely on application of search terms that may or may
2  accurately identify responsive documents" because "[a] voluminous and unorganized
3  production that includes a large number of clearly non-responsive documents is never an
4  appropriate response to Rule 34 document requests"); *Venture Corp. v. Barrett*, 2014 WL
5  5305575, at *1 (N.D. Cal. Oct. 16, 2014) ("[T]he document dump was recognized for what it
6  was: at best inefficient and at worst a tactic to work over the requesting party.").

7  The same is true with respect to Compass's requests that NWMLS correct issues with its
8  productions. NWMLS's offer to "be responsive to Compass's questions regarding its document
9  productions" is not a commitment to correct problems identified, or to avoid them going
10 forward. ECF61-2 at 2. This is particularly true in light of the history to date of shifting
11 explanations regarding NWMLS's process, as described above.

12 Nor is Compass's request concerning Interrogatory No. 3 rendered moot by NWMLS's
13 informal promise to further supplement at an unspecified date. NWMLS has supplemented three
14 times now, yet its response remains deficient. Thus, its promise to eventually supplement for a
15 fourth time does not moot Compass's need for an order requiring a complete response by a date
16 certain. *Olen Props.*, 2017 WL 11635014, at *2.

17                              *     *     *

18 For these reasons, Compass respectfully requests entry of an order obligating NWMLS
19 to: make productions on at least a bi-weekly basis until document production is complete;
20 provide a metadata overlay to correct the issues Compass has identified with NWMLS's
21 productions within one week of entry of an order granting this motion, including but not limited
22 to correcting custodial information and producing document families such that parent and
23 attachment relationships are maintained, and to do so going forward within a week of the issue
24 being identified; and further supplement its response to Interrogatory No. 3 within seven days
25 of entry of an order granting this motion.

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS         - 6 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.

Dated: December 24, 2025

Respectfully submitted,

*s/Deepti Bansal*
Deepti Bansal (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC  20004
Telephone: +1 202 842 7800
Fax: +1 202 842 7899
Email: dbansal@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY  10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com
Email: arafalson@cooley.com

Christopher B. Durbin (41159)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA  98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

PLAINTIFFS' REPLY ISO MTC DEF'S
RESPONSES TO DISCOVERY REQUESTS    - 7 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700