THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766-JNW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF** |

Plaintiffs Compass, Inc. and Compass Washington, LLC (collectively, "Compass") respectfully submit this response to Defendant Northwest Multiple Listing Service's ("NWMLS") Motion for Leave to File Supplemental Brief regarding the recent opinion in *Compass, Inc. v. Zillow, Inc.* ("*Zillow*"), No. 1:25-cv-05201 (S.D.N.Y. Feb. 6, 2026), ECF 72; *see also* ECF 69-1 (the "Zillow Order").

Compass disagrees that the Court "may benefit from the parties' respective positions on the import of" the Zillow Order in "considering NWMLS's motion to dismiss." ECF 72 at 1. NWMLS points to false "parallels," but at base, the two cases are fundamentally different in their procedural posture, factual basis, and underlying legal theories. Therefore, the Zillow Order does not alter the legal analysis applicable to NWMLS's Motion to Dismiss and need not

PLAINTIFFS' OPPOSITION TO DEF'S
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF
Case No. 2:25-cv-00766-JNW

Cooley LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1 | be considered by this Court.
2 |
3 | The Zillow case and this case are at fundamentally different procedural postures, which alone renders the Zillow Order distinguishable here. The Zillow Order considered whether to grant Compass a mandatory preliminary injunction after a full evidentiary hearing, where the court made preliminary factual findings and determined whether Compass was likely to succeed on the merits of its claim. Zillow Order at 20-22. By contrast, this Court is considering a motion to dismiss Compass's complaint.

be considered by this Court.

The Zillow case and this case are at fundamentally different procedural postures, which alone renders the Zillow Order distinguishable here. The Zillow Order considered whether to grant Compass a mandatory preliminary injunction after a full evidentiary hearing, where the court made preliminary factual findings and determined whether Compass was likely to succeed on the merits of its claim. Zillow Order at 20-22. By contrast, this Court is considering a motion to dismiss Compass's complaint.

The legal requirements for a preliminary injunction to issue are far greater than those required for a complaint to survive a motion to dismiss. "To obtain a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Leda Health Corp. v. Inslee*, 2024 WL 4535389, at *3 (W.D. Wash. Oct. 21, 2024) (citation omitted), *aff'd*, 2025 WL 2123732 (9th Cir. July 29, 2025). In considering NWMLS's motion to dismiss, however, this Court must accept all of Compass's well-pleaded factual allegations as true and draw all reasonable inferences in Compass's favor. *Newcal Indus., Inc. v. IKON Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual findings reached by the Southern District of New York have no bearing on the sufficiency of Compass's Complaint in this case.

Moreover, the claims at the heart of the Zillow case are fundamentally different from those before this Court, rendering the Zillow Order inapposite.

*First*, the conspiracy claims are not analogous. The central issue in Zillow was whether two independent technology companies, Zillow and Redfin, entered into a secret agreement to boycott Compass. After a full evidentiary hearing, the court found direct or circumstantial evidence of such an agreement. Zillow Order at 29-33. In contrast, the agreement alleged here is the publicly-acknowledged agreement between the NWMLS and its members (brokerages that compete with Compass and each other) to adopt and enforce the rules of NWMLS to make

PLAINTIFFS' OPPOSITION TO DEF'S
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF
Case No. 2:25-cv-00766-JNW

- 2 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

it harder for Compass to compete. The existence of the rules and method of adoption is undisputed; the issue is whether those rules constitute an unlawful restraint of trade under controlling Ninth Circuit precedent.

*Second*, the Section 2 monopoly claims are equally distinguishable because the proposed relevant markets are different. In *Zillow*, Compass alleged that Zillow, a single technology company, unlawfully maintained monopoly power in the national **online home search** market. Zillow Order at 36. The *Zillow* court found that the relevant geographic market for online home search was national, in part, because "consumers can access these **platforms** anywhere across the nation." *Id*. By contrast, here Compass alleges, that NWMLS, holds and abuses monopoly power as the only MLS in the local Seattle-area markets for **real estate brokerage and listing services**. *See generally* Compl., ECF 1. If the prices of these services were to rise, the number of homeowners that would switch to brokerage services outside of the Seattle-area would not be profitable. *See* Compl., ECF 1 at ¶ 79. The *Zillow* court's analysis of the geographic market for national, consumer-facing **platforms** is not relevant to the geographic market for local, professional **real estate services.**

*Finally*, after reviewing a full evidentiary record, the *Zillow* court made a factual finding that Compass had failed to show Zillow possessed monopoly power in the national market for online home search, noting declining market share and the recent entry of new competitors. Whether Zillow, a single, national technology company, has monopoly power in a distinct geographic and product market has absolutely no bearing on whether NWMLS, a regional MLS, has monopoly power in the brokerage markets alleged here. Unlike in *Zillow*, where market power is a central point of dispute, NWMLS's complete control over multiple listing services in the Seattle-area cannot be credibly contested. Furthermore, the exclusionary conduct alleged here—the adoption and enforcement of anticompetitive rules by a group of horizontal competitors—is a classic abuse of monopoly power that the Zillow court did not address. The Zillow Order's fact-bound analysis of a different company, in a different market, under a different theory of harm, has no persuasive value here.

PLAINTIFFS' OPPOSITION TO DEF'S
MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF
Case No. 2:25-cv-00766-JNW

- 3 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

1                                        \* \* \*

2         For these reasons, the Zillow Order is inapposite to this case, and further briefing is not required for this Court to resolve the pending Motion to Dismiss. However, should the Court disagree and grant leave for supplemental briefing, NWMLS has identified no reason for the parties to submit simultaneous briefing. In such instance, Compass respectfully requests that the Court order NWMLS to file its supplemental brief of up to 2,400 words first, and that Compass be permitted to file a responsive brief of the same length seven days thereafter.

        I certify that this memorandum contains 934 words, in compliance with the Local Civil Rules.

PLAINTIFFS' OPPOSITION TO DEF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
Case No. 2:25-cv-00766-JNW

- 4 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

| | | |
|---|---|---|
| 1 | Dated: February 25, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | | *s/Deepti Bansal* |
| 4 | | Deepti Bansal (*Pro Hac Vice*)<br>COOLEY LLP |
| 5 | | 1299 Pennsylvania Avenue<br>Suite 700 |
| 6 | | Washington, DC  20004<br>Telephone: +1 202 842 7800 |
| 7 | | Fax: +1 202 842 7899<br>Email: dbansal@cooley.com |
| 8 | | Sarah M. Topol (*Pro Hac Vice*) |
| 9 | | COOLEY LLP<br>55 Hudson Yards |
| 10 | | New York, NY  10001<br>Telephone: +1 212 479 6000 |
| 11 | | Fax: +1 212 479 6275<br>Email: stopol@cooley.com |
| 12 | | Email: arafalson@cooley.com |
| 13 | | Christopher B. Durbin (41159)<br>Natalie L. Peelish (*Pro Hac Vice*) |
| 14 | | COOLEY LLP<br>1700 Seventh Avenue |
| 15 | | Suite 1900<br>Seattle, WA  98101 |
| 16 | | Telephone: +1 206 452 8700<br>Fax: +1 206 452 8800 |
| 17 | | Email: cdurbin@cooley.com<br>Email: npeelish@cooley.com |
| 18 | | |
| 19 | | *Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC* |

PLAINTIFFS' OPPOSITION TO DEF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
Case No. 2:25-cv-00766-JNW

- 5 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700