UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. and COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | CASE NO. 2:25-cv-00766-JNW<br><br>ORDER DENYING LEAVE TO FILE AMICUS BRIEF |

This matter comes before the Court on Movant Gregory V. Alkema's Motion for Leave to File Amicus Curiae Brief. Dkt. No. 87. The motion is DENIED.

Mr. Alkema claims that his proposed brief "present[s] facts and legal analysis regarding the coordinated off-MLS suppression scheme," including data showing "an average $302,000 equity loss to senior homeowners[,] the Zillow flip timeline, and the refusals by key executives to use this evidence," which he says are "directly relevant to whether [Defendants'] rules against pre-market suppression are lawful and in the public interest." Dkt. No. 87.

ORDER DENYING LEAVE TO FILE AMICUS BRIEF - 1

"There is no inherent right to file an amicus curiae brief with the Court." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999). District courts have broad discretion to admit amicus briefing. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). The "classic role" of amicus curiae has been to "assist[ ] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). There are no strict prerequisites to qualify as amici, although amicus must "'make a showing that his participation is useful to or otherwise desirable to the court.'" *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991) (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

The Court finds that the proposed amicus brief is not necessary or appropriate given that both Parties are well represented by counsel and that the proposed amicus brief does not identify any unique information or perspective that will aid the Court in resolving this matter. Accordingly, the Court DENIES the Motion.

Dated this 6th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING LEAVE TO FILE AMICUS BRIEF - 2