HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. AND COMPASS
WASHINGTON, LLC

Plaintiffs,

v.

NORTHWEST MULTIPLE LISTING
SERVICE,

Defendant.

Case No. 2:25-cv-00766

NWMLS'S MOTION TO COMPEL
COMPASS'S OUTSTANDING
DISCOVERY

NOTE ON MOTION CALENDAR:
June 8, 2026

Northwest Multiple Listing Service ("NWMLS") seeks limited relief: an order compelling Compass, Inc. and Compass Washington, LLC (collectively "Compass") to provide the supplemental discovery due on February 19, 2026, and that Compass agreed, on March 31, 2026, to promptly provide. This is not a motion that requires the Court to consider the scope of requested material, to rule on objections, or to weigh proportionality or burden. It is a simple request to compel long-overdue discovery that is critical to NWMLS's defenses against Compass's claims. And importantly, Compass already agreed to the very discovery that NWMLS now seeks to compel. In what appears to be an attempt to prejudice NWMLS by withholding outstanding material until the eve of the current discovery cutoff, Compass engages in bad faith litigation tactics. Such conduct is inexcusable.

NWMLS'S MOTION TO COMPEL - 1

## I.   RELEVANT FACTUAL BACKGROUND

On February 19, 2026, Compass issued responses and objections to NWMLS's Interrogatories, Requests for Admission, and Fourth Set of Requests for Production. (Declaration of Vanessa Power ("Power Decl.") **Exs. A, B, C**.) In response to Request for Production ("RFP") Nos. 95, 96, 97, and 99, Compass stated that it would produce responsive data. (*Id.* **Ex. C** at RFP Nos. 95, 96. 97, 99.)

On March 6, 2026, NWMLS sent Compass a letter identifying deficiencies with Compass's discovery responses and asking about the status of Compass's agreed data set production. (*Id.* **Ex. D**.) Counsel conferred about the issues identified in NWMLS's letter on March 20, 2026. (*Id.* ¶ 6.) On March 31, 2026, Compass sent a letter addressing its position on the discovery dispute. (*Id.* **Ex. E**.) Compass stated that it would: (a) supplement its responses to Interrogatory Nos. 1, 2, 3, 7, 9, and 11; and (b) supplement its responses to Request for Admission Nos. 4 and 10. (*Id.*) Compass also, again, confirmed that it would produce data sets responsive to NWMLS's Fourth Set of Requests for Production. (*Id.*). Compass stated that it was "working to identify and collect the data and will produce it promptly." (*Id.*)

Compass has failed to supplement or produce as agreed. (Power Decl. ¶ 8.) On April 20, 2026, NWMLS followed up, and asked Compass to promptly address the outstanding items by no later than April 24, 2026. (*Id.* **Ex. F**.) Compass indicated that it would respond, not by April 24, but by May 1, 2026. (*Id.*) Again, Compass failed to do so. (*Id.* ¶ 9.) All supplemental responses that Compass agreed to provide remain outstanding. (*Id.*)

## II.   ARGUMENT

### A.   Legal Standard.

Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund,*

NWMLS'S MOTION TO COMPEL - 2

*Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Here, Compass has already agreed to produce the discovery at issue in this motion. NWMLS took Compass at its word. There is no need for the Court to construe relevance, address objections, or weigh burden against proportionality.

**B.    The Court Should Compel Production of Discovery That Compass Agreed to Produce Months Ago.**

A central issue in this case is Compass's launch of its "3-Phased Price Discovery and Marketing Strategy" ("3PM"), purportedly to offer sellers the ability to market and sell their homes through Compass's private networks, without simultaneously listing the property in the NWMLS database. (Dkt. 1 ¶¶ 7, 10, 49, 62-65.) NWMLS contends that the first two phases of the 3PM approach run afoul of NWMLS's rules governing access and transparency because Compass refuses to list the property with NWMLS, making a seller's listing invisible to non-Compass brokers representing potentially interested buyers. (Dkt. 98 at ¶¶ 16-32.) To address Compass's claims against NWMLS of alleged antitrust violations and antitrust injury, NWMLS sought discovery of material specifically to support its analysis of Compass's claims and assessment of its defenses.

For example, Interrogatory No. 3 asked Compass to identify people who participated in the "development, issuance, marketing, implementation, or operation" of 3PM. (Power Decl., Ex. A at Interrogatory 3.) Compass agreed to do so. (*Id.* Ex. E.) In Interrogatory No. 9, NWMLS asked Compass to provide the factual bases for its contention that the City of Seattle and King County are the relevant geographic markets for its claims. (*Id.* Ex. A at Interrogatory 9.) And in Interrogatory No. 11, NWMLS asked Compass to identify and describe the chilling effect that NWMLS's enforcement of its rules allegedly has on broker competition, including identification of any specific brokers or brokerages. (*Id.* at Interrogatory No. 11.) For each of these interrogatories and more, Compass agreed to supplement its answers. (*Id.* Ex. E.) Compass has failed to do so, stymying NWMLS's ability to full assess its defenses, potentially pursue additional third-party discovery, and identify witnesses for depositions.

NWMLS'S MOTION TO COMPEL - 3

RFP Nos. 95, 96, 97, and 99 likewise go directly to NWMLS's defenses:

- **Under RFP No. 95,** NWMLS sought production of analyses or studies reflecting Compass's position that with pre-marketing, a price drop is 30% less likely than if a property is not pre-marketed. Compass agreed to produce "data Compass relied upon to determine that a price drop is 30% less likely where a property is pre-marketed, to the extent that the data exists and is accessible." (Power Decl., Ex. C at RFP No. 95.)

- **Under RFP No. 96,** NWMLS sought production of "all data relied upon for analyses or studies produced in response to Request No. 95." (*Id.* at RFP No. 96.) Compass agreed to do so. (*Id.*)

- **Under RFP No. 97,** NWMLS sought production of "all data relied upon by Compass to support its position that with pre-marketing, the sale price of a property is 2.9% higher than if a property is not pre-marketed." (*Id.* at RFP. No. 97.) Compass agreed to make the requested production. (*Id.*)

- **Under RFP No. 99,** NWMLS sought production of studies or documents created by Compass (or third parties engaged by Compass) that measure user engagement and leads generation. (*Id.* at RFP No. 99.) Compass agreed to "produce data concerning user engagement leads generation for any Compass listings, to the extent that data exists and is accessible." (*Id.*)

Again, without Compass's production that it agreed to provide, NWMLS has been delayed—and thus prejudiced—in its ability to assess defenses, identify witnesses for deposition, and support upcoming expert analysis.

With the fact discovery cutoff fast approaching, Compass has slow-rolled its agreed supplemental discovery. Compass's conduct in delaying discovery disclosures is indefensible. *See Alaska Airlines, Inc. v. Carey,* No. C07-5711RBL, 2009 WL 10677071, at *3 (W.D. Wash. Sept. 15, 2009) (granting motion to compel Request for Production No. 17, where defendant agreed to produce but had not yet produced documents); *Adams v. Hartz Mountain Corp.,* No. C14-

NWMLS'S MOTION TO COMPEL - 4

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

1174RSL, 2015 WL 11251745, at *2 (W.D. Wash. Apr. 27, 2015) (granting in part plaintiff's motion to compel and holding that defendant had "not been diligent in meeting its discovery obligations" where defendant "agreed to begin the production of documents within two weeks," the "failure to produce was acknowledged," and the "production remained incomplete at the time the motion was filed").

Finally, under these circumstances, an award of fees and costs is warranted. *Id.*; Fed. R. Civ. P. 37(a)(5). Under Fed. R. Civ. P. 37(a)(5), if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." There is no substantial justification for Compass to agree, on February 19, 2026, to provide responsive data sets, confirm on March 31, 2026 that it will produce the data as well as supplement other discovery, and to string NWMLS along for another two months until the eve of the discovery cutoff before making any production.

### III.    CONCLUSION

Compass's failure to promptly provide discovery that it agreed to produce is without inexcusable. NWMLS's motion to compel should be granted, and fees and costs awarded.

NWMLS'S MOTION TO COMPEL - 5

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153003142.2 0068832-00015

*I certify that in accordance with the Court's Chambers Procedures – Civil 3.1, counsel for the parties conferred by telephone on March 20, 2026. Subsequent communications confirmed that Compass would supplement discovery, but Compass has failed to do so.*

*I certify that this memorandum contains 1,365 words, in compliance with the Local Civil Rules.*

DATED: May 17, 2026.

STOEL RIVES LLP


s/ Vanessa Soriano Power
Vanessa Soriano Power, WSBA No. 30777
Rachel Hay, WSBA No. 60245
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: vanessa.power@stoel.com
Email: rachel.hay@stoel.com

Claude Szyfer (*pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*pro hac vice*)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

NWMLS'S MOTION TO COMPEL - 6

153003142.2 0068832-00015