THE HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

COMPASS, INC. AND COMPASS WASHINGTON, LLC,

Plaintiffs,

v.

NORTHWEST MULTIPLE LISTING SERVICE,

Defendant.

Case No. 2:25-cv-00766-JNW

**COMPASS'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Compass, Inc. and Compass Washington, LLC. ("Compass") hereby provides the following objections and responses to Defendant's First Set of Interrogatories to Compass served by Defendant in this matter on January 20, 2026 ("Interrogatories" or "Interrogatory").

**GENERAL RESPONSES AND OBJECTIONS**

Compass makes the following general objections to the Interrogatories. Compass incorporates these general objections into each of its responses as if fully rewritten within.

1.      Compass has not completed its investigation and discovery in this matter, nor has it completed its preparation for trial. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to Compass at the

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

time of this response. Further investigation and discovery, including expert discovery, and legal research and analysis may lead to substantial additions to, changes in, and variation from the responses set forth below. The following responses are given without prejudice to Compass's right to provide evidence of subsequently discovered information, and Compass reserves the right to supplement and/or change any and all responses in accordance with its obligations under Federal Rules of Civil Procedure 26 and 34.

2.    Compass objects to the Request to the extent that they call for bases, facts, or information that relate to a given topic as premature, in that discovery is ongoing, and to the extent that Compass has yet to receive pertinent or adequate discovery from NWMLS or relevant third parties.

3.    Compass objects to the Interrogatories to the extent that they seek disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege from, or proscription against, disclosure.

4.    Compass objects to the Interrogatories to the extent that they seek information which is irrelevant to the subject matter of the lawsuit and is not relevant to any party's claim or defense.

5.    Compass objects to the Interrogatories to the extent that they are vague, ambiguous and overbroad, and to the extent that responding to them would be excessively burdensome, expensive and oppressive. The term "burdensome" as used herein means that the expense and oppression of compliance is outweighed by any possible benefit to be achieved by answering.

6.    Compass objects to the Interrogatories to the extent that they call for bases, facts, or information that relate to a given topic as premature, in that discovery is ongoing, and to the extent that Compass has yet to receive pertinent or adequate discovery from NWMLS or relevant third parties.

7.    Compass objects to the Interrogatories to the extent they seek information beyond what is available from a reasonable investigation of Compass's files likely to contain relevant

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES                    - 2 -
Case No. 2:25-cv-00766-JNW

or responsive documents and a reasonable inquiry of Compass's employees likely to have information relevant to a claim or defense of any party, or the subject matter of this dispute.

8.      By responding to the Interrogatories, Compass does not accept, admit or concede any assertions, characterizations or implications contained therein, implicit or explicit. Moreover, no response provided herein, nor any agreement to produce responsive documents, shall be deemed to constitute any agreement or concession that the subject matter of the Request at issue is relevant to this action or that any responsive information exists. Compass's responses to the Interrogatories should not be interpreted as a waiver to any objections Compass may later assert, including but not limited to objections as to the admissibility of any response or document or category of responses or documents at trial or any other proceeding in this or any other action. Compass reserves all objections to the use and admissibility of any proffered evidence, whether or not produced from Compass's files, including those based on privilege, relevance, and materiality.

9.      Compass objects to the Interrogatories insofar as they seek to impose obligations on Compass beyond those required by the Federal Rules.

10.     Compass reserves the right to make any use of, or introduce at any hearing and at trial, information, and/or documents responsive to the Interrogatories but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

11.     The specific responses set forth below are based on Compass's understanding of the language used in the Interrogatories, and Compass reserves its right to amend or supplement further in the event that NWMLS asserts an interpretation that differs from Compass's interpretation.

12.     Compass's response to any Interrogatory shall not be interpreted as implying that responsive information, documents, or things exist or that Compass acknowledges the appropriateness of any Interrogatory.

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES          - 3 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

13.    Compass objects to the Interrogatories insofar as they seek information unlimited as to geography and for the time period from January 1, 2018 to the present. Unless otherwise stated below, Compass will search for and respond for the period January 1, 2022 to May 31, 2025.

## OBJECTIONS TO DEFINITIONS

1.    Compass objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions set forth therein would (a) expand the definition of a term beyond its ordinary English meaning; (b) create an undue burden for Compass; (c) impose an obligation on Compass that exceeds, or is inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure; and/or (d) impose obligations on Compass that exceed, or are inconsistent with, the Stipulation and Agreement Regarding Discovery of Electronically Stored Information and Order, entered by the Court on August 15, 2025 (ECF No. 45). Compass will respond to the Interrogatories consistent with the ordinary English meaning of words and its obligations under the Federal Rules of Civil Procedure.

2.    Compass objects to the definitions of "Document," "Electronically Stored Information," "ESI" or "Structured Data" to the extent these definitions are inconsistent with Federal Rule of Civil Procedure 34 or the Stipulation and Agreement Regarding Discovery of Electronically Stored Information and Order, entered by the Court on August 15, 2025 (ECF No. 45).

3.    Compass objects to the definition of "You," "Your," "Plaintiffs," and "Compass" to the extent it seeks documents not in Compass's possession, custody, or control, and attempts to seek discovery concerning non-parties and issues outside the scope of those reasonably alleged in the complaint. Compass further objects to the definition because it specifically seeks information from Compass's attorneys, and thus seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES                    - 4 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each Person who has knowledge or information relevant to the claims and/or defenses asserted in the Lawsuit, and for each such Person state the substance of his or her knowledge or information.

**RESPONSE TO INTERROGATORY NO. 1:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Federal Rule of Civil Procedure ("Rule") 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Compass refers to its initial disclosures, served on June 9, 2025.

**INTERROGATORY NO. 2:**

Identify by type, amount, and date any and all damages that You are seeking in the Lawsuit.

**RESPONSE TO INTERROGATORY NO. 2:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES    - 5 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Compass and Compass brokers have suffered and continue to suffer pecuniary and non-pecuniary reputational damage as a result of NWMLS's anticompetitive and tortious conduct.

**INTERROGATORY NO. 3:**

Identify each Person who participated in the development, issuance, marketing, implementation, or operation of the 3-Phased Price Discovery and Marketing Strategy, the role of each such Person, and the dates of each such Person's participation.

**RESPONSE TO INTERROGATORY NO. 3:**

Compass objects to this Interrogatory to the extent it seeks information specific to geographies other than Washington state. Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory because the burden of preparing a response, describing the identity and role of each and every person involved in a wide range of issues related to the 3-Phased Price Discovery and Marketing Strategy is disproportionate to the needs of the case. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Compass refers to its initial disclosures, served on June 9, 2025.

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**INTERROGATORY NO. 4:**

Identify, by buyer or prospective buyer, seller or prospective seller, address, and broker or brokerages involved, all listings taken or solicited pursuant to the 3-Phased Price Discovery and Marketing Strategy.

**RESPONSE TO INTERROGATORY NO. 4:**

Compass objects to this Interrogatory as vague and ambiguous including with respect to the phrase "taken or solicited pursuant to." Compass further objects to this Interrogatory because the burden of preparing a response, identifying specific information for each of thousands of properties unlimited in time and geography is disproportionate to the needs of the case. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following document CNW_COMP_00200140.

**INTERROGATORY NO. 5:**

Identify, by buyer or prospective buyer, seller or prospective seller, address, and broker or brokerages involved: all residential real estate sold pursuant to the 3-Phased Price Discovery and Marketing Strategy, including identification of the original listing price and the sale price for the property.

**RESPONSE TO INTERROGATORY NO. 5:**

Compass objects to this Interrogatory as vague and ambiguous including with respect to the phrase "sold pursuant to." Compass further objects to this Interrogatory because the burden of preparing a response, identifying specific information for each of thousands of properties unlimited in time and geography is disproportionate to the needs of the case. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES    - 7 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following document CNW_COMP_00200140.

**INTERROGATORY NO. 6:**

Identify all complaints, notices of violation, or disciplinary actions received by You, including Compass brokers, concerning or related to the 3-Phased Price Discovery and Marketing Strategy, and for each such complaint, notice of violation, or disciplinary action identify the complainant, the recipient of the complaint, the basis of the complaint, and the penalty or sanction imposed, if any.

**RESPONSE TO INTERROGATORY NO. 6:**

Compass objects to this Interrogatory to the extent it seeks information specific to multiple listing services other than NWMLS. Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory because the burden of preparing a response, describing detailed information relating to all complaints, notices of violation, or disciplinary actions received by Compass or any one of its thousands of affiliated brokers is disproportionate to the needs of the case. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass further objects to this Interrogatory to the extent it seeks information equally accessible to NWMLS. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows:

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES
Case No. 2:25-cv-00766-JNW

- 8 -

Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following document CNW_COMP_00004209.

**INTERROGATORY NO. 7:**

Identify each Person who has knowledge or information relevant to the temporary suspension of Your access to the NWMLS IDX data feed and its impact(s) on You, and for each such Person state the substance of his or her knowledge or information.

**RESPONSE TO INTERROGATORY NO. 7:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Compass refers to its initial disclosures, served on June 9, 2025.

**INTERROGATORY NO. 8:**

Identify each broker who has left Compass since the temporary suspension of Your access to the NWMLS IDX data feed, as alleged in Paragraph 74 of the Complaint, and for each such broker state with specificity the reasons for their departure.

**RESPONSE TO INTERROGATORY NO. 8:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES                - 9 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: At least the following three brokers have left Compass since NWMLS, without warning or due process, cut off Compass's access to its IDX feed on April 15, 2025: Alexander Keyes, Dan Faulkner, and Kevin Meyer. Each specifically cited the conflict between NWMLS and Compass as a reason for their departure.

**INTERROGATORY NO. 9:**

Identify and describe with specificity the factual basis for Your contention in Paragraph 79 of the Complaint that the City of Seattle and King County are the relevant geographic markets for this Lawsuit.

**RESPONSE TO INTERROGATORY NO. 9:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Real estate brokerage services are local in nature because homeowners prefer to work with a real estate broker who is familiar with local market conditions. In the event of a small but significant increase in the price of real estate brokerage services relating to properties in the city of Seattle or King County, the number of sellers who would switch to brokerage services relating to properties located outside of the city of Seattle or King County would not be sufficient to

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES                     - 10 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

make such a price increase unprofitable.

**INTERROGATORY NO. 10:**

Identify and describe with specificity the factual basis for Your contention in the Complaint that NWMLS has engaged in a "group boycott."

**RESPONSE TO INTERROGATORY NO. 10:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory because the burden of preparing a response, describing contentions "with specificity," is disproportionate to the needs of the case. Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: NWMLS promulgates rules governing the conduct of its participants. Those rules are approved by the competing real estate brokers who sit on NWMLS's committees and Board of Directors, which is dominated by Windermere and other long-standing real estate brokerages in the Seattle area. If a NWMLS participant violates those rules, including by violating NWMLS's Data Use Policy pursuant to its Rule 27, NWMLS can punish the real estate broker and/or brokerage, including by fining the real estate broker or blocking their access to the listings database by revoking their license under NWMLS's Data Use Policy. Given the necessity of being able to access that database, virtually all real estate brokers in the Seattle area must follow NWMLS's rules. Thus, NWMLS, Windermere, and the other traditional real estate brokerages who own

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES
Case No. 2:25-cv-00766-JNW

- 11 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

and control NWMLS first agreed to adopt and enforce NWMLS rules that prevent office exclusive listings from being used by homeowners, unlike every other state. Then, NWMLS and its co-conspirators eliminated another of its own long-standing rules, which only Compass was using to allow Compass homeowners to use office exclusives. NWMLS next chose to ignore its own third long-standing rule that Compass utilized to give homeowners the choice to use office exclusives. On April 15, 2025, without warning or due process, NWMLS cut off Compass and all Compass brokers' access to its listings feed data, harming all Compass clients, Compass and its brokers, and homeowners. Thus, NWMLS and its co-conspirators engaged in a group boycott of Compass and any other brokerage that would otherwise offer an innovative pre-MLS marketing service, eliminating that service from the market.

**INTERROGATORY NO. 11:**

Identify and describe with specificity the factual basis for Your contention in Paragraph 93 of the Complaint that NWMLS's conduct has caused a chilling effect on the efforts of non-member brokerages to compete, including the identity of any such brokerages, the names of any individuals affiliated with such brokerages with such knowledge, and the substance of his or her knowledge or information.

**RESPONSE TO INTERROGATORY NO. 11:**

Compass refers NWMLS to its response to Interrogatory No. 10.

**INTERROGATORY NO. 12:**

Identify all contracts with which NWMLS interfered, as alleged in Paragraph 135 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory because the burden of preparing a response, describing contentions "with specificity," is disproportionate to the needs

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES          - 12 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

of the case. Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: At the time of NWMLS's decisions to eliminate Rule 4, ignore Rule 6, and cut off Compass's access to its IDX feed until all contracts governing properties marketed through the 3-Phased Marketing and Price Discovery Strategy were canceled, NWMLS was aware that Compass and its brokers were parties to valid contracts with each other and with homeowners in the Seattle area, and intentionally prevented Compass and its brokers from performing under their valid contracts. Further, NWMLS was aware of certain business relationships or expectancies with a probability of future economic benefit and intentionally induced or caused the termination of the business relationships or expectancies. Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following documents: CNW_COMP_00001875; CNW_COMP_00001878;          CNW_COMP_00001881;          CNW_COMP_00001899; CNW_COMP_00001902;          CNW_COMP_00001910;          CNW_COMP_00001913; CNW_COMP_00001925;          CNW_COMP_00001928;          CNW_COMP_00001934; CNW_COMP_00001937;          CNW_COMP_00001940;          CNW_COMP_00001943; CNW_COMP_00001946;          CNW_COMP_00001949;          CNW_COMP_00001955; CNW_COMP_00001958;          CNW_COMP_00001961;          CNW_COMP_00001975; CNW_COMP_00001984;          CNW_COMP_00002020;          CNW_COMP_00002023; CNW_COMP_00002026;          CNW_COMP_00002029;          CNW_COMP_00002032; CNW_COMP_00002035;          CNW_COMP_00002053;          CNW_COMP_00002056; CNW_COMP_00002059; CNW_COMP_00200133; and CNW_COMP_00200136.

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES         - 13 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**INTERROGATORY NO. 13:**

Identify all business relationships or expectancies with which NWMLS interfered, as alleged in Paragraph 143 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory because the burden of preparing a response, describing contentions "with specificity," is disproportionate to the needs of the case. Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: NWMLS's actions have interfered with, and continue to interfere with, Compass's relationships with its brokers, as well as efforts to recruit brokers to affiliate with Compass, and Compass brokers' relationships with potential home seller clients, including as a result of the reputational harm caused by NWMLS's conduct, damaging the goodwill and reputation of both Compass and its brokers in the Seattle area.

**INTERROGATORY NO. 14:**

Identify and describe with specificity the complete factual basis for Your contention in Paragraphs 105, 115, and 132 of the Complaint that the justifications for NWMLS's actions could be achieved in a manner that does not inhibit competition or limit consumer choice.

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES          - 14 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

**RESPONSE TO INTERROGATORY NO. 14:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass further objects to this Interrogatory as vague and ambiguous, particularly with respect to the phrase "justifications for NWMLS's actions," which are not defined and unknown to Compass. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory because the burden of preparing a response, describing contentions "with specificity," is disproportionate to the needs of the case. Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Compass assumes that NWMLS's purported justifications for its actions are that "restricting the visibility of available homes to a select, exclusive group of buyers and real estate brokers is fundamentally unfair and perpetuates inequities," as described in the March 28, 2025 press release from Mr. Haag titled "a Message from NWMLS CEO" described in Paragraph 65 of the Complaint. These justifications can clearly be met without NWMLS's anticompetitive Rules, as shown by the fact that every multiple listing service in the country provides fair and equal access, supports fair housing opportunities, and opposes discrimination, while still allowing for office exclusives. In fact, the requirement that office exclusives be permitted has been enshrined in NAR's Antitrust Compliance Policy since the 1970s, following resolution of an investigation by the DOJ. Unlike the majority of multiple listing services in the country, NWMLS does not follow NAR policy. But even other multiple listing services that do not follow NAR's policies, like

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES          - 15 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

Midwest Real Estate Data LLC in Chicago, still protect the consumer's freedom to choose office exclusives. Moreover, despite office exclusives being allowed for decades, there has been no "dismantling of the real estate marketplace for the exclusive benefit of those brokerage firms that choose to exploit them."

**INTERROGATORY NO. 15:**

Identify and describe with specificity all written and/or oral Communications between You and any third-party, including, without limitation, property owners and sellers, property buyers and prospective buyers, and/or any regulatory bodies (including but not limited to the Attorney General of the State of Washington, the U.S. Department of Justice, and/or the U.S. Federal Trade Commission) related to the 3-Phased Price Discovery and Marketing Strategy.

**RESPONSE TO INTERROGATORY NO. 15:**

Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory because the burden of preparing a response, describing all written and or oral communications with any third party without limit to specific individuals, geographies, or time period, encompassing tens of thousands of individuals is overly burdensome, and disproportionate to the needs of the case.

Based on these objections, Compass is unable to provide a response to Interrogatory No. 15.

**INTERROGATORY NO. 16:**

For all residential real estate sold pursuant to the 3-Phased Price Discovery and Marketing Strategy, identify the number of days required to sell each property. For purposes of this Interrogatory, "sell" means closing of a residential purchase agreement.

**RESPONSE TO INTERROGATORY NO. 16:**

Compass objects to the phrase "sold pursuant to the 3-Phased Price Discovery and Marketing Strategy" as vague and ambiguous. Compass further objects to this Interrogatory because the burden of preparing a response, identifying the number of days required to sell each

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES                    - 16 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

of thousands of properties unlimited in time and geography is disproportionate to the needs of the case. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following document CNW_COMP_00200140.

**INTERROGATORY NO. 17:**

Identify the number of listings which were first listed as either a "Private Exclusive" and/or "Coming Soon" listing that were then listed on a multiple listing service, and for each listing, identify the address of the listing; the date it was first listed as a "Private Exclusive" and/or "Coming Soon" listing; the number of days it remained as a "Private Exclusive" and/or "Coming Soon" listing; the date the listing was first listed on a multiple listing service, and the name of the multiple listing service.

**RESPONSE TO INTERROGATORY NO. 17:**

Compass objects to this Interrogatory as vague and ambiguous. Compass further objects to this Interrogatory because the burden of preparing a response, identifying specific information for each of thousands of properties unlimited in time and geography is disproportionate to the needs of the case. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following document CNW_COMP_00200140.

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES                - 17 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

**INTERROGATORY NO. 18:**

Identify all non-Compass brokers who have requested access to either a Compass "Private Exclusive" and/or "Coming Soon" listing; the brokerage firm with which such broker is affiliated; the date of such request; the date when access was provided, and whether the broker visited a Compass real estate brokerage office in order to gain such access.

**RESPONSE TO INTERROGATORY NO. 18:**

Compass objects to this Interrogatory as vague and ambiguous including with respect to the phrase "access." Compass further objects to this Interrogatory because the burden of preparing a response, identifying every non-Compass broker who has requested access to each of thousands of listings and specific information for each request unlimited in time and geography is disproportionate to the needs of the case. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Compass does not regularly maintain a record of requests for information or tours of properties being marketed for sale by its brokers and agents.

**INTERROGATORY NO. 19:**

Identify the percentage of sales in which Compass acted on behalf of both the seller and buyer: (a) using the 3-Phased Price Discovery and Marketing Strategy; and (b) not using the 3-Phased Price Discovery and Marketing Strategy.

**RESPONSE TO INTERROGATORY NO. 19:**

Compass objects to this Interrogatory as vague and ambiguous. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES          - 18 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

Subject to and without waiving the foregoing objections, Compass responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to the following document CNW_COMP_00200140.

**INTERROGATORY NO. 20:**

Describe how Compass directs brokers to test or determine the listing price for a property, including how the 3-Phased Price Discovery and Marketing Strategy is used to determine the listing price.

**RESPONSE TO INTERROGATORY NO. 20:**

Compass objects to this Interrogatory as vague and ambiguous, including with respect to "directs." Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Sellers and their real estate brokers can use office exclusives as a pre-marketing tool to fine-tune listings before they are broadcast through the multiple listing service to public facing aggregator websites. They provide sellers with the benefit of testing different aspects of their listing, including their asking price, pictures, and home specifications, and getting feedback from real potential buyers and other real estate brokers before publicly marketing on the multiple listing service and accruing days on the market and price drops. The feedback a seller and their real estate broker receive during this period allows them to tailor their marketing strategy and put them in the best position to sell their home quickly and for its full market value when it is listed on the multiple listing service. For example, a seller may want to ask $250,000 for their home, but is unsure if the price is realistic. The seller can list their property as an office exclusive and get valuable feedback from the market on whether their asking price is too high. It is possible in

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES
Case No. 2:25-cv-00766-JNW

- 19 -

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

this scenario that the home sells during the pre-market phase, but most listings ultimately do sell on the MLS. It is also possible that the seller learns during this period that reducing the asking price by $20,000 would entice more buyers or that there is such interest in the home that the asking price should be increased by $20,000. If the home does not sell during pre-marketing, the seller will have gained insight and adjusted the price when they list on the multiple listing service so they can appeal to the widest audience and come to market at the right price. This will help them avoid accruing days on market, which can drive down the selling price of their home. This feedback relates not only to price, but also to any potential flaws in the home that should be addressed before they list on the multiple listing service, such as whether landscaping should be spruced up, carpets cleaned, or walls painted a more neutral color.

**INTERROGATORY NO. 21:**

To the extent any of Your responses to Defendant's First Requests for Admission were anything other than an unqualified admission, explain with specificity and particularity the basis for your response.

**RESPONSE TO INTERROGATORY NO. 21:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory as vague and ambiguous and compound, in an attempt to circumvent the limits of Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Compass directs NWMLS to its responses and objections to NWMLS's First Requests for Admission, served on February 19, 2026.

**INTERROGATORY NO. 22:**

Describe the impact on Compass, individual Compass brokers, and their clients, allegedly caused by NWMLS's temporary suspension of the data license agreement (data feed) as alleged at Paragraphs 11, 15, 68, 70, 73, and 74 of the Complaint.

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES                - 20 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington  98101
+1 206 206 452 8700

**RESPONSE TO INTERROGATORY NO. 22:**

Compass objects to this Interrogatory to the extent it calls for legal conclusions. Compass objects to this Interrogatory to the extent that it seeks information that is protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable claim of privilege. Compass objects to this Interrogatory as vague and ambiguous including with respect to the phrase "impact". Compass objects to this Interrogatory as premature because it seeks premature disclosure of expert testimony. Compass will disclose any expert opinions and reports in accordance with the schedule set by the Court in this action. Compass has performed a reasonably diligent search for information responsive to this Interrogatory and its investigation remains ongoing. Compass's response is based solely on the information reasonably available to it at this time, and Compass will supplement its response as appropriate in accordance with Rule 33.

Subject to and without waiving the foregoing objections, Compass responds as follows: Accurate, real-time access to IDX data is critical for any real estate broker or brokerage to do business. NWMLS's unprecedented and unjustified decision to cut off IDX access to the entire brokerage until all Compass brokers capitulated NWMLS's demand to cancel their agreements put Compass in the position of choosing between choosing to comply or leave the Seattle area market. During the time NWMLS blocked Compass's access, (a) new and updated Seattle area listings, which rely on the data feed, no longer appeared accurately on Compass.com; (b) new and updated Seattle area listings, which rely on the data feed, were not accurately reflected in Compass's agent search tools and marketing systems impacting their ability to operate efficiently and manage listings; and (c) inaccuracies on the search platform due to the loss of the data feed led to confusion and Compass real estate brokers diminishing credibility with their clients. NWMLS's actions against Compass were intended to, and did, have a chilling effect on Compass's business—both with consumers and with its own brokers. Compass and its real estate brokers have suffered, and continue to suffer, injury and damages because of NWMLS's anticompetitive and tortious conduct, which has prevented Compass from bringing its innovative

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES                    - 21 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

products and competition to consumers in the Seattle area. By blocking Compass Private Exclusives, NWMLS has harmed the business operations of Compass and its real estate brokers and their contracts and business relations with homeowners. Brokers were unable to offer this service as a reason to use them over a traditional real estate broker, transact business, fulfill their contractual, statutory, and ethical obligations to already-existing clients, and have suffered, and continue to suffer, reputational harm as a result. Thus, NWMLS's anticompetitive and tortious conduct harmed the goodwill and reputation of Compass and its real estate brokers as shown by the solicitations by traditional real estate brokers of Compass agents using the NWMLS dispute, and it resulted in the cancellation of existing contracts agents had in place with homeowners.

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES                    - 22 -
Case No. 2:25-cv-00766-JNW

COOLEY LLP
1700 Seventh Avenue Suite 1900
Seattle, Washington 98101
+1 206 206 452 8700

Dated: February 19, 2026

Respectfully submitted,

*s/Deepti Bansal*

Deepti Bansal (*Pro Hac Vice*)
COOLEY LLP
1299 Pennsylvania Avenue
Suite 700
Washington, DC 20004
Telephone: +1 202 728 7027
Fax: +1 202 842 7899
Email: dbansal@cooley.com

Sarah M. Topol (*Pro Hac Vice*)
Alessandra V. Rafalson (*Pro Hac Vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: +1 212 479 6000
Fax: +1 212 479 6275
Email: stopol@cooley.com
Email: arafalson@cooley.com

Christopher B. Durbin (41159)
Natalie L. Peelish (*Pro Hac Vice*)
COOLEY LLP
1700 Seventh Avenue
Suite 1900
Seattle, WA 98101
Telephone: +1 206 452 8700
Fax: +1 206 452 8800
Email: cdurbin@cooley.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

PLFS' R&Os TO DEF'S
FIRST SET OF INTERROGATORIES
Case No. 2:25-cv-00766-JNW

- 23 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, I caused a true and correct copy of the foregoing to be emailed to counsel of record at the following addresses:

**STOEL RIVES LLP**
Harrison Owens
Vanessa Soriano Power
harrison.owens@stoel.com
vanessa.power@stoel.com

**HOGAN LOVELLS US LLP**
Claude Szyfer
Liam Phibbs
Holden Steinhauer
claude.szyfer@hoganlovells.com
liam.phibbs@hoganlovells.com
holden.steinhauer@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

Dated: February 19, 2026                      *s/Sarah Topol*
                                              Sarah Topol

PLFS' R&OS TO DEF'S
FIRST SET OF INTERROGATORIES          - 24 -
Case No. 2:25-cv-00766-JNW