HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. AND COMPASS
WASHINGTON, LLC

        Plaintiffs,

        v.

NORTHWEST MULTIPLE LISTING
SERVICE,

        Defendant.

Case No. 2:25-cv-00766 - JNW

DEFENDANT NWMLS'S MOTION TO
AMEND CASE SCHEDULE

NOTE ON MOTION CALENDAR:
June 8, 2026

Defendant Northwest Multiple Listing Service ("NWMLS") seeks an order amending the case schedule to extend remaining deadlines. The current fact discovery cutoff is July 2, 2026. NWMLS seeks to extend remaining deadlines by 120 days. There is good cause for this request:

- **NWMLS's Pending Motions to Compel.** NWMLS has two motions to compel pending. One was noted for consideration on February 13, 2026, related to Plaintiffs Compass, Inc.'s and Compass Washington, LLC's (collectively "Compass") failure to include relevant custodians in its search for responsive documents. The second was filed on May 17, 2026, noted for consideration on June 8, 2026, seeking an order compelling Compass to supplement responses and produce documents that have been outstanding since February 19, 2026. NWMLS seeks fulsome responses before deposing Compass witnesses.

MOTION TO AMEND CASE SCHEDULE- 1
(CASE NO. 2:25-cv-00766 – JNW)

153001318.2 0068832-00015

- **NWMLS's Counterclaims Were Just Filed, and NWMLS Has a Right to Further Discovery.** NWMLS just recently answered the Complaint and asserted counterclaims, which were amended on May 14, 2026. Compass is expected to move to dismiss the amended counterclaims. Resolution of the counterclaims will inform the scope of remaining discovery. In the interim, NWMLS will promptly issue discovery requests related to its counterclaims, and has a right to Compass's responses before deposing Compass witnesses.

- **NWMLS Has Been Diligent.** NWMLS has diligently engaged in seeking discovery from Compass to defend against the claims, and now in pursuing discovery to support its counterclaims.

- **No Depositions Have Been Taken.** Although the current fact discovery cutoff is July 2, 2026, no fact depositions of parties or non-parties have been taken. NWMLS has been pressing Compass to provide outstanding discovery on its claims so that it can identify the right witnesses for depositions and assess Compass's claims and its defenses. NWMLS will also now propound and pursue discovery from Compass and third parties on its newly-filed counterclaims. On the eve of this filing, in an obvious litigation tactic, Compass notified NWMLS that it now intends to issue deposition notices.

- **No Urgency or Prejudice to Compass.** Compass will suffer no prejudice by amending the case schedule as proposed. Compass has articulated no basis for urgency, has not filed a motion seeking injunctive relief, and has identified no prejudice that it will suffer if the schedule is extended.

Amending the case schedule to allow the Court time to rule on the pending motions to compel and allowing NWMLS an opportunity to secure discovery on its counterclaims is warranted under Fed. R. Civ. P. 16(b)(4) and Local Civil Rule 16(b)(6).

MOTION TO AMEND CASE SCHEDULE- 2
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

153001318.2 0068832-00015

## I.   RELEVANT FACTUAL BACKGROUND

As evidenced by the procedural posture and factual history of this case, NWMLS has been diligent in its defense against Compass's claims and prosecution of its counterclaims.

### A.   Relevant Factual Background

For decades, NWMLS has operated a real estate multiple listing service cooperative. (Dkt. 1 at ¶ 24–25.) NWMLS members, including Compass, are real estate brokerage firms. (*Id.*) Among many services that it provides its member firms, NWMLS maintains a database of real estate listings accessible by all member firms, as well as property listings data feed (the "NWMLS IDX data feed"), which contains all NWMLS member listings and is available to all member firms. (*Id.* at ¶¶ 33–34.) Through rules and policies applied to all members, NWMLS approaches home sales with a high value on access and transparency. (*Id.* at ¶ 10 (summarizing rules); Dkt. 28.) The transparency and equal access benefit all parties involved in real estate transactions.

Compass itself is a NWMLS member that directly benefits from NWMLS's emphasis on access and transparency. Compass, however, approaches home sales with a high value placed on exclusivity and exclusion. In March 2025, Compass launched its "3-Phased Price Discovery and Marketing Strategy" ("3PM") purportedly to offer sellers the ability to market and sell their homes through Compass's private networks, without simultaneously listing the property in the NWMLS database. (Dkt. 1 ¶¶ 7, 10, 49, 62-65.) NWMLS contends that the first two phases of the 3PM approach run afoul of NWMLS's rules governing access and transparency because Compass refuses to list the property with NWMLS, making a seller's listing invisible to non-Compass brokers representing potentially interested buyers. (Dkt. 98 at ¶¶ 16-32.) Compass's use of 3PM resulted in NWMLS temporarily suspending Compass's access to the NWMLS IDX data feed for two days beginning April 15, 2025. (Dkt. 1 ¶¶ 36, 93.)

### B.   Procedural Background

On April 25, 2025, Compass filed the Complaint. (Dkt. 1.) Compass alleges that, by enforcing its rules and policies, NWMLS violated federal antitrust law. (*Id.*, generally.) On the

MOTION TO AMEND CASE SCHEDULE- 3
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153001318.2 0068832-00015

same facts, Compass also asserts state tort claims for tortious interference with contract and business expectancy. (*Id.*) On June 30, 2025, NWMLS filed a motion to dismiss. (Dkt. 27.) On July 10, 2025, NWMLS filed a motion for protective order to stay discovery during the pendency of its motion to dismiss (Dkt. 29), which was denied. (Dkt. 38.) On March 19, 2026, the Court denied NWMLS's motion to dismiss. (Dkt. 86.) In the interim, fact discovery proceeded.

NWMLS's motion to dismiss was filed in lieu of an Answer under Fed. R. Civ. P. 12(b)(6). (Dkt. 27.) As such, NWMLS's Answer was not due to be filed until April 2, 2026, following the Court's ruling on the motion to dismiss. NWMLS timely answered and asserted counterclaims for declaratory relief, violation of the Consumer Protection Act, fraudulent misrepresentation, and tortious interference with contract. (Dkt. 88.) Compass moved to dismiss NWMLS's counterclaims. (Dkt. 93.) On May 14, 2026, NWMLS filed an Amended Answer and Counterclaims. (Dkt. 98.) Compass is expected to file a motion to dismiss the Amended Counterclaims. (Declaration of Vanessa Soriano Power ("Power Decl.") ¶ 2.)

**C.      Prior Extensions of the Case Schedule**

The case schedule has been amended previously. Each time, Compass has refused to engage in standard professional courtesies and forced NWMLS to prepare—or file—a motion to amend. (*Id.* ¶ 3.) First, in late November 2025, NWMLS approached Compass to address the need for adjustments to the case schedule given the procedural status at the time. (*Id.* ¶ 4.) NWMLS prepared to file a motion to amend. (*Id.*) It was not until NWMLS reminded Compass that it had an impending deadline to disclose its affirmative expert reports in December 2025, that Compass suddenly agreed to a limited adjustment in the schedule. (*Id.*) The parties filed, and the Court granted, a stipulated motion for leave to amend. (Dkt. 55, 58.)

In the same procedural position in late January, NWMLS again approached Compass to address the case schedule. (Dkt. 71 ¶ 12.) Again, Compass refused to agree to any adjustment. (*Id.* at Ex. B.) As a result, on February 9, 2026, NWMLS was forced to file a motion to amend the case schedule. (Dkt. 70.) It was not until *after* NWMLS was forced to expend resources and file a

MOTION TO AMEND CASE SCHEDULE- 4
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153001318.2 0068832-00015

motion that counsel for Compass decided that "in the interest of certainty on the schedule and compromise" to agree to adjust the case schedule. (Power Decl. ¶ 5, Ex. A.) On February 18, 2026, the parties filed a second stipulated motion to amend the case schedule, granted by the Court on March 2, 2026. (Dkt. 78, 81.)

The parties are now in the same procedural position, with the fact discovery cutoff fast approaching and significant discovery—in particular with respect to Compass's improperly withheld documents and NWMLS's discovery to be propounded on its newly-filed counterclaims. NWMLS asked Compass to agree to adjust the case schedule given the current procedural status, for the sake of both parties. (Power Decl. ¶ 7.) Compass refused, offering no justification at all. (*Id.*)

## D.  Status of Fact Discovery

### 1.  The Parties Have Engaged in Extensive Written Discovery—On Compass's Claims Only

The parties have engaged in extensive written discovery. To date, Compass has issued 71 requests for production, 20 interrogatories, and 10 requests for admission. (Power Decl. ¶ 8.) NWMLS, in turn, has issued 102 requests for production, 22 interrogatories, and 14 requests for admission. (*Id.*) All of this discovery is specific to Compass's claims only. (*Id.*)

The parties agreed to a substantial completion deadline of January 30, 2026, for production of documents. (Dkt. 55.) As outlined in NWMLS's motions to compel, key documents from Compass remain outstanding. (Dkt. 74, 99.) Compass's gamesmanship is not well taken. Compass's initial production was severely backlogged, with over 90% of Compass's production held back until the final weeks before the substantial completion deadline. (Power Decl. ¶ 9.) It was not until Compass's production on January 30, 2026, the substantial completion <u>deadline itself</u>, that Compass finally produced data responsive to NWMLS's initial requests for production issued in September 2025. (*Id.*)

MOTION TO AMEND CASE SCHEDULE- 5
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153001318.2 0068832-00015

## 2.    Compass Continues to Withhold Key Documents

On February 19, 2026, Compass responded to NWMLS's interrogatories, requests for admission, and supplemental requests for production. (Dkt. 100 ¶¶ 2-4, Ex. A-C.) In its responses, Compass indicated that it would be making a supplemental production of, among other things, data sets that are critical to NWMLS's expert analysis to defend against Compass's claim. (*Id.* ¶ 4, Ex. C at Request for Production Nos. 95, 96, 97, 99.) NWMLS notified Compass of deficiencies with its discovery responses, and duly conferred with counsel. (*Id.* ¶ 5, Ex. D.) On March 31, 2026, Compass agreed to supplement its interrogatory answers and responses to requests for admission, and confirmed that with respect to the "additional data that we committed to produce in response to NWMLS's Fourth Set of RFPs" …. Compass was "working to identify and collect the data and will produce it promptly." (*Id.* ¶ 7, Ex. E.) NWMLS took Compass at its word, but Compass has not delivered. (*Id.* ¶¶ 8,9, Ex. F.) Compass's continued withholding of key material that it promised to produce is now the subject of NWMLS's second motion to compel. (*Id.*)

## 3.    NWMLS Has Two Motions to Compel Pending

NWMLS sought, by telephonic motion, to compel Compass to add two individuals, Neda Navab and Sam Kraemer, as custodians for document production. (Dkt. 63.) The Court denied the motion without prejudice to NWMLS bringing the motion using the expedited process under LCR 37, which NWMLS promptly did. (Dkt. 74.) The motion was noted for consideration on February 13, 2026. (*Id.*) If the Court grants NWMLS's motion, Compass will be required to supplement its production from the custodial files of Ms. Navab and Mr. Kraemer. (Dkt. 74-1.) NWMLS intends to rely on such documents to inform potential fact witness depositions. (Dkt. 74 at 3.)

To address Compass's failure to produce promised supplemental discovery responses and documents, including critical data sets, as noted above, on May 17, 2026, NWMLS was forced to file a motion to compel. (Dkt. 99.) These productions are needed well before NWMLS takes the depositions of Compass witnesses. (Power Decl. ¶ 10.)

MOTION TO AMEND CASE SCHEDULE- 6
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153001318.2 0068832-00015

**4.    NWMLS is Now Propounding Discovery to Support its Newly-Filed Counterclaims**

NWMLS just filed its amended counterclaims on May 14, 2026. (Dkt. 98.) NWMLS will shortly be propounding discovery to Compass and third parties to support its counterclaims. (Power Decl. ¶ 11.) NWMLS's discovery requests with respect to its counterclaims, however, will run up against the current deadline for the close of fact discovery.

**5.    No Depositions Have Been Taken.**

No depositions have been taken in this case. (Power Decl. ¶ 12.) For several weeks, the parties considered potential mediation, ultimately agreeing to a mediator and confirming a date (June 16, 2026) and location. (*Id.* ¶ 13.) To avoid incurring unnecessary costs pending mediation, NWMLS asked Compass to agree, in good faith, to pause the litigation for one month and consider an amended case schedule. (*Id.*) Compass refused. (*Id.*) Late on May 14, 2026, Compass counsel notified NWMLS counsel that Compass refused to pause the litigation pending mediation. (*Id.*) The next day, Compass counsel indicated that Compass likewise refused to agree to any adjustment to the case schedule. (*Id.*) Mediation was cancelled. (*Id.*) Hours later, Compass notified NWMLS that Compass would soon be issuing deposition notices on unilaterally determined dates, without any discussion of availability or timing. (*Id.*)

**E.    Proceeding under the Existing Case Schedule is Unrealistic.**

In their stipulated motion filed on February 18, 2026, the parties articulated good cause including:

- NWMLS's motion to dismiss, Dkt. 27, was fully briefed on July 28, 2025, and argued on September 30, and has thus been pending for most of the discovery period. Should NWMLS' motion be granted in part or denied, NWMLS will then answer the complaint and intends to assert counterclaims.

- Document discovery is in process.

- To date, no depositions have been scheduled or taken.

MOTION TO AMEND CASE SCHEDULE- 7
(CASE NO. 2:25-cv-00766 – JNW)

(Dkt. 78 at 1-2.) The Court found good cause and granted the parties' requested relief. (Dkt. 81.) The same good cause grounds, above, on which the Court granted the parties' prior stipulated motion, remain true today.

Proceeding under the current case schedule is unrealistic. In addition to the procedural posture of outstanding discovery as set forth above, the current schedule is unworkable due to unavailability of counsel in the short time remaining before the fact discovery cutoff. NWMLS's lead Washington counsel, Vanessa Power, who will be responsible for handling the majority of depositions, is also lead counsel in other cases with conflicting deadlines. (Power Decl. ¶ 14.) Ms. Power is scheduled to be in Los Angeles for in-person hearings in a case pending in the C.D. California on at least May 29 and June 12 (and potentially June 5), all of which require travel the day in advance; in Wenatchee, Washington for an in-person hearing on June 18 that will require travel on June 17; handling a remote hearing on dispositive motions in King County Superior Court on June 4; and handling a remote hearing in California Superior Court (San Diego County) on June 11. In addition, Ms. Power is currently scheduled to cover depositions in another case during June, for which Ms. Power is seeking to secure coverage. (*Id.*) In addition, NWMLS's lead antitrust counsel, Claude Szyfer, who will take, defend, and participate in key depositions, is unavailable on June 2 and due to participation in an arbitration proceeding in Minneapolis, Minnesota, and between June 24-30. (*Id.*)

## II. ARGUMENT AND AUTHORITY

### A.   Legal Standard.

Under Fed. R. Civ. P. 16(b)(4), a case schedule may be modified for good cause and with the Court's consent. The good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, to establish "good cause" to modify a scheduling order, the requesting party must generally show that it cannot meet the existing deadlines despite the exercise of due diligence. *Id*. The Court has "broad discretion" to modify the case schedule. *United States v. Flynt*, 756 F.2d 1352, 1358

MOTION TO AMEND CASE SCHEDULE- 8
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

(9th Cir. 1985). A scheduling order may be modified "it if cannot reasonably be met despite the diligence of the party seeking" the modification. *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes). Local Civil Rule 16(b)(6) is in accord, providing that a schedule "may be modified only for good cause and with the judge's consent." LCR 16(b)(6) further provides that the "failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Likewise, the Court's procedures provide that dates in the Court's trial scheduling order "can only be altered by the Court upon a showing of good cause." *See* Chambers Procedures – Civil for U.S. District Judge Jamal N. Whitehead at Procedure 5.5. There is good cause to amend the case schedule here.

**B.      Good Cause Exists To Modify the Case Schedule Because NWMLS Has Been Diligent and the Current Case Schedule Cannot Reasonably be Met.**

NWMLS has been diligent in addressing the case schedule. NWMLS has been responsive in full to Compass's voluminous discovery requests. (Power Decl. ¶ X.) Indeed, there is no discovery outstanding from NWMLS to Compass. (*Id.*) NWMLS has also diligently sought discovery from Compass and third parties to defend against Compass's claims. (Dkt. 75 ¶¶ 3, 8, 10.) NWMLS moved to compel inclusion of key custodial documents in Compass's productions. In addition to the custodial documents, other ample—and critical—discovery from Compass remains outstanding. This includes key data sets that NWMLS needs to conduct expert analysis of Compass's claims that were due on February 19, 2026. Compass agreed to produce the data sets but, without any explanation, continues to withhold them. The production is now more than 90 days past-due and is the subject of a motion to compel. This reflects NWMLS's diligence in pursuing discovery. Compass's intransigence in slow-rolling productions is inexcusable.

NWMLS has also been diligent with respect to its counterclaims, which were just recently filed. NWMLS is preparing party and third-party discovery requests specific to its counterclaims now. The timing is not due to lack of diligence by NWMLS; it is due entirely to the procedural posture of the case, as NWMLS's amended counterclaims were just filed on May 14, 2026. Had

MOTION TO AMEND CASE SCHEDULE- 9
(CASE NO. 2:25-cv-00766 – JNW)

153001318.2 0068832-00015

NWMLS attempted to pursue discovery as to *anticipated* counterclaims previously, such discovery would have been deemed premature. Nor have the parties engaged in third-party discovery on NWMLS's counterclaims or affirmative defenses for the same reason.

NWMLS has also been diligent in addressing its concerns about the case schedule, both with counsel for Compass and the Court. Although Compass has plainly needed the same relief, each of the past case schedule amendments were prompted by NWMLS, each resulted in NWMLS being forced to prepare, or file, a motion to amend, though each ultimately concluded with Compass stipulating to amendment. Such gamesmanship wastes the time and resources of the parties and the Court.

Good cause exists where discovery on a claim is outstanding due to a pending motion. In *Thykkuttathil v. Keese*, a party sought leave of the court to extend discovery deadlines. 294 F.R.D. 601, 603 (W.D. Wash. 2013). The *Thykkuttathil* court found good cause existed because some discovery had been delayed while the parties awaited the court's ruling on several discovery motions. *Id. See also Ten Bridges, LLC v. Midas Mulligan, LLC*, 522 F.Supp.3d 856, 868 (W.D. Wash. 2021) (finding good cause to extend a scheduling order where a party delayed in bringing a counterclaim until a related issue of law was decided). Likewise, in *Doe v. Trump*, the court found good cause to extend discovery deadlines where the party seeking an extension attempted in good faith to adjust discovery requests based on objections. 329 F.R.D. 262, 272 (W.D. Wash. 2018). The *Doe v. Trump* court concluded that the extension was warranted because both parties took "more time than the court anticipated to complete the [] discovery at issue" and the party opposing the extension failed to explain why an extension would cause them undue prejudice. *Id.* at 273. The same analysis applies here, where NWMLS has just filed its counterclaims following the Court's recent ruling on NWMLS's motion to dismiss. Compass has had 10 months to secure discovery on its claims. NWMLS has the right to secure outstanding discovery from Compass to defend against Compass's claims, and indisputably has a right to now secure discovery to

MOTION TO AMEND CASE SCHEDULE- 10
(CASE NO. 2:25-cv-00766 – JNW)

153001318.2 0068832-00015

prosecute its own counterclaims. Compass's suggestion that NWMLS's counterclaim discovery should somehow be compressed into a 2-month period is absurd.

Finally, NWMLS's request to amend the case schedule is timely. Under Fed. R. Civ. P. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … if a request is made before the original time or its extension expire." That is precisely the case here, where NWMLS seeks to extend the fact discovery cutoff and remaining case deadlines before they have run.

### C.    Compass Has Articulated No Prejudice.

While not the focus of the good cause analysis under Rule 16, prejudice to the party opposing extension of a case schedule is also considered. Here, Compass has articulated no prejudice that would result from amending the case schedule as proposed by NWMLS. That is because the proposed, amended case schedule would not prejudice Compass. Compass has not filed a motion for a preliminary injunction to block NWMLS's rules. Compass has provided no basis for its position beyond posturing.

Compass's position is self-serving in the extreme. No discovery is outstanding from NWMLS to Compass. Compass thus apparently feels confident in proceeding to close out fact discovery. But Compass owes key, outstanding discovery to NWMLS. And NWMLS has yet to propound or secure any discovery related to its counterclaims, not for lack of diligence but solely due to the procedural posture of the case. There can be no reasonable dispute that additional time is needed to, at a minimum, allow NWMLS to secure outstanding discovery from Compass and discovery related to its counterclaims, let alone schedule and take party and third-party depositions. As explained above, trying to force all depositions to proceed in the limited weeks remaining is simply unworkable due to the unavailability of NWMLS's counsel. Indeed, the prejudice that will result if the case schedule is not amended is to NWMLS.

MOTION TO AMEND CASE SCHEDULE- 11
(CASE NO. 2:25-cv-00766 – JNW)

153001318.2 0068832-00015

**D.      Proposed Amended Case Schedule.**

NWMLS proposes an amended case schedule that sets remaining deadlines out by 120 days. NWMLS made this proposal to Compass and it was flatly rejected, without explanation or a counter-proposal. NWMLS's proposal accounts for the current status of the case.

### III. CONCLUSION

NWMLS does not bring this motion to delay the case. Far from it. NWMLS proceeded in discovery in good faith pending ruling on its motion to dismiss, completed its discovery responses to Compass, and has been diligent in pursuing outstanding discovery from Compass. The proposed amended schedule is a fair and practical resolution to managing upcoming case deadlines. Good cause exists to amend the case schedule, and Compass has articulated no reasonable objection or counterproposal, let alone prejudice that will result from the proposed extension. NWMLS's proposed amendment to the case schedule should be granted.

*I certify that this memorandum contains 3,623 words, in compliance with the Local Civil Rules.*

MOTION TO AMEND CASE SCHEDULE- 12
(CASE NO. 2:25-cv-00766 – JNW)

DATED: May 18, 2026

STOEL RIVES LLP

*s/ Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
Rachel Hay, WSBA No. 60245
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Email: vanessa.power@stoel.com
Email: rachel.hay@stoel.com

Claude Szyfer (*pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*pro hac vice*)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

MOTION TO AMEND CASE SCHEDULE- 13
(CASE NO. 2:25-cv-00766 – JNW)

153001318.2 0068832-00015