The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

COMPASS, INC. and COMPASS WASHINGTON, LLC,

Plaintiffs,

v.

NORTHWEST MULTIPLE LISTING SERVICE,

Defendant.

Case No. 2:25-cv-00766-JNW

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

NOTING DATE: May 21, 2026

*Oral Argument Requested*

## I.    INTRODUCTION

NWMLS did not oppose Compass's Motion to Dismiss. Instead, NWMLS filed an Amended Answer, Affirmative Defenses, and Counterclaims (the "Amended Counterclaims"). Dkt. 98. In filing the Amended Counterclaims without a motion establishing its good cause, as required by Federal Rule of Civil Procedure 16, NWMLS overlooked that the deadline for amending pleadings lapsed on November 10, 2025, pursuant to this Court's Order Setting Trial Date and Related Dates dated June 20, 2025. Dkt. 26. As such, NWMLS's amendments were subject to Rule 16 and its good cause requirement. NWMLS did not and cannot show good cause. The Amended Counterclaims include no allegations that could not have been included in the original Counterclaims. Because the

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 1
Case No. 2:25-cv-00766-JNW

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

Amended Counterclaims were improperly filed, Compass's Motion to Dismiss is ripe and should be granted for all the reasons set forth in the Motion.

## II.    PROCEDURAL HISTORY

In June 2025, this Court set a deadline to amend pleadings of November 10, 2025. Dkt. 26. In December 2025, the parties filed a stipulated motion to amend the case schedule memorializing that "NWMLS intends to assert counterclaims." Dkt. 55 at 2. NWMLS did not seek relief from the deadline to amend pleadings, which had lapsed the month before, meaning it would have to support any amendment of its counterclaims with a showing of good cause as required by Rule 16. Although the parties thereafter stipulated to the extension of *other* case deadlines—for the second time in February 2026—the deadline to amend pleadings has never been amended and lapsed more than six months ago. Dkt. 78 (Stipulated Motion); Dkt. 81 (Order). NWMLS also refused to provide any insight as to the nature and scope of its counterclaims before filing them. Dkt. 71-2, Ex. B at 1 (Feb. 2, 2026 email from Compass counsel to NWMLS counsel) ("The sole basis for your request for a further extension is based on your purported counterclaims. In order to evaluate that request, and the amount of time you've proposed, we wanted to understand the nature and scope of your claims. That request is not 'misplaced,' but we understand your position that you will not give us that information. Nothing has prevented or is preventing NWMLS from filing its claims. You could have asserted them at any time…."); *see also* Dkt. 102-1 (Compass's counsel referring to the "purported counterclaims" on Feb. 11, 2026).

NWMLS waited until April 2, 2026, to file its Counterclaims. Despite having nearly a year to prepare the Counterclaims and the benefit of more than 200,000 pages of documents produced by Compass in this case, NWMLS chose to limit its allegations of harm to a speculative claim of "database injury." *See* Dkt. 88, ¶¶ 50, 69. *After* Compass filed this Motion to Dismiss directed to gating defects in the Counterclaims, NWMLS granted itself relief from the deadline to amend pleadings and filed the Amended Counterclaims, without seeking leave of the Court or articulating good cause for delay, as required by Rule 16. Among its handful of amended allegations, none of

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS DEFENDANT'S COUNTERCLAIMS - 2
Case No. 2:25-cv-00766-JNW

which changes the outcome, NWMLS asserts for the first time a new theory of harm (costs not fairly traceable to Compass) that it would have known of even before Compass brought this lawsuit. *See* Dkt. 98, ¶¶ 35, 64 (claiming "increased operational costs" for the first time).

### III.   COMPASS'S MOTION TO DISMISS SHOULD BE GRANTED

Once the court files a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 and the deadline for amending a pleading has passed, a party's motion to amend is governed by Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Accordingly, where, as here, a party seeks to amend a pleading after the scheduling order deadline has passed, the "ability to amend . . . [i]s governed by Rule 16(b), not Rule 15(a)." *Id.* Under Rule 16(b), NWMLS is obligated to establish good cause. *Lamberth v. Clark Cnty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) ("Once the pleadings amendment deadline has passed, a moving party must satisfy Federal Rule of Civil Procedure 16(b)'s 'good cause' standard to change the scheduling order's deadlines before a court will consider on the merits whether Rule 15(a)'s liberal amendment standard has been satisfied."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

NWMLS failed to so much as acknowledge these standards. It filed the Amended Counterclaims without seeking leave or articulating good cause for the delay. But even if it had complied with the pleading requirements, NWMLS could not have satisfied the good cause standard. NWMLS's original Counterclaims were facially deficient in fundamental ways, as explained in Compass's moving brief. It is unclear why NWMLS failed to include the scant new allegations it adds to its Amended Counterclaims in its original pleading, as it plainly could have. If anything, the Amended Counterclaims highlight both the absence of good cause and futility of amendment.[1]

---

[1] Although NWMLS had notice of the defects raised in Compass's Motion to Dismiss when it filed the improper Amended Counterclaims, the few amended allegations therein do not remedy the fatal deficiencies raised by Compass's Motion. As such, any further grant of leave to amend would be futile and leave to amend should be denied.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS DEFENDANT'S COUNTERCLAIMS - 3
Case No. 2:25-cv-00766-JNW

NWMLS's conduct, at best, amounts to "carelessness" and, at worst, reflects an attempt to manufacture a briefing delay to secure an extension of other trial deadlines.[2]

As the amended pleading was improperly filed, the original counterclaims filed at Docket 88 are operative and Compass's motion to dismiss is properly pending before the Court. If necessary, Compass will present its arguments in a second motion to dismiss the Amended Counterclaims. Notwithstanding the procedural impropriety and the delay and expense of a second motion to dismiss, to avoid delay of the proceedings—and the prejudice that delay inflicts upon Compass—Compass will proceed with the timely filing of a motion to dismiss the Amended Counterclaims unless otherwise directed by the Court.

## IV.   CONCLUSION

Compass respectfully submits that the Counterclaims are operative and should be dismissed for the reasons set forth in Compass's motion to dismiss.

DATED this 21st day of May, 2026.

SUMMIT LAW GROUP, PLLC

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

I CERTIFY THAT THIS MOTION CONTAINS 1,084 WORDS, IN COMPLIANCE WITH THE LOCAL CIVIL RULES.

By: *s/ Eva Sharf Oliver*
Alexander A. Baehr, WSBA #25320
alexb@summitlaw.com
Eva Sharf Oliver, WSBA #57019
evao@summitlaw.com
Selby P. Brown, WSBA No. 59303
selbyb@summitlaw.com
Molly J. Gibbons, WSBA No. 58357

---

[2] Earlier this week, on May 18, 2026, NWMLS filed a motion to amend the case schedule, relying in part on the counterclaims it has contemplated since before December 5, 2025. Dkt. 101 (NWMLS's Motion to Amend Case Schedule); Dkt. 55.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 4
Case No. 2:25-cv-00766-JNW

mollyg@summitlaw.com
315 Fifth Avenue S., Suite 1000
Seattle, Washington 98104
Telephone: (206) 676-7000

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS DEFENDANT'S COUNTERCLAIMS - 5
Case No. 2:25-cv-00766-JNW

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001