HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. AND COMPASS
WASHINGTON, LLC

      Plaintiffs,

    v.

NORTHWEST MULTIPLE LISTING
SERVICE,

      Defendant.

Case No. 2:25-cv-00766 - JNW

DEFENDANT NWMLS'S MOTION TO
STRIKE COMPASS'S MOTION TO
DISMISS (DKT. 93) AS MOOT

NOTE ON MOTION CALENDAR:
June 16, 2026

Plaintiffs Compass, Inc. and Compass Washington, LLC (collectively, "Compass") know and have known for many months that Defendant Northwest Multiple Listing Service ("NWMLS") intended to assert counterclaims and to take further discovery in the event its motion to dismiss (Dkt. 27) was denied. When the Court denied NWMLS's motion to dismiss on March 19, 2026, NWMLS timely filed its Answer, Affirmative Defenses, and Counterclaims. Compass moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in lieu of an opposition, NWMLS timely and properly filed amended counterclaims. Compass now takes issue and seeks to deprive NWMLS of its right to amend its pleadings as a matter of course under Federal Rule of Civil Procedure 15(a). Compass's motion to dismiss and reply (Dkts. 93, 104) should be stricken as moot.

DEFENDANT NWMLS'S MOTION TO STRIKE - 1
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

Compass's position is contrary to this Court's application of the Rules of Civil Procedure and untethered to the procedural complexities of this case. Under Rules 12(a)(4)(A) and 15(a)(1)(B), NWMLS was fully within its right to amend its Answer, Affirmative Defenses, and Counterclaims in lieu of opposing Compass's Rule 12(b)(6) motion. NWMLS's Amended Answer, Affirmative Defenses, and Counterclaims is now the operative pleading to which Compass must respond. Indeed, Compass itself admits that despite its protests, a second motion to dismiss addressing NWMLS's amended counterclaims is already underway. (*See* Dkt. 104 at 4.) As such, NWMLS respectfully submits that Compass's motion to dismiss and reply should be stricken as moot.

## I.    RELEVANT PROCEDURAL BACKGROUND

Compass filed its Complaint on April 25, 2025, alleging that NWMLS violated federal antitrust law and tortiously interfered with Compass's contractual and business expectancies by enforcing its membership rules and bylaws—terms which Compass had accepted as a condition of its membership within the organization. (Dkt. 1.) On June 30, 2025, NWMLS filed a motion to dismiss Compass's claims. (Dkt. 27.) The Court held oral argument on NWMLS's motion to dismiss on September 30, 2025. (Dkt. 51.)

While the motion to dismiss remained pending, the parties twice negotiated an extension of the pre-trial deadlines in the initial Scheduling Order (Dkt. 26), issued June 20, 2025. As the parties recounted in their first Stipulated Motion to Amend Case Schedule (Dkt. 55):

> The Court may amend the case schedule for good cause. Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992); *Thykkuttathil v. Keese*, 294 F.R.D. 601, 603 (W.D. Wash. 2013) (finding good cause where portions of discovery were delayed pending the court's ruling on a motion). Such good cause exists here. NWMLS' motion to dismiss, Dkt. 27, was fully briefed on July 28, 2025, argued on September 30, and has thus been pending for most of the discovery period. **Should NWMLS' motion be granted in part or denied, NWMLS will then answer the complaint and intends to assert counterclaims**. Document discovery is in process. To date, no depositions have been scheduled or taken.

DEFENDANT NWMLS'S MOTION TO STRIKE - 2
(CASE NO. 2:25-cv-00766 – JNW)

153069595.3 0068832-00015

> Under the current case schedule, the close of both fact and expert discovery is January 23, 2025. Dkt. 54. **That leaves insufficient time for the parties to complete discovery, especially where, as here, NWMLS' motion to dismiss remains pending and NWMLS has yet to answer the complaint and assert its affirmative defenses and counterclaims against Compass**.

(*See* Dkt. 55 at 1-2 (emphases added); *see also* Dkt. 78 at 1-2.)

The Court denied the motion to dismiss on March 19, 2026. (Dkt. 86.) Consistent with Rule 12(a)(4)(A), following entry of the Court's Order, NWMLS timely answered Compass's Complaint and asserted counterclaims against it for declaratory relief, violations of the Consumer Protection Act, fraudulent misrepresentation, and tortious interference with contract. (Dkt. 88.) Compass moved to dismiss NWMLS's counterclaims on April 23, 2026. (Dkt. 93.)

On May 14, 2026, NWMLS filed its Amended Answer, Affirmative Defenses, and Counterclaims (the "Amended Counterclaims"), as permitted under Rule 15(a)(1)(B), thereby mooting Compass's motion. (Dkt. 98.) On May 21, 2026, Compass filed a reply on its since-mooted briefing (Dkt. 104), arguing that the Amended Counterclaims are not "operative" because of the initial superseded Scheduling Order, which set the deadline to amend pleadings as November 10, 2025—over four months before the Court even had an opportunity to rule on NWMLS's motion to dismiss (*id.*).

## II. ARGUMENT AND AUTHORITY

### A.    Legal Standard.

Under Federal Rule of Civil Procedure 12(a), the filing of a Rule 12(b) motion alters the time by which a party must serve an answer. *See* Fed. R. Civ. P. 12(a); *see also Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made *before* the responsive pleading." (emphasis in original)). If the Court denies the 12(b) motion, then the party shall have "14 days after notice of the court's action" to serve its responsive pleading. Fed. R. Civ. P. 12(a)(4)(A). Moreover, the Federal Rules make clear that a Rule 12(b)(6) motion itself is not a responsive pleading. *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d

DEFENDANT NWMLS'S MOTION TO STRIKE - 3
(CASE NO. 2:25-cv-00766 – JNW)

1099, 1104 n.3 (9th Cir. 2007) ("A Rule 12(b)(6) motion to dismiss is not such a responsive pleading as to cut off a plaintiff's right to amend once, without leave of court."). The same holds true for a defendant's right to amend counterclaims. *See Irwin Fin. Corp. v. E.M.P.P., Inc.*, No. CV-08-631-PHX-DGC, 2008 WL 4186163, at *1 (D. Ariz. Sept. 9, 2008 ) (holding that because a motion to dismiss is not a responsive pleading within the meaning of Rule 15, a defendant was entitled to file its amended counterclaim as a matter of course (citing *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995))).

A pleading may be amended "once as a matter of course no later than … 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b) … whichever is earlier*." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added); *see also Thomas v. Amazon.com, Inc.*, No. C21-661 MJP, 2021 WL 3849357, at *1 (W.D. Wash. Aug. 27, 2021) ("A party has the right to file an amended pleading within 21 days after service of a motion to dismiss."). An amended pleading that coincides with an unopposed motion to dismiss the original complaint or counterclaims "supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Thus, "courts routinely deem a motion to dismiss moot when the opposing party timely files an amended pleading instead of an opposition brief." *Iceberg v. Kroger Co.*, No. C25-2342JLR, 2025 WL 3765141, at *1 (W.D. Wash. Dec. 30, 2025); *see also, e.g.*, *Metcalf v. City of Sedro-Woolley*, No. 2:24-CV-1842-JNW, 2024 WL 5263746, at *1 (W.D. Wash. Dec. 30, 2024) (striking as moot defendants' motion to dismiss on the grounds that the "amended complaint supersedes the original complaint and renders it without legal effect" (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012))); *Morningstar v. Amazon.com Servs. LLC*, No. 2:25-CV-628-JNW, 2025 WL 2645641, at *1 (W.D. Wash. Sept. 15, 2025) (same).

**B.     NWMLS's Amended Counterclaims Moot Compass's Motion to Dismiss.**

NWMLS's timing of its responsive pleadings and Amended Counterclaims fully satisfied the procedural prerequisites of Rules 12(a) and 15(a). On April 2, 2026, following the Court's

DEFENDANT NWMLS'S MOTION TO STRIKE - 4
(CASE NO. 2:25-cv-00766 – JNW)

153069595.3 0068832-00015

Order denying its motion to dismiss on March 19, 2026, NWMLS filed its Answer, Affirmative Defenses, and Counterclaims on April 2, 2026. (Dkt. 88.) There is no dispute that NWMLS's Answer was timely, as it was served within 14 days after the Court's action on the motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A).

Compass's motion to dismiss was filed on April 23, 2026. (Dkt. 93.) Exactly 21 days later, NWMLS timely filed its Amended Counterclaims as a matter of course. (Dkt. 104); *see* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than … 21 days after service of a motion under Rule 12(b)."). Therefore, NWMLS's original counterclaims, which are the subject of Compass's motion to dismiss, have been superseded. *See Ramirez*, 806 F.3d at 1008 (When amended pleadings are filed, "the original pleading no longer performs any function." (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992))); *see also Le'Taxione v. Babcock*, No. 3:19-CV-05251-BHS-JRC, 2019 WL 1984276, at *2 (W.D. Wash. May 3, 2019) (holding that "[a]n amended complaint supersedes all previous complaints" and "will act as a complete substitute for the original complaint and not as a supplement").

As this Court has observed time and again, the filing of an amended pleading moots the application of Compass's motion to dismiss. *See, e.g.*, *CoStar Grp. Inc. v. Zillow Grp.*, No. 2:25-cv-02591-JNW (Apr. 10, 2026), Dkt. 75 (minute order striking as moot Defendant's motion to dismiss "[b]ecause Plaintiffs' Amended Complaint supersedes the first"); *Carlson v. Birney*, No. 2:25-cv-00514-JNW (June 30, 2025), Dkt. 16 (minute order striking pending motion to dismiss as moot due to timely filed amended complaint); *Sea Mar Comm'n Health Ctrs. v. Accreditation Council for Graduate Med. Educ.*, No. 2:24-cv-00896-JNW (Jan. 16, 2025), Dkt. 51 (striking motion to dismiss as moot because it was not "directed at the Second Amended Complaint"). Accordingly, NWMLS is entitled to an order striking Compass's motion to dismiss as moot under Rule 15.

DEFENDANT NWMLS'S MOTION TO STRIKE - 5
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153069595.3 0068832-00015

### C.     The Court Should Reject Compass's Procedural Gamesmanship.

In an attempt to avoid the merits, Compass tries to shoehorn NWMLS's Amended Counterclaims into Rule 16, complaining that "NWMLS waited until April 2, 2026, to file its Counterclaims" and that NWMLS should have sought leave from the Court to file its counterclaims under Rule 16(b)(4) because the deadline for amending pleadings under the original Scheduling Order had passed. (Dkt. 104 at 2-3.) This is absurd. Compass's argument ignores the procedural posture of the case, misrepresents NWMLS's diligence, and, if accepted, would result in an illogical and contorted application of this Court's liberal pleading standards and the Rules governing amendment of pleadings.

For one, Compass fails to engage with the fact that both NWMLS's motion to dismiss (Dkt. 27) and its Answer (Dkt. 88) were timely filed and fully in accord with the requirements of Rule 12(a)(4)(A). To insinuate that NWMLS in any way delayed bringing its counterclaims until April 2 ignores the fact that NWMLS's counterclaims were not due until after the Court ruled on NWMLS's motion to dismiss. NWMLS's motion to dismiss, if granted, would have been dispositive of the entirety of Compass's claims. NWMLS was not required to preemptively answer the Complaint under Rule 12(a)(4)(A), or any other Rule for that matter, until the motion to dismiss was resolved.

Second, it is unrefuted that Compass knew that NWMLS would file counterclaims and propound additional discovery if it did not prevail on its motion to dismiss—in fact, Compass readily signed onto two nearly-identical stipulated motions to amend the Scheduling Order, both of which affirmed that "[s]hould NWMLS's motion be granted in part or denied, NWMLS will then answer the complaint and intends to assert counterclaims" and both of which stated that an extension of discovery deadlines was necessary, as NWMLS was waiting to "assert its affirmative defenses and counterclaims against Compass." (Dkts. 55, 78; *see also* Dkt. 104 at 2 (admitting that the stipulated motion to amend the case schedule memorialized NWMLS's intent to assert counterclaims).) In sum, Compass's complaints about NWMLS's diligence are disingenuous.

DEFENDANT NWMLS'S MOTION TO STRIKE - 6
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

153069595.3 0068832-00015

Compass's legal argument—that NWMLS's should have sought leave of the Court under Rule 16(b)(4) before filing its Amended Counterclaims—also lacks merit. Compass represents that because the deadline to amend pleadings under the initial Scheduling Order was November 10, 2025, NWMLS should have sought leave of the Court to file its Amended Counterclaims. (Dkt. 104 at 2.) But NWMLS could not have filed, much less amended, its counterclaims by November 10, 2025, because its motion to dismiss, which had been filed on June 30, 2025, was still pending. Following Compass's argument to its logical end, NWMLS must have either prematurely filed its Answer and sought an extension of the deadline to amend pleadings while waiting for the resolution of its dispositive motion, or entirely forfeited its right to amend as a matter of course under Rule 15(a)(1)(B). Either result is equally absurd. Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court compels NWMLS to make such an impossible choice.

Even if the Court were to apply Rule 16(b)(4) to NWMLS's Amended Counterclaims, Compass's all-or-nothing approach is in tension with the Ninth Circuit's liberal treatment of the Rules governing amended pleadings. *See DeGross v. Hunter*, No. 3:24-CV-05225-DGE, 2026 WL 1091288, at *12 (W.D. Wash. Apr. 22, 2026) ("A district court 'should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (citation omitted)). Although Compass gestures that it believes NWMLS's Amended Counterclaims to be futile, it offers no specifics that would support the dismissal of such claims beyond vague statements. (*See* Dkt. 104 at 3 n.1 (stating that "the few amended allegations do not remedy the fatal deficiencies raised by Compass's Motion").)

Rhetoric and procedural artifice aside, Compass appears to concede that its motion to dismiss NWMLS's original counterclaims is moot. (*See id.* at 4 (stating that "Compass will proceed with the timely filing of a motion to dismiss the Amended Counterclaims unless otherwise directed by the Court").) To that end, the Court should grant NWMLS's motion to strike.

DEFENDANT NWMLS'S MOTION TO STRIKE - 7
(CASE NO. 2:25-cv-00766 – JNW)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

153069595.3 0068832-00015

### III. CONCLUSION

NWMLS timely filed its Answer and Amended Counterclaims under Rule 12(a)(4)(A) and Rule 15(a)(1)(B). The Court should strike Compass's pending motion to dismiss and reply (Dkt. 93, 104) as moot.

*I certify that this memorandum contains 2,269 words, in compliance with the Local Civil Rules.*

DATED: May 26, 2026

STOEL RIVES LLP

*s/ Vanessa Soriano Power*
Vanessa Soriano Power, WSBA No. 30777
Rachel E. Hay, WSBA No. 60245
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Email: vanessa.power@stoel.com
Email: rachel.hay@stoel.com

Claude Szyfer (*pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*pro hac vice*)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

DEFENDANT NWMLS'S MOTION TO STRIKE - 8
(CASE NO. 2:25-cv-00766 – JNW)

153069595.3 0068832-00015