HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. AND COMPASS
WASHINGTON, LLC

                Plaintiffs,

      v.

NORTHWEST MULTIPLE LISTING
SERVICE,

                Defendant.

Case No. 2:25-cv-00766-JNW

NWMLS'S MOTION TO COMPEL
MICHAEL ORBINO'S SUBPOENA
RESPONSE

NOTE ON MOTION CALENDAR:
June 22, 2026

Under a valid subpoena served in December 2025, Northwest Multiple Listing Service ("NWMLS") sought production of a limited set of documents from a third-party Compass broker, Michael Orbino. Mr. Orbino is represented by counsel. In March 2026, Mr. Orbino attempted to issue written objections—which by that time were long since waived—but affirmed that he would produce responsive records. Despite several more months of follow-up, Mr. Orbino has yet to make any production, let alone the documents he stated he would produce. With the current fact discovery cutoff fast approaching (July 2, 2026), NWMLS needs Mr. Orbino's records to ensure comprehensive material is available to support its defenses against Compass, Inc.'s and Compass Washington, LLC's (collectively "Compass") claims. There is no excuse for Mr. Orbino's utter failure to respond to the subpoena.

NWMLS'S MOTION TO COMPEL ORBINO - 1
(CASE NO. 2:25-CV-00766-JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153125979.1 0068832-00015

## I.    RELEVANT FACTUAL BACKGROUND

On December 17, 2025, NWMLS served a subpoena *duces tecum* (the "Subpoena") on Michael Orbino.  (Declaration of Vanessa Power ("Power Decl.") **Ex. A** (Subpoena); **Ex. B** (Declaration of Service).) On January 9, 2026, after the Subpoena response deadline, counsel for Mr. Orbino notified counsel for NWMLS that Mr. Orbino was represented and scheduled a call to discuss his response. (*Id.* **Ex. C**.)

NWMLS then communicated multiple times, by email and conferral calls, regarding the Subpoena and timing of Mr. Orbino's response. (Power Decl. ¶¶ 7-10, 14-17.) For example, on March 3, 2026, NWMLS sent a letter to Mr. Orbino's counsel regarding his failure to timely object or respond to the Subpoena, noting that any objections had since been waived. (*Id.* **Ex. D**.) The parties met-and-conferred on March 11, 2026, at which time Mr. Orbino agreed to produce responsive documents by March 18, 2026. (*Id.* **Ex. E**.)  On March 19, 2026, three full months after service of the Subpoena, Mr. Orbino issued his belated responses and objections. (*Id.* **Ex. F**.) In his responses, Mr. Orbino pledged that he would produce responsive documents, stating that he:

- "*is producing* non-privileged email and text communications sent to or received by Plaintiffs, concerning the rollout of the 3-Phased Price Discovery and Marketing Strategy in the Seattle and King County area, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 1) (emphasis added).)

- "*is producing* non-privileged email and text communications sent to home sellers, concerning the 3-Phased Price Discovery and Marketing Strategy in the Seattle and King County area, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 2) (emphasis added).)

- "*is producing* non-privileged email and text communications sent to or received by Compass or non-Compass brokers, concerning any property marketed using the 3-Phased Price Discovery and Marketing Strategy in the Seattle and King County area,

NWMLS'S MOTION TO COMPEL ORBINO - 2
(CASE NO. 2:25-CV-00766-JNW)

153125979.1 0068832-00015

to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 3) (emphasis added).)

- "*will produce* listing agreements for properties which Mr. Orbino served as the listing agent, where the property was marketed with Compass's 3-Phased Price Discovery and Marketing Strategy in Washington, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 6) (emphasis added).)

- "*will produce* buyer representation agreements for any buyers Mr. Orbino represented in connection with the purchase of a property in Washington marketed using Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search. Mr. Orbino *will also produce* seller representation agreements for any seller Mr. Orbino represented in connection with the sale of a property in Washington marketed using Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 7) (emphases added).)

- "*will produce* non-privileged email and text communications sent to or received by Compass or non-Compass brokers and Plaintiffs, concerning NWMLS's rules as they relate to Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 8) (emphasis added).)

- "*will produce* non-privileged email and text communications sent to or received by Compass or non-Compass brokers and Plaintiffs, concerning NWMLS's Bylaws as they relate to Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 9) (emphasis added).)

- "*will produce* documents sufficient to show compensation paid to Mr. Orbino by any seller or buyer in connection with any property sold in Washington that used Compass's

NWMLS'S MOTION TO COMPEL ORBINO - 3
(CASE NO. 2:25-CV-00766-JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 10) (emphasis added).)

- "*will produce* non-privileged email and text communications sent to or received by Compass or non-Compass brokers and Plaintiffs, concerning NWMLS's suspension of Compass's IDX feed, to the extent any are identified after a Reasonable Search." (*Id.* at Response to Request No. 11) (emphasis added).)

NWMLS followed up numerous times on Mr. Orbino's failure to produce responsive documents, and offered Mr. Orbino multiple extensions of the deadline to produce the documents as promised. (*Id.* **Exs. G, H, I**.) Counsel for Mr. Orbino was largely unresponsive. (*Id.* ¶¶ 16, 17.) Ultimately, NWMLS's counsel notified Mr. Orbino's counsel that absent a response, NWMLS would be forced to file a motion to compel. (*Id.* ¶ 17.)

## II.   ARGUMENT

### A.   Legal Standard.

Civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Under Fed. R. Civ. P. 45(d)(2)(B), NWMLS is entitled to an order compelling production of the responsive documents that Mr. Orbino has already agreed that he "*is producing*" and that he "*will produce*."

### B.   The Court Should Compel Production of Discovery That Mr. Orbino Agreed to Produce Months Ago.

#### 1.   Mr. Orbino Waived Objections.

To timely preserve objections to a subpoena, "objection[s] must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here, Mr. Orbino's objections to the Subpoena are waived. His objections were not

NWMLS'S MOTION TO COMPEL ORBINO - 4
(CASE NO. 2:25-CV-00766-JNW)

untimely by a few days or a week, which would have been a non-issue. The objections were almost 10 weeks late. In the interim period, Mr. Orbino—via counsel—promised to be responsive to the Subpoena. There can be no reasonable dispute that Mr. Orbino's objections were waived. *See Wei Min Xu v. Weis*, 2023 U.S. Dist. LEXIS 26856, at *1, Case No. 2:22-cv-00118-TL (W.D. Wash. Feb. 16, 2023) (denying subpoena recipient's motion to quash as untimely); *see also Uzzell v. Teletech Holdings, Inc.*, No. C07-0232 MJP, 2007 WL 4358315, at *1 (W.D. Wash. Dec. 7, 2007) ("Because Plaintiff never objected, filed a motion to quash, or filed a motion for a protective order until more than two months after the subpoenas were issued, he has waived all objections to the subpoenas.").

### 2.    The Documents Sought are Relevant and Proportional.

A central issue in this case is Compass's launch of its "3-Phased Price Discovery and Marketing Strategy" ("3PM"), purportedly to offer sellers the ability to market and sell their homes through Compass's private networks, without simultaneously listing the property in the NWMLS database. (Dkt. 1 ¶¶ 7, 10, 49, 62-65.) NWMLS contends that the first two phases of the 3PM approach run afoul of NWMLS's rules governing access and transparency because Compass refuses to list the property with NWMLS, making a seller's listing invisible to non-Compass brokers representing potentially interested buyers. (Dkt. 98 at ¶¶ 16-32.) To address Compass's claims against NWMLS of alleged antitrust violations and antitrust injury, NWMLS sought discovery of material specifically to support its analysis of Compass's claims and assessment of its defenses. (*See* Power Decl., **Ex. A** (Subpoena).)

For example, under the Subpoena, NWMLS sought documents related to Compass's attempts to incentivize brokers to use 3PM, despite knowledge that doing so would be in violation of NWMLS Rules, by offering to increase compensation and indemnify brokers who incurred fines for rule violations. (*Id.* at Request No. 1.) NWMLS also sought copies of communications—from Compass to Mr. Orbino, a broker, reflecting Compass's representations regarding 3PM, from legal risks to the program's purported advantages, disadvantages, and/or risks to consumers.  (*Id.* at

NWMLS'S MOTION TO COMPEL ORBINO - 5
(CASE NO. 2:25-CV-00766-JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

Request Nos. 4, 5.) Likewise, NWMLS sought documents reflecting Mr. Orbino's own participation in the program, reflecting listing agreements, seller representation agreements, buyer agreements, for properties in Washington marketed using 3PM. (*Id.* at Request Nos. 6, 7.)

NWMLS does not seek privileged communications. Nor does NWMLS seek documents that are overbroad in scope. The documents sought are directly targeted to the claims and defenses at issue, and arise from specific allegations. Compass contends that its rollout of 3PM in Washington was limited. If that is the case, Mr. Orbino's responsive documents related to his participation in 3PM and the responsive documents he may have would be similarly limited.

Without Mr. Orbino's production that he agreed to provide, NWMLS has been delayed—and thus prejudiced—in its ability to assess defenses, identify witnesses for deposition, and support upcoming expert analysis.

### 3.      Mr. Orbino Already Agreed to Produce Responsive Documents.

This is not a dispute over relevance, burden, or scope. That is because Mr. Orbino has already agreed to produce responsive documents. (*See* **Ex. F**.) Mr. Orbino has simply failed to do so, despite numerous attempts to secure the documents short of Court intervention.

Mr. Orbino's deadline to respond to the Subpoena was January 2, 2026. It has now been five months. With the current fact discovery cutoff fast approaching, NWMLS cannot wait longer for Mr. Orbino's production. *See Alaska Airlines, Inc. v. Carey,* No. C07-5711RBL, 2009 WL 10677071, at *3 (W.D. Wash. Sept. 15, 2009) (granting motion to compel Request for Production No. 17, where defendant agreed to produce but had not yet produced documents); *Adams v. Hartz Mountain Corp.,* No. C14-1174RSL, 2015 WL 11251745, at *2 (W.D. Wash. Apr. 27, 2015) (granting in part plaintiff's motion to compel and holding that defendant had "not been diligent in meeting its discovery obligations" where defendant "agreed to begin the production of documents within two weeks," the "failure to produce was acknowledged," and the "production remained incomplete at the time the motion was filed").

NWMLS'S MOTION TO COMPEL ORBINO - 6
(CASE NO. 2:25-CV-00766-JNW)

**STOEL RIVES** LLP
**ATTORNEYS**
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153125979.1 0068832-00015

### III.    CONCLUSION

Mr. Orbino agreed to produce documents responsive to the Subpoena. Limited time remains for NWMLS to secure the documents so that it may rely on them in support of its defenses. Although NWMLS has a right to recover its fees and costs incurred in bringing this motion, it does not seek that recovery here. NWMLS simply seeks production of targeted, relevant material that Mr. Orbino already agreed to produce.

NWMLS's motion to compel should be granted.

### CERTIFICATION OF COMPLIANCE WITH CONFERRAL OBLIGATIONS

*I certify that in accordance with the Court's Chambers Procedures – Civil 3.1, counsel for the parties conferred by telephone on at least January 12 and March 11, 2026, and numerous further email communications. Subsequent communications confirmed that Mr. Orbino would produce responsive documents, but Mr. Orbino has failed to do so.*

*I certify that this memorandum contains 1,820 words, in compliance with the Local Civil Rules.*

NWMLS'S MOTION TO COMPEL ORBINO - 7
(CASE NO. 2:25-CV-00766-JNW)

153125979.1 0068832-00015

DATED: June 1, 2026.

STOEL RIVES LLP


_s/ Vanessa Soriano Power_
Vanessa Soriano Power, WSBA No. 30777
Rachel Hay, WSBA No. 60245
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: vanessa.power@stoel.com
Email: rachel.hay@stoel.com

Claude Szyfer (_pro hac vice_)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (_pro hac vice_)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

_Attorneys for Defendant_
_Northwest Multiple Listing Service_

NWMLS'S MOTION TO COMPEL ORBINO - 8
(CASE NO. 2:25-CV-00766-JNW)

153125979.1 0068832-00015

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

## CERTIFICATE OF SERVICE

I, Lorrie Salinas-Malins, certify that I am a resident of the State of Washington, over the age of 18 years, and not a party to the proceedings or interested therein.  My business address is that of Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA  98101.

On June 1, 2026, I caused a true and correct copy of the foregoing to be served on the individual(s) listed below in the following manner(s):

☐   mailing with postage prepaid

☒   hand delivery

☐   facsimile transmission

☐   overnight delivery

☒   email


W. Sean Hornbrook
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101
shornbrook@williamskastner.com


DATED:  June 1, 2026.



                              s/ *Lorrie Salinas-Malins*_____
                              Lorrie Salinas-Malins, Practice Assistant


NWMLS'S MOTION TO COMPEL ORBINO - 9
(CASE NO. 2:25-CV-00766-JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153125979.1 0068832-00015