# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | |
|---|---|
| Compass, Inc. and Compass Washington, LLC, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:25-cv-00766-JNW |
| Northwest Multiple Listing Service, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Michael Orbino

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Attached Schedule A.

| Place: Stoel Rives LLP, Attn: Harrison L.E. Owens, 600 University Street, Suite 3600, Seattle, WA 98101 | Date and Time: 01/02/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/17/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | s/ Harrison L.E. Owens |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
Northwest Multiple Listing Service                                    , who issues or requests this subpoena, are:

 STOEL RIVES LLP, 600 University Street, Suite 3600, Seattle, WA  98101; harrison.owens@stoel.com; 206.624.0900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:25-cv-00766-JNW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

The following definitions shall apply throughout the subpoena. Notwithstanding any definition below, each word, term, or phrase used in the requests below is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Document and Electronically-Stored Information" means the original, all copies, and all translations of any writing, drawings, graphs, sound recordings, images, and other data or data compilations stored in any medium (paper or other tangible format, as well as any electronic format) from which information can be obtained. "Document and Electronically-Stored Information" includes, for example (and not by way of limitation) paper documents, photographs, microfilm, microfiche, email, computer tapes, computer printouts, spreadsheets, calendars, appointment books, lists, tabulations, surveys, studies, analyses, social media communications or posts, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated. "Document," as used herein, shall also mean any tape or audible recording, any photograph or motion picture or videotape and any non-identical copy of any document as previously defined (*e.g.*, any copy of a document as previously defined which differs from any other copy thereof either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise). "Electronically-Stored Information" includes without limitation email, SMS message, voicemail, documents, spreadsheets, calendars, social media communications or posts, and any other information existing in any electronic format (*e.g.*, Word, Excel, Outlook, .pdf, HTML, .tif, .jpeg, .wav).

2. "Communication" means any of the following: (a) any written letter, memorandum, or other document; (b) any telephone call between two or more persons, whether or not such call was by chance or prearranged, formal or informal; (c) any conversation or meeting between two or more persons, whether or not such a contact was by chance or prearranged, formal or informal;

SCHEDULE A - 1

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

and (d) any electronic mail, voicemail, text message, telegraph, tape or video recording, data message, social media content, and any other media or method of communicating knowledge.

3.    "Person" means any natural person, firm, association, partnership, limited liability partnership, proprietorship, corporation, company, limited liability company, or any other business or legal entity, and includes any and all of such person's directors, officers, employees, agents, attorneys, accountants, consultants, and/or other representatives.

4.    Each of the terms "refer to," "relate to," "relating to," or "regarding" means and includes any logical or factual connection with the matter identified or discussed.  These terms include all matters or things that in any way discuss, are connected to, arise from, reflect, summarize, evaluate, comment on, and/or tend to prove or disprove the subject or object of the particular discovery request in which any of these terms is used.

5.    The terms "and" and "or" shall mean "and/or" and shall be inclusive, rather than exclusive, in meaning.

6.    "You" and "Your" mean and include Michael Orbino and all representatives, accountants, attorneys, and any other person who, or entity that, is affiliated with, has acted, and/or is acting for or on behalf of Michael Orbino.

7.    "Plaintiffs" and "Compass" mean and include Plaintiffs Compass, Inc. and Compass Washington, LLC, and all agents, related entities, owners, members, managers, officers, directors, affiliates, representatives, accountants, attorneys, and any other person who, or entity that, is affiliated with, has acted, and/or is acting for or on behalf of Plaintiffs Compass, Inc. and Compass Washington, LLC.

8.    "Defendant" and "NWMLS" means and includes Defendant Northwest Multiple Listing Service, and all agents, related entities, owners, members, managers, officers, directors, affiliates, representatives, accountants, attorneys, and any other person who, or entity that, is affiliated with, has acted, and/or is acting for or on behalf of NWMLS.

SCHEDULE A - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

151357774.3 0068832-00015

9.    "3-Phased Price Discovery and Marketing Strategy" means and includes Compass's 3-Phased Price Discovery and Marketing Strategy, including, but not limited to, "Private Exclusives," "Office Exclusives," pocket listings, private exclusive listings, non-exclusive listings, coming soon listings, and/or off-market listings related to Compass's 3-Phased Price Discovery and Marketing Strategy.

10.    "NWMLS Rules" means and includes the rules and regulations promulgated by NWMLS to which all NWMLS members agree to abide.

11.    "NWMLS Bylaws" means and includes the bylaws promulgated by NWMLS.

**INSTRUCTIONS**

1.    "And" and "or" shall be construed conjunctively or disjunctively as necessary so as to give the broadest possible meaning to a particular request in which either or both is used.

2.    The use of the word "including" shall be construed to mean "without limitation."

3.    Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

4.    You are to produce all Documents (as that term is defined above) responsive to these requests that are in your possession, custody, or control, including all those within the possession, custody, or control of your agents, affiliates, and representatives and all those that can be obtained through reasonably diligent efforts, whether the Documents are onshore or offshore.

5.    If any or all responsive Documents are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then please follow the instructions described in subparts (a) – (e) for each such document:

    a.    Describe the nature of the Document (e.g., letter or memorandum);

    b.    State the date of the Document;

    c.    Identify the person(s) who sent and received the original and any copy of the Document;

    d.    State in detail the contents of the Document; and

SCHEDULE A - 3

e.    State the manner and date of disposition of the Document and, without limitation, describe what disposition was made of it, the person responsible for making the decision regarding the disposition, and the person responsible for carrying out the disposition.

6.    Unless the Request directs otherwise, the relevant time period for material requested is January 1, 2022, to the present.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**  Produce all Documents and Communications related to the 3-Phased Price Discovery and Marketing Strategy that You received from or sent to Plaintiffs, including but not limited to documents reflecting any offer or agreement to increase your compensation, or to indemnify You for costs or fines incurred, for offering Compass Private Exclusives from January 1, 2018, to the present.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all Documents and Communications that You sent to property owners or property sellers related to the 3-Phased Price Discovery and Marketing Strategy, including but not limited to marketing materials, announcements, proposals, and contracts.

**REQUEST FOR PRODUCTION NO. 3:** Produce Your Communications with Compass brokers and non-Compass brokers regarding the 3-Phased Price Discovery and Marketing Strategy.

**REQUEST FOR PRODUCTION NO. 4:**  Produce all Documents and Communications referring to or related to legal risks posed by the 3-Phased Price Discovery and Marketing Strategy, including, but not limited to, fair housing, duties owed to property owners or property sellers, and antitrust issues.

SCHEDULE A - 4

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and Communications referring to or related to the advantages, disadvantages, and/or risks to consumers, property owners or property sellers, buyers or prospective buyers, the public, or the brokerage community arising from the 3-Phased Price Discovery and Marketing Strategy.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents related to listings you have taken or solicited.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents related to seller representation agreements, buyer representation agreements, or brokerage agreements you have taken or solicited.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Communications relating to NWMLS Rules including, but not limited to, Communications exchanged between You and any managing broker, branch manager, designated broker, any person affiliated with Compass, or any non-Compass brokers referring to or relating to the NWMLS Rules.

**REQUEST FOR PRODUCTION NO. 9:** Produce all Communications relating to NWMLS Bylaws including, but not limited to, Communications exchanged between You and any managing broker, branch manager, designated broker, any person affiliated with Compass, or any non-Compass brokers referring to or relating to the NWMLS Bylaws.

**REQUEST FOR PRODUCTION NO. 10:** Produce Documents sufficient to show the compensation paid to You as a consequence of transactions in which you were a listing broker or a buyer's broker, or both.

SCHEDULE A - 5

**STOEL RIVES** LLP
**ATTORNEYS**
**600 University Street, Suite 3600, Seattle, WA  98101**
*Telephone 206.624.0900*

**REQUEST FOR PRODUCTION NO. 11:** Produce all Documents and Communications referring to or relating to NWMLS's temporary suspension of Compass's data license (also referred to as an IDX feed or data feed), including, but not limited to, Communications exchanged between You and any managing broker, branch manager, designated broker, any person affiliated with Compass, any non-Compass brokers, consumers, property owners or property sellers, or buyers or prospective buyers.

SCHEDULE A - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

151357774.3 0068832-00015

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

Compass, Inc. And Compass Washington, Llc,

                                     Plaintiff,

          v.

Northwest Multiple Listing Service,

                                     Defendants.

Case NO. 2:25-CV-00766-JNW

**DECLARATION OF SERVICE**

I, **Alex Samoylenko**, declare as follows under penalty of perjury under the laws of the State of Washington.

1.      I am not a party to the above-captioned action and am over the age of 18.

2.      I am competent to testify to the matters herein and do so based upon my personal knowledge.

On Wednesday 17th, 2025, I received a copy of documents listed below to serve upon *MICHAEL ORBINO.* At approximately **3:20p.m., On Wednesday, December 17th, 2025,** I personally served one (1) copies of the following documents at **700 110th Ave Ne, Suite 270, Bellevue WA:**

Declaration: Service on **MICHAEL ORBINO**

1 | P a g e

a. *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION*

b. *FEDERAL RULE OF CIVIL PROCEDURE 45 (C), (D), (E), AND (G) (EFFECTIVE 12/1/13)*

c. *SCHEDULE A – DEFINITIONS*

I hand-delivered the documents to an **Erika Harder,** as Agent Experience Coordinator. Ms. Harder is a *white female, approximately 27yrs. of age, about 5'6" tall, weighs about 135pnds, and has brown hair*. At the time of the service, subject confirmed her identity and took the documents into her hands willingly. Subject confirmed she was authorized to accept legal documents on behalf of Michael Orbino and confirmed she will forward the documents to him. She then was notified of the nature of documents being served. No information was provided or discovered that indicates that the subject served is member of the United States military.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 22nd day of December 2025 at Federal Way, Washington.

*Service fee*: $45.00

_____

**Alex Samoylenko**
King County Process Server Reg #2520948
Premium Process, LLC
1600 SW Dash Point Rd # B-83
Federal Way, WA 98023
PH: 206.305.3692

Declaration: Service on **MICHAEL ORBINO**

# EXHIBIT C

| | |
|---|---|
| **From:** | Owens, Harrison L. |
| **Sent:** | Monday, January 12, 2026 11:08 AM |
| **To:** | Hornbrook, Sean |
| **Cc:** | Power, Vanessa Soriano; Polli, Fred R.; Kirk, Vanessa |
| **Subject:** | RE: Compass, Inc. v. Northwest Multiple Listing Service - Moya Skillman [SR-ACTIVE.FID6073816] |
| **Attachments:** | 2025-08-15. (0044) STIPULATED PROTECTIVE ORDER. Signed by Judge Jamal N Whitehead.pdf |

Good morning Sean,

Thanks for taking the time to discuss NWMLS's subpoenas to Moya Skillman and Michael Orbino. As we discussed, please find attached a copy of the Stipulated Protective Order entered by the Court, which allows non-parties to designate materials for protection in accordance with the order.

We will look forward to receiving your clients' responses to the subpoenas by Wednesday, January 14. In the meantime, happy to answer any questions you may have, and best of luck with today's mediation.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Owens, Harrison L.
**Sent:** Friday, January 9, 2026 4:48 PM
**To:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Kirk, Vanessa <VKirk@williamskastner.com>
**Subject:** RE: Compass, Inc. v. Northwest Multiple Listing Service - Moya Skillman [SR-ACTIVE.FID6073816]

Good afternoon Sean,

Thanks for confirming receipt of the meeting invite, and for letting us know Mr. Orbino has retained your firm as well. Happy to discuss both subpoenas on Monday, and in the meantime I hope you have a great weekend.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Sent:** Friday, January 9, 2026 4:42 PM
**To:** Owens, Harrison L. <harrison.owens@stoel.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Kirk, Vanessa <VKirk@williamskastner.com>
**Subject:** RE: Compass, Inc. v. Northwest Multiple Listing Service - Moya Skillman [SR-ACTIVE.FID6073816]


Hi Harrison – I received and accepted the invite for Monday. Also, Michael Orbino retained our firm to assist him with his response to the subpoena today.

Thank you and I look forward to meeting with you Monday. Have a great weekend.

Sean


**W. Sean Hornbrook** *He/Him*
**Williams Kastner** | Attorney at Law
601 Union Street, Suite 4000
Seattle, WA 98101-2341
P: 206-628-2766 | F: 206-628-6611
www.williamskastner.com | Bio | vCard



**SEATTLE** | **PORTLAND** | **SPOKANE**

# EXHIBIT D



March 3, 2026

Harrison L. E. Owens
600 University Street, Suite 3600
Seattle, WA 98101
D. 206.386.7521
harrison.owens@stoel.com

**VIA EMAIL**

W. Sean Hornbrook
Williams Kastner
601 Union Street, Suite 4000
Seattle, WA 98101

Re:    ***Compass, Inc., et al. v. Northwest Multiple Listing Service***
       **W.D. Wash. Case No. 25-cv-00766**
       **Production of Documents in Response to Third-Party Subpoenas**

Dear Sean,

We write with regard to the third-party subpoenas (the "**Subpoenas**") served by Northwest Multiple Listing Service ("**NWMLS**") upon Michael Orbino and Moya Skillman (collectively, "**Brokers**"), both of whom are represented by your office with respect to the Subpoenas.

As you know, the Subpoenas were personally served upon the Brokers on December 17, 2025. After you advised that your office was representing the Brokers with respect to the Subpoenas, on January 12, 2026, we discussed the Brokers' responses via videoconference. During that discussion, you said that the Brokers would provide responses and objections no later than January 14.

The Brokers did not provide responses and objections by January 14. In fact, as of the date of this letter, the Brokers have neither provided responses and objections to the Subpoenas nor produced the requested documents. While we have repeatedly reached out to your office to discuss the Brokers' failure to respond, we have not received any response.

The Brokers' deadline to assert objections to the Subpoenas has long since expired, and any such objections have been waived. *See* Fed. R. Civ. P. 45(d)(2)(B). Therefore, NWMLS requests that the Brokers produce responsive, non-privileged documents in response to the Subpoenas no later than March 6, 2026. If Brokers fail to do so, please provide dates and times during the week of March 9, 2026, you are available for a Western District of Washington Local Civil Rule 37(a) meet-and-confer.

This letter is without prejudice to NWMLS's rights, all of which are expressly reserved.

152212161.1 0068832-00015

W. Sean Hornbrook
March 3, 2026
Page 2


Very truly yours,

Harrison Owens

152212161.1 0068832-00015

# EXHIBIT E

| | |
|---|---|
| **From:** | Owens, Harrison L. |
| **Sent:** | Wednesday, March 11, 2026 4:57 PM |
| **To:** | 'Hornbrook, Sean' |
| **Cc:** | Power, Vanessa Soriano; Polli, Fred R.; Harris, Kristy |
| **Subject:** | RE: Compass/NWMLS - Letter re Third-Party Subpoenas [SR-ACTIVE.FID6073816] |

Good afternoon Sean,

Thank you for meeting with me this afternoon to discuss Ms. Skillman's and Mr. Orbino's production of documents in response to the subpoenas directed to them. A brief summary of the call is below.

Ms. Skillman and Mr. Orbino will produce all responsive documents to NWMLS by Wednesday, March 18. The documents will be produced without waiver of any objections, although we agree to disagree at this time as to whether objections are timely. Ms. Skillman and Mr. Orbino will notify NWMLS if any responsive documents have been withheld and, if so, the basis of that withholding.

Let me know if you have any questions, and as we discussed please do not hesitate to reach out if questions come up as the documents are prepared for production.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Owens, Harrison L.
**Sent:** Monday, March 9, 2026 2:13 PM
**To:** 'Hornbrook, Sean' <SHornbrook@williamskastner.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>
**Subject:** RE: Compass/NWMLS - Letter re Third-Party Subpoenas [SR-ACTIVE.FID6073816]

Good afternoon Sean,

Thank you for letting me know. I have good availability before 1:00 p.m. on Wednesday (3/11), and will circulate a calendar invite for 10:00 a.m. to hold time for our call. Happy to revise if another time ends up working better on your end.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com

 Stoel Rives LLP

This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Sent:** Monday, March 9, 2026 7:18 AM
**To:** Owens, Harrison L. <harrison.owens@stoel.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>
**Subject:** RE: Compass/NWMLS - Letter re Third-Party Subpoenas [SR-ACTIVE.FID6073816]

Good morning, Owen.

Thank you for your email. I am available for call tomorrow afternoon and have decent availability on Wednesday if it would be better on your end to find a time then. Just let me know what works for you.

Thank you,

Sean

**W. Sean Hornbrook** *He/Him*
**Williams Kastner** | Attorney at Law
601 Union Street, Suite 4000
Seattle, WA 98101-2341
P: 206-628-2766 | F: 206-628-6611
www.williamskastner.com | Bio | vCard

 **WILLIAMS KASTNER**

**SEATTLE** | **PORTLAND** | **SPOKANE**

**From:** Owens, Harrison L. <harrison.owens@stoel.com>
**Sent:** Tuesday, March 3, 2026 6:54 PM
**To:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Harris, Kristy <kristy.harris@stoel.com>
**Subject:** Compass/NWMLS - Letter re Third-Party Subpoenas [SR-ACTIVE.FID6073816]

Good evening Sean,

Please see the attached correspondence. Let us know if you have any questions.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com

# EXHIBIT F

| | |
|---|---|
| **From:** | Owens, Harrison L. |
| **Sent:** | Thursday, March 19, 2026 7:55 AM |
| **To:** | Hornbrook, Sean |
| **Cc:** | Power, Vanessa Soriano; Hager, Vicki D.; Polli, Fred R. |
| **Subject:** | RE: Compass/NWMLS - Third-Party Subpoenas [SR-ACTIVE.FID6073816] |

Good morning Sean,

Thank you for sending. Confirming receipt of Ms. Skillman's and Mr. Orbino's responses. Please copy Vicki Hager and Fred Polli (copied here) on the production.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Sent:** Thursday, March 19, 2026 7:34 AM
**To:** Owens, Harrison L. <harrison.owens@stoel.com>
**Subject:** Compass/NWMLS - Third-Party Subpoenas

Hi Harrison,

Attached are Ms. Skillman's and Mr. Orbino's Responses. I will forward the production separately.

Thank you,

Sean

**W. Sean Hornbrook** *He/Him*
**Williams Kastner** | Attorney at Law
601 Union Street, Suite 4000
Seattle, WA 98101-2341
P: 206-628-2766 | F: 206-628-6611
www.williamskastner.com | Bio | vCard



**WILLIAMS KASTNER**

**SEATTLE** | PORTLAND | SPOKANE

The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. AND COMPASS WASHINGTON, LLC,

　　　　　Plaintiffs,

　　v.

NORTHWEST MULTIPLE LISTING SERVICE,

　　　　　Defendant.

NO. 2:25-cv-00766-JNW

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT SUBPOENA

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, non-party Michael Orbino ("Mr. Orbino") hereby objects and responds to Defendant Northwest Multiple Listing Service's December 17, 2025 Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in a Civil Action (the "Subpoena") and the requests for production in Schedule A to the Subpoena (the "Requests" and each individually, a "Request") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

Mr. Orbino makes the following general objections to the Requests. Mr. Orbino incorporates these general objections into each of his responses as if fully rewritten within.

Mr. Orbino is not a party to this action and objects to the Definitions and Instructions to

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT SUBPOENA - 1
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

the extent they require Mr. Orbino to produce documents or information obtainable from some other source that is more convenient, less burdensome, or less expensive, including from the parties to this litigation.

Mr. Orbino's investigation related to this Subpoena continues. Accordingly, all responses herein are based only upon such information and documents as are presently available and specifically known to Mr. Orbino at the time of this response. Further investigation and discovery may lead to substantial additions to, changes in, and variation from the responses set forth below. The following responses are given without prejudice to Mr. Orbino's right to provide evidence of subsequently discovered information, and Mr. Orbino reserves the right to supplement and/or change any and all responses in accordance with his obligations under Federal Rules of Civil Procedure 26, 34 and 45.

Mr. Orbino objects to the Requests to the extent that they seek disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other privilege from, or proscription against, disclosure.

Mr. Orbino objects to the Requests to the extent that they seek information which is irrelevant to the subject matter of the lawsuit and is not relevant to any party's claim or defense.

Mr. Orbino objects to the Requests to the extent that they are vague, ambiguous and overbroad, and to the extent that responding to them would be excessively burdensome, expensive and oppressive. The term "burdensome" as used herein means that the expense and oppression of compliance is outweighed by any possible benefit to be achieved by answering.

Mr. Orbino objects to the Requests insofar as they seek to impose obligations on Mr. Orbino beyond those required by the Federal Rules.

Mr. Orbino objects to each Request to the extent it seeks information and/or documents that are outside of Mr. Orbino's possession, custody, or control. Mr. Orbino further objects to the

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT SUBPOENA - 2
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

Requests to the extent they seek documents that are publicly available, are matters of public record, are within the files and/or particular knowledge of Defendant or its agents, or are otherwise equally available to Defendant as to Mr. Orbino.

Mr. Orbino objects to each Request to the extent it seeks "all documents" relating to a particular topic as requiring unreasonably and overly broad searches, collections, and productions of duplicative and irrelevant documents. Such requests of a third party are unduly burdensome.

Unless otherwise stated below, Mr. Orbino will search for, review, collect and produce responsive emails and text message communications for the period February 1, 2025 to May 31, 2025, applying the use of agreed-upon (or court-ordered) search terms consistent with the responses below (a "Reasonable Search").

<u>**SPECIFIC OBJECTIONS TO DEFINITIONS**</u>

Mr. Orbino objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions set forth therein would (a) expand the definition of a term beyond its ordinary English meaning; (b) create an undue burden for Mr. Orbino; and/or (c) impose an obligation on Mr. Orbino that exceeds, or is inconsistent with, the obligations imposed by the Federal Rules of Civil Procedure.  Mr. Orbino will respond to the Requests consistent with the ordinary English meaning of words and his obligations under the Federal Rules of Civil Procedure.

Mr. Orbino objects to the definitions of "Document and Electronically Stored Information," to the extent this definition is inconsistent with Federal Rule of Civil Procedure 34 or the Stipulation and Agreement Regarding Discovery of Electronically Stored Information and Order, entered by the Court on August 15, 2025 (ECF No. 45).

Mr. Orbino objects to the definition of "You," and "Your," to the extent it seeks documents not in Mr. Orbino's possession, custody, or control.  Mr. Orbino further objects to the definition because it specifically seeks information from Mr. Orbino's attorneys, and thus seeks information

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS
TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT
SUBPOENA - 3
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.

Mr. Orbino objects to the Definition of "3-Phased Discovery and Marketing Strategy" to the extent that it encompasses business practices that pre-date the launch of Compass's 3-Phased Discovery and Marketing Strategy.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all Documents and Communications related to the 3-Phased Price Discovery and Marketing Strategy that You received from or sent to Plaintiffs, including but not limited to documents reflecting any offer or agreement to increase your compensation, or to indemnify You for costs or fines incurred, for offering Compass Private Exclusives from January 1, 2018, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents and Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request because it seeks information that is readily available from a party to this Action, Plaintiffs. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino is producing non-privileged email and text communications sent to or received by Plaintiffs, concerning the rollout of the 3-Phased Price Discovery and Marketing Strategy in the Seattle and King County area, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 2:** Produce all Documents and Communications that You sent to property owners or property sellers related to the 3-Phased Price Discovery and Marketing Strategy, including but not limited to marketing materials, announcements, proposals, and

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS
TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT
SUBPOENA - 4
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents and Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action.

Subject to the foregoing objections, Mr. Orbino is proding non-privileged email and text communications sent to home sellers, concerning the 3-Phased Price Discovery and Marketing Strategy in the Seattle and King County area, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 3:** Produce Your Communications with Compass brokers and non-Compass brokers regarding the 3-Phased Price Discovery and Marketing Strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** In addition to the General Objections, Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino is producing non-privileged email and text communications sent to or received by Compass or non-Compass brokers, concerning any property marketed using the 3-Phased Price Discovery and Marketing Strategy in the Seattle and King County area, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents and Communications referring to or related to legal risks posed by the 3-Phased Price Discovery and Marketing Strategy, including, but not limited to, fair housing, duties owed to property owners or property sellers, and

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS
TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT
SUBPOENA - 5
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

antitrust issues.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents and Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino refers NWMLS to his responses to Requests 1, 2, and 3.

**REQUEST FOR PRODUCTION NO. 5:** Produce all Documents and Communications referring to or related to the advantages, disadvantages, and/or risks to consumers, property owners or property sellers, buyers or prospective buyers, the public, or the brokerage community arising from the 3-Phased Price Discovery and Marketing Strategy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents and Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino refers NWMLS to his responses to Requests 1, 2, and 3.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents related to listings you have

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS
TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT
SUBPOENA - 6
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

taken or solicited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino will produce listing agreements for properties for which Mr. Orbino served as the listing agent, where the property was marketed with Compass's 3-Phased Price Discovery and Marketing Strategy in Washington, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents related to seller representation agreements, buyer representation agreements, or brokerage agreements you have taken or solicited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino will produce buyer representation agreements for any buyers Mr. Orbino represented in connection with the purchase of a property

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS
TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT
SUBPOENA - 7
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

in Washington marketed using Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search. Mr. Orbino will also produce seller representation agreements for any seller Mr. Orbino represented in connection with the sale of a property in Washington marketed using Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 8:** Produce all Communications relating to NWMLS Rules including, but not limited to, Communications exchanged between You and any managing broker, branch manager, designated broker, any person affiliated with Compass, or any non-Compass brokers referring to or relating to the NWMLS Rules.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino will produce non-privileged email and text communications sent to or received by Compass or non-Compass brokers and Plaintiffs, concerning NWMLS's rules as they relate to Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 9:** Produce all Communications relating to NWMLS Bylaws including, but not limited to, Communications exchanged between You and any managing broker, branch manager, designated broker, any person affiliated with Compass, or any non-

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT SUBPOENA - 8
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

Compass brokers referring to or relating to the NWMLS Bylaws.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino will produce non-privileged email and text communications sent to or received by Compass or non-Compass brokers and Plaintiffs, concerning NWMLS's Bylaws as they relate to Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 10:** Produce Documents sufficient to show the compensation paid to You as a consequence of transactions in which you were a listing broker or a buyer's broker, or both.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** In addition to the General Objections, Mr. Orbino objects to this Request because it seeks information that is not relevant to any claim or defense in this Action. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action.

Subject to the foregoing objections, Mr. Orbino will produce documents sufficient to show compensation paid to Mr. Orbino by any seller or buyer in connection with any property sold in Washington that used Compass's 3-Phased Price Discovery and Marketing Strategy, to the extent any are identified after a Reasonable Search.

**REQUEST FOR PRODUCTION NO. 11:** Produce all Documents and Communications

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT SUBPOENA - 9
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

referring to or relating to NWMLS's temporary suspension of Compass's data license (also referred to as an IDX feed or data feed), including, but not limited to, Communications exchanged between You and any managing broker, branch manager, designated broker, any person affiliated with Compass, any non-Compass brokers, consumers, property owners or property sellers, or buyers or prospective buyers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** In addition to the General Objections, Mr. Orbino objects to this Request because a Request for "all Documents and Communications" on a broad subject matter from a non-party is overbroad, unduly burdensome, and not proportional to the needs of the case. Mr. Orbino objects to this Request to the extent it seeks information that is readily available from a party to this Action. Mr. Orbino further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to the foregoing objections, Mr. Orbino will produce non-privileged email and text communications sent to or received by Compass or non-Compass brokers and Plaintiffs, concerning NWMLS's suspension of Compass's IDX feed, to the extent any are identified after a Reasonable Search.

DATED this 18th day of March, 2026.

s/W. Sean Hornbrook
W. Sean Hornbrook, WSBA # 31260
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2341
Telephone:  206-628-6600
Fax:  206-628-6611
Email: shornbrook@williamskastner.com
*Attorneys for Non-Party Michael Orbino*

NON-PARTY MICHAEL ORBINO'S RESPONSES & OBJECTIONS
TO NORTHWEST MULTIPLE LISTING SERVICE'S DOCUMENT
SUBPOENA - 10
(2:25-cv-00766-JNW)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2341
206-628-6600

4932-4387-2391.1

# EXHIBIT G

| | |
|---|---|
| **From:** | Owens, Harrison L. |
| **Sent:** | Monday, March 23, 2026 3:52 PM |
| **To:** | Hornbrook, Sean |
| **Cc:** | Power, Vanessa Soriano; Polli, Fred R.; Harris, Kristy |
| **Subject:** | RE: Compass/NWMLS - Letter re Third-Party Subpoenas [SR-ACTIVE.FID6073816] |
| **Attachments:** | NWMLS_Letter to WK re 3P Subpoenas.pdf |

Good afternoon Sean,

We write with regard to NWMLS's third-party subpoenas to your clients Moya Skillman and Michael Orbino, the attached letter regarding Ms. Skillman's and Mr. Orbino's responses, and counsel's call on March 11, which you acknowledged satisfied LCR 37(a)'s conferral requirement with regard to the subpoenas.

During our conferral on March 11, you represented Ms. Skillman and Mr. Orbino would serve responses and objections and produce documents no later than March 18. Ms. Skillman and Mr. Orbino belatedly provided objections and responses to the subpoenas on March 19, and you represented their document productions would be sent under separate cover. However, to date and despite multiple follow ups, their document productions have not been provided.

Ms. Skillman's and Mr. Orbino's document productions are long overdue, and their delay is prejudicial to NWMLS in the ongoing litigation with Compass. NWMLS respectfully requests that Ms. Skillman and Mr. Orbino make their document productions no later than **noon on March 25, 2026**.

If Ms. Skillman and Mr. Orbino fail to do so, NWMLS reserves all rights, including to seek relief from the Court. If motions practice becomes necessary, please confirm your agreement to use LCR 37(a)(2)'s expedited joint motion procedure.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

# EXHIBIT H

| | |
|---|---|
| **From:** | Owens, Harrison L. |
| **Sent:** | Friday, March 27, 2026 2:55 PM |
| **To:** | 'Hornbrook, Sean' |
| **Cc:** | Power, Vanessa Soriano; Polli, Fred R.; Hager, Vicki D. |
| **Subject:** | RE: Moya Skillman Production [SR-ACTIVE.FID6073816] |

Good afternoon Sean,

Following up here again, as we have yet to receive native version of the documents produced by Ms. Skillman or an update on Mr. Orbino's production.

The delays in production are inexplicable, especially given your prior representation they would be completed by March 18, and continue to prejudice NWMLS. NWMLS respectfully requests that no later than **noon on Monday, March 31**, your office either provide native versions of Ms. Skillman's and Mr. Orbino's productions or confirm agreement to use LCR 37(a)(2)'s expedited joint motion procedure.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com



This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Owens, Harrison L.
**Sent:** Wednesday, March 25, 2026 1:08 PM
**To:** 'Hornbrook, Sean' <SHornbrook@williamskastner.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Hager, Vicki D. <vicki.hager@stoel.com>
**Subject:** RE: Moya Skillman Production [SR-ACTIVE.FID6073816]

Good afternoon Sean,

Confirming receipt of Ms. Skillman's production of documents. Please provide native versions of the produced documents. NWMLS reserves its right to make further requests as to the documents once it has reviewed the production.

Please promptly provide Mr. Orbino's production of documents as well, also in native format. As set forth in my email on Monday, March 23, the continued delays in producing documents is prejudicial to NWMLS. If motions practice is necessary, please confirm your agreement to use LCR 37(a)(2)'s expedited joint motion procedure.

Thanks,

1

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com

 Stoel Rives LLP

This email may contain material that is confidential, privileged, and/or attorney work product for the sole use of the intended recipient. Any unauthorized review, use, or distribution is prohibited and may be unlawful.

**From:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Sent:** Wednesday, March 25, 2026 7:43 AM
**To:** Owens, Harrison L. <harrison.owens@stoel.com>
**Subject:** Moya Skillman Production

Hi Harrison – Attached are .pdf versions of Ms. Skillman's production materials from the searched performed. She located no hardcopy materials, only electronic.

Let me know if this format works for you or if you would prefer something different. No documents were withheld for privilege or confidentiality. One redaction was made to an email to block out the name of another individual's client.

Thank you,

Sean

**W. Sean Hornbrook** *He/Him*
**Williams Kastner** | Attorney at Law
601 Union Street, Suite 4000
Seattle, WA 98101-2341
P: 206-628-2766 | F: 206-628-6611
www.williamskastner.com | Bio | vCard



**SEATTLE** | PORTLAND | SPOKANE

2

# EXHIBIT I

**From:** Power, Vanessa Soriano
**Sent:** Wednesday, April 1, 2026 8:45 AM
**To:** Hornbrook, Sean
**Cc:** Polli, Fred R.; Hager, Vicki D.; Owens, Harrison L.
**Subject:** Compass v. NWMLS - Follow up [SR-ACTIVE.FID20036518]

Hi Sean,

I don't think we've met. I'm working on this case for NWMLS with Harrison. The production on behalf of Ms. Skillman appears to have been for a narrowed time period, which was not agreed to. There has been no production on behalf of Mr. Orbino. Any objections were waived.

**Please advise today whether you agree to the expedited motion process under LCR 37.1.** We'll proceed accordingly.

Thanks,
Vanessa

**Vanessa Soriano Power** | Stoel Rives LLP | Partner
Direct: (206) 386-7553 | Mobile: (206) 696-1324

**From:** Owens, Harrison L. <harrison.owens@stoel.com>
**Sent:** Friday, March 27, 2026 2:55 PM
**To:** Hornbrook, Sean <SHornbrook@williamskastner.com>
**Cc:** Power, Vanessa Soriano <vanessa.power@stoel.com>; Polli, Fred R. <frederick.polli@stoel.com>; Hager, Vicki D. <vicki.hager@stoel.com>
**Subject:** RE: Moya Skillman Production [SR-ACTIVE.FID6073816]

Good afternoon Sean,

Following up here again, as we have yet to receive native version of the documents produced by Ms. Skillman or an update on Mr. Orbino's production.

The delays in production are inexplicable, especially given your prior representation they would be completed by March 18, and continue to prejudice NWMLS. NWMLS respectfully requests that no later than **noon on Monday, March 31**, your office either provide native versions of Ms. Skillman's and Mr. Orbino's productions or confirm agreement to use LCR 37(a)(2)'s expedited joint motion procedure.

Thanks,

**Harrison Owens** | Attorney
**STOEL RIVES LLP** | 600 University Street, Suite 3600 | Seattle, WA 98101
Direct: (206) 386-7521 | Mobile: (206) 290-4078
harrison.owens@stoel.com | Bio | vCard | www.stoel.com

