UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. and COMPASS WASHINGTON, LLC,<br><br>                 Plaintiffs,<br><br>     v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>              Defendant. | CASE NO. 2:25-cv-00766-JNW<br><br>ORDER ON LCR 37 JOINT SUBMISSION |

## 1. INTRODUCTION

This matter comes before the Court on the Parties' Local Civil Rule 37(a)(2) Joint Submission. Dkt. No. 74 (the "JS"). Defendant Northwest Multiple Listing Service ("NWMLS") seeks an order compelling Plaintiffs Compass, Inc. and Compass Washington, LLC (together "Compass") to produce documents from two additional ESI custodians: Neda Navab, Compass's President of National Brokerage Operations, and Sam Kraemer, Compass's Senior Associate General Counsel. JS at 2.

ORDER ON LCR 37 JOINT SUBMISSION - 1

Having reviewed the submission, the arguments of both Parties, and all supporting documents, the Court GRANTS the request as to Navab and DENIES the request as to Kraemer.

## 2. DISCUSSION

### 2.1 Legal standard.

District courts have broad discretion in determining relevance and managing discovery. *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). The Federal Rules permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). But Rule 26 limits discovery where "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

The allocation of burdens goes like this: the requesting party bears the initial burden of showing that the information sought is relevant and proportional; once relevance is established, the party resisting discovery bears the burden of showing that it should not be allowed and of supporting its objections with competent evidence. *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. 2:23-cv-01495-JHC, 2024 WL 5238834, at *1 (W.D. Wash. Dec. 27, 2024). An objection that production would be burdensome "must be proven by admissible evidence showing something more

than that the production will involve some expense and/or will be time consuming." *Corker v. Costco Wholesale*, No. 19-cv-0290-RSL, 2020 WL 9889530, at *1 (W.D. Wash. Mar. 30, 2020). The party asserting undue burden "must provide sufficient detail regarding the time, money and procedures required to produce the requested documents," and the fact that production "will be time consuming and expensive is not ordinarily a sufficient reason to refuse to produce material if the requested material is relevant and necessary to the discovery of admissible evidence." *Docklight Brands, Inc. v. Tilray Inc.*, No. 2:21-cv-01692-TL, 2022 WL 4080683, at *3 (W.D. Wash. Sept. 6, 2022) (citation modified).

"Courts liberally grant discovery in antitrust cases." *Fed. Trade Comm'n v. Amazon.com, Inc.*, 2024 WL 5238834, at *1 (citations omitted).

## 2.2   Neda Navab.

NWMLS seeks to add Neda Navab as a custodian. JS at 6–7. Compass counters, arguing that her files are largely duplicative of other custodians and that she lacks responsibility for the Pacific Northwest. JS at 16–17. The Court grants the request.

Compass does not seriously contest that Navab's files contain relevant material. As President of National Brokerage Operations, she oversaw the nationwide rollout of 3PM and communicated directly with the agents who implemented it—conduct at issue in this case. Dkt. 75-3 at 3, 7. The dispute is thus not about relevance, but whether Navab's files are cumulative of other custodians and whether their production would impose an undue burden.

On that question, Compass has not carried its burden. It has produced 1,819 documents on which Navab appears as a sender, recipient, copied party, or collaborator, Dkt. No. 77 ¶ 9, and acknowledges roughly 2,568 more in her file that hit the agreed search terms but remain unreviewed, *id.* ¶ 8. That Navab appears on documents produced from other custodians shows she took part in relevant communications. It does not show that the unreviewed documents in her own file are duplicates; those documents are there because she sent or received them, not because a designated custodian was copied. Indeed, NWMLS identifies emails Navab sent her national team about 3PM, including notice of mandatory national trainings. Dkt. No. 75 ¶ 9. Compass identifies no category of her material produced in full from another source, and NWMLS concedes that duplicates may be screened out and "need not be produced." JS at 23. A raw, un-deduplicated document count does not establish undue burden, and Compass offers no evidence of the time, cost, or procedure that review would require. *See Docklight*, 2022 WL 4080683, at *3 (rejecting a burden objection resting on an un-deduplicated estimate with no detail about time, money, or procedure); *Corker*, 2020 WL 9889530, at *1.

Any burden is mitigated by the tools the parties have already adopted. Navab's production is limited in temporal scope, screened by agreed search terms, subject to de-duplication, and subject to privilege review. Concerns about volume or non-responsive material are addressed through those mechanisms, not by excluding a plainly relevant custodian. NWMLS has made the required showing, and the request to add Navab as a custodian is GRANTED.

**2.3    Sam Kraemer.**

NWMLS also seeks to add Sam Kraemer, an in-house attorney for Compass, as a custodian. JS at 7–8. Compass responds that doing so would be burdensome and not proportional to the needs of the case. JS at 17–19. The Court agrees with Compass and denies this request.

NWMLS asserts that it has the right to discover non-privileged communications possessed by Kraemer reflecting "how Compass viewed its actions on the compliance side, to the extent that there were business discussions about violating NWMLS's rules." JS at 7. As Compass's Senior Associate General Counsel, Kraemer was Compass's point of contact with NWMLS regarding NWMLS rules violations when 3PM was launched. Dkt. No. 76 ¶¶ 2–3. NWMLS also claims Kraemer "likely . . . provided non-privileged training and advice about compliance with NWMLS's rules and policies to non-party brokers," while speaking at Compass risk management seminars. JS at 7.

NWMLS's arguments are unavailing. The difference from Navab lies in the record. There, Compass resisted a plainly relevant custodian with only an unsubstantiated claim of duplication. Here, Compass has shown that the communications underlying Kraemer's asserted relevance are available from custodians already designated. NWMLS identifies Kraemer's relevance as his role as Compass's point of contact with NWMLS on the rule dispute. During conferral, Compass offered to produce that discrete set of emails but declined to add Kraemer as a custodian. JS at 14, 18. Those communications are available without him in any event as NWMLS was itself a party to them, JS at 7, and they reached Rebecca

ORDER ON LCR 37 JOINT SUBMISSION - 5

Frazier, an existing custodian, who has produced 2,889 documents because Compass represents that Kraemer copied Frazier and because NWMLS addressed its suspension notice to both her and Kraemer. JS at 18; Dkt. No. 76 ¶ 3; Dkt. No. 77 ¶ 10. And to the extent Kraemer participated in "business discussions about violating NWMLS's rules," JS at 7, those communications are likely to be in the possession of other existing custodians, including the national executives and those located within NWMLS's sphere of influence. Dkt. No. 77 ¶¶ 4–7. The 1,135 documents in Kraemer's file that hit the agreed search terms are thus cumulative of material available from those sources. The request to add Kramer is DENIED. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

### 3.  CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part NWMLS's request as presented in the LCR 37(a)(2) Joint Submission. The request is GRANTED as to Neda Navab and DENIED as to Sam Kraemer.

Compass must produce responsive, non-privileged documents from Navab's custodial file, applying the Parties' agreed search terms and agreed time period, subject to de-duplication against prior productions and to Compass's review for privilege, within TWENTY-ONE (21) days of the date of this Order.

Dated this 4th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER ON LCR 37 JOINT SUBMISSION - 6