HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. AND COMPASS WASHINGTON, LLC<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | Case No. 2:25-cv-00766<br><br>NWMLS'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPASS'S OUTSTANDING DISCOVERY |

Compass strains credulity trying to portray NWMLS's motion to compel Compass's belated discovery as procedural gamesmanship. Not so. NWMLS tried, multiple times, to avoid the need to bring this issue to the Court. Compass inexplicably delayed. The facts stand:

1.  **Compass's Discovery was Overdue.** Compass's discovery was due on February 19, 2026.

2.  **Compass's Overdue Discovery is Relevant.** The discovery at issue includes key interrogatories, requests for admission, and substantive data sets relevant to NWMLS's defenses. Compass disingenuously minimizes the overdue discovery by claiming it just consists of "three documents." The documents contain voluminous listing and marketing data. One is a spreadsheet of 24.4 megabytes, with 69,535

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 1

dense rows of data, each having 55 fields. Another is a 7.6 megabyte spreadsheet, with 77,129 rows of data, each having 15 fields. Last is a spreadsheet of marketing data from across the country. *See* Supplemental Declaration of Vanessa Power ("Supp. Power Decl.") ¶ 2.

3. **NWMLS Conferred in Full Compliance with Rules.** Compass's accusation that NWMLS's counsel violated conferral rules is not only offensive, it is flat wrong. Counsel engaged in a fulsome videoconference conferral, confirmed the agreed scope of Compass's discovery in writing, and followed up. When Compass failed to deliver multiple times, then suddenly pulled the plug on the scheduled mediation, the impending discovery cutoff left NWMLS with the last resort of a motion.

4. **Compass Did Not Provide Overdue Discovery until *After* NWMLS's Motion.** It is undisputed that Compass's discovery, due February 19, was not provided until May 18—essentially three months later—*after* NWMLS was forced to file a motion.

5. **The Motion is Not Moot.** Although Compass has now finally provided some overdue discovery, the motion is not moot—Compass' discovery responses remain incomplete. Moreover, it was only after NWMLS forced Compass's hand that it suddenly responded, and now it has the temerity to cry foul. That, in its purest form, is gamesmanship.

## ARGUMENT

A. **Compass's Belated, Partial Provision of Overdue Discovery Fails to Moot NWMLS's Motion.**

Compass argues its after-the-fact production moots NWMLS's motion. It does not. *See Tur v. YouTube, Inc.*, 562 F.3d 1212, 1213 (9th Cir. 2009) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.") (quoting *Nw. Envtl. Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir. 1988)); *see also, e.g., Koch*

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

*v. The Burlington N. & Santa Fe Ry. Co.*, No. C05 1989 RSL, 2006 WL 2927665, at *2 (W.D. Wash. Oct. 12, 2006) (imposing sanctions for defendant's failure to produce supplemental discovery until after plaintiff filed motion to compel).

The facts here are similar to *Athwal v. Nijjer*, No. C17-00740-RSL, 2018 WL 1156233, at *1 (W.D. Wash. Mar. 5, 2018). In *Athwal*, defendants told plaintiff they would provide supplemental discovery in early January, near the close of fact discovery, after having reneged on an earlier promise to produce. *Id.* Rather than continuing to wait, plaintiff filed a motion to compel in December; defendants then produced the requested documents. *Id.* Defendants argued the motion was mooted by their late production, and that the motion to compel was premature because they had indicated they would supplement their responses in January. *Id.* The Court held that the motion was not moot because the production "remain[ed] incomplete" and "production after a party is forced to file a motion to compel" may still result in the imposition of sanctions. *Id.* The Court rejected the defendant's complaints about the timing of the motion, concluding that "[p]laintiff need not wait forever." *Id.* at *7. The same holds true here.

**B.       Compass's Production Remains Incomplete.**

In Request for Production No. 95, NWMLS sought production of analyses or studies supporting Compass's position, as alleged in its Complaint. (*See* Dkt. 1 (Complaint) at ¶ 8 ("A Compass study assessing Compass's sell-side residential transactions from January 1, 2024, through December 31, 2024, found that: … (b) homes with pre-marketing were on average 30% less likely to experience a price drop once active on the MLS, compared to those that were not pre-marketed.").) Compass agreed to produce the "data Compass relied upon to determine that a price drop is 30% less likely where a property is pre-marketed, to the extent that the data exists and is accessible." (Dkt. 100 (Power Decl.) Ex. C at RFP No. 95.)

After promising to make a production in response to RFP No. 95 (*id.*) and confirming in writing that it would do so (*id.* at Ex. E), Compass reneged. (Dkt. 110-1 at 82-83.) Compass now claims that it "has searched for these documents and produced what could be discovered." (*Id.*)

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 3

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153180279.2 0068832-00015

But no production was made with respect to RFP No. 95. (Supp. Power Decl. ¶ 3.) The response remains incomplete. Compass should be ordered to either admit that it has no responsive data supporting its allegation about price drops, or identify, by Bates number, the responsive data purportedly produced.

Compass fixates on Interrogatory 2, protesting that it cannot fully supplement its response regarding its alleged damages without retaining an expert. Even accepting that an antitrust litigant cannot "establish the elements of its case and damages without the aid of expert testimony," (Dkt. 110 at 8), this does not excuse Compass's wholesale failure to identify even its categories of damages and the facts underlying its demand. *See Whitford v. Mt. Baker Ski Area, Inc.*, No. C11-00112RSM, 2012 WL 895383, at *5 (W.D. Wash. Mar. 15, 2012) ("Under Rule 26(a)(2) a party is required to disclose the 'basis and reasons' along with the 'facts or data' used to support or make any expert testimony."); *Brantigan v. Depuy Spine, Inc.*, No. C08-0177RSL, 2008 WL 4279405, at *2 (W.D. Wash. Sept. 12, 2008) ("Although it is understandable that plaintiff may not be able to ascertain the full extent of his damages prior to viewing defendant's discovery, plaintiff must at least identify the categories of damages he seeks. That information is currently known to him even if the exact numbers are not."). Compass should be compelled to provide the factual bases for its asserted damages.

### C.     Compass's Discovery Failures are Prejudicial.

Compass pleads that its conduct is excusable because NWMLS was not prejudiced by its "modest" document production and amendment of its responses. (Dkt. 110 at 6-7.) Compass's focus on prejudice confuses the applicable legal standard and incorrectly shifts the burden of proof. The prejudice inquiry has limited application in the discovery context, such as when a party appeals from a decision to deny discovery, or when a party seeks default judgment as a sanction for discovery misconduct. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (decision to deny discovery "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice"); *see also United States v. Bayley*, No. 3:20-CV-05867-DGE,

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 4

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

153180279.2 0068832-00015

2022 WL 4320939, at *5 (W.D. Wash. Sept. 19, 2022), *aff'd*, No. 24-2901, 2025 WL 1905114 (9th Cir. July 10, 2025) (dismissal of case for discovery violations requires courts to consider the risk of prejudice to the opposing party). A *motion to compel discovery*, by contrast, requires only that the request is "relevant to any party's claim or defense and proportional to the needs of the case." *Diemert v. City of Seattle*, No. 2:22-CV-1640, 2024 WL 3342612, at *1 (W.D. Wash. July 9, 2024) (quoting Fed. R. Civ. P. 26(b)(1)). Once relevance is established, the burden shifts to the party resisting discovery to "show why discovery should not be allowed by clarifying, explaining, and supporting its objections." *Grigsby v. Young Men's Christian Ass'n of Greater Seattle*, No. 2:22-CV-01243-JNW, 2023 WL 3761945, at *1 (W.D. Wash. June 1, 2023) (quotations omitted).

It is undisputed that the material at issue is relevant. Indeed, Compass affirmatively agreed to produce the requested discovery. Regardless, NWMLS established prejudice stemming from Compass's delays and omissions, which forced it to file this motion . *See Taneja v. Freitas*, No. 2:22-CV-00702-TL, 2023 WL 4866452, at *2 (W.D. Wash. July 31, 2023) (prejudice inquiry is not relevant to whether fees should be awarded for bringing motion to compel, but "Defendants were prejudiced, at the very least, by having to bring the motion at all"); *see also Koch*, 2006 WL 2927665, at *2 (rejecting argument that plaintiff was not prejudiced by discovery delays, because defendant's "dilatory conduct, including months of unfulfilled promises, forced plaintiff to file a motion to compel to obtain discovery which defendant was undisputedly required to provide months ago"). Compass's prejudice argument is meritless.

### D.   NWMLS Conferred in Good Faith and Was Not Required to Keep Chasing Compass for Overdue Discovery.

Compass faults NWMLS for enforcing its right to undisputedly relevant discovery, arguing that NWMLS apparently should have just waited longer. This is an absurd position. It ignores the current discovery cutoff of July 2, 2026; ignores NWMLS's right to secure key discovery before fact witness depositions; and completely ignores Compass's own conduct. NWMLS simply could not wait longer. NWMLS chased Compass for overdue discovery since the February deadline,

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

including securing multiple written commitments from Compass. It was Compass that repeatedly failed to deliver. NWMLS is not required to continue begging Compass to fulfill its promises. *See Athwal*, 2018 WL 1156233, at \*7 ("Plaintiff need not wait forever, and defendants have still failed to complete their discovery obligations.").

Compass's accusations against NWMLS's undersigned counsel are not well taken. They are contradicted by the record and improperly impugn counsel's conduct. NWMLS conferred in good faith. (Dkt. 100 ¶6.) NWMLS followed up with Compass's counsel multiple times, each time accepting Compass's word that it would be providing the overdue discovery. (*Id.*, ¶8.) Compass's suggestion that *NWMLS* should have done more to force Compass to comply with its discovery obligations is an inversion of the parties' respective rights and responsibilities under the Rules. *See Athwal*, 2018 WL 1156233, at \*6 ("Discovery production is not a mere courtesy to other parties but rather a requirement of federal litigation, enforced by the Court.").

### E.    Compass's Diversion Tactics Fail.

Compass criticizes NWMLS's motion practice. These diversion tactics fail. Yes, multiple motions are pending. Yes, NWMLS filed multiple motions to compel to ensure it receives discovery in advance of depositions. Yes, NWMLS waited to note depositions until it was able to secure fulsome discovery from Compass. Whether Compass believes NWMLS should have moved sooner on depositions, acceded to Compass's limits on custodial records, or approached deposition scheduling differently has no bearing on Compass's independent obligation to provide overdue discovery.

Compass takes irreconcilable positions. On the one hand, Compass faults NWMLS for seeking additional time to complete discovery. On the other hand, Compass faults NWMLS for "rushing" to file a motion to compel to ensure it can complete discovery within the case schedule. What Compass tellingly fails to acknowledge is that Compass itself stipulated to every prior amendment of the case schedule. The fact that Compass has forced NWMLS to file motions to

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

secure basic relief that, in most cases, sophisticated parties with professional counsel would address without court intervention, is the real evidence of gamesmanship here.

### F.      Reimbursement of NWMLS's Fees is Warranted.

"If the Court grants a motion to compel discovery or disclosure, 'the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Storey v. Weyand*, No. 3:19-CV-05733-JRC, 2020 WL 13662888, at *2 (W.D. Wash. July 21, 2020) (quoting Fed. R. Civ. P. 37(a)(5)(A) (emphasis in original)). Here, fees are justified due to Compass's multiple delays and misrepresentations.

Compass agreed in February 2026 to provide the overdue discovery. It then slow-rolled for months, stringing NWMLS along. NWMLS waited, in good faith, until it could no longer do so. Compass's sudden provision of the overdue discovery—the very next day after NWMLS's filing—suggests that Compass would have simply held it back until the cutoff had NWMLS not filed a motion. *See Taneja*, 2023 WL 4866452, at *2 ("[I]mposing the sanction of payment of expenses for bringing a discovery motion are essentially automatic 'if the disclosure or requested discovery is provided after the motion was filed'" except where circumstances make an award of expenses unjust) (quoting Fed. R. Civ. P. 37(a)(5)(A)(iii)).

### CONCLUSION

NWMLS's motion to compel should be granted to: (a) order Compass to respond to RFP No. 95 with either an admission that it has no responsive data, or identification, by Bates number, of the responsive data; (b) order a factual answer to Interrogatory No. 2; and (c) award NWMLS its fees and costs incurred in bringing this motion.

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 7

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

*I certify that this memorandum contains 2,100 words, in compliance with the Local Civil Rules.*

DATED: June 8, 2026.

STOEL RIVES LLP


*s/ Rachel Hay*
Vanessa Soriano Power, WSBA No. 30777
Rachel Hay, WSBA No. 60245
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: vanessa.power@stoel.com
Email: rachel.hay@stoel.com

Claude Szyfer (*pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*pro hac vice*)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

NWMLS'S REPLY IN SUPPORT OF
MOTION TO COMPEL - 8

153180279.2 0068832-00015