HONORABLE JAMAL N. WHITEHEAD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. AND COMPASS WASHINGTON, LLC

Plaintiffs,

v.

NORTHWEST MULTIPLE LISTING SERVICE,

Defendant.

Case No. 2:25-cv-00766 - JNW

NWMLS'S REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE

Compass's response confirms the central point of NWMLS's motion to amend the case schedule: the current schedule cannot reasonably be met. Fact discovery closes on July 2, 2026, yet as of this filing, only one deposition has been completed. Discovery motions remain pending (Dkt. 56, 99, 107), as is Compass's compliance with the Court's Order (Dkt. 111) compelling Compass to produce custodial records from Compass's President, Neda Navab. NWMLS was only recently able to assert its counterclaims, and Compass's motion to dismiss the amended counterclaims is not yet even briefed. (Dkt. 106.) Fed. R. Civ. P. 16 asks whether the case schedule can be met despite diligence—not whether the non-moving party prefers to press ahead on an impractical timetable. NWMLS has been diligent throughout this case in pursuing discovery, raising scheduling concerns, and seeking Court intervention before deadlines expire. That is good cause.

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 1
(CASE NO. 2:25-cv-00766 – JNW)

Compass argues NWMLS cannot establish diligence under Rule 16 because NWMLS: (1) waited until the Court resolved a pending dispositive motion before answering the Complaint; (2) gave Compass too much discovery; (3) worked with Compass, per the Local Rules, to secure prior extensions of the case schedule; (4) amended its counterclaims in response to Compass's motion to dismiss; and (5) requested a stay of discovery pending a scheduled mediation, since terminated by Compass. (*See* Dkt. 109 at 6-8.) Each of these arguments only demonstrates the reasonableness of NWMLS's request for an extension and the speciousness of Compass's position, including its aggressive posturing that has only served to drive up costs, not meaningfully advance the case. Finally, Compass cannot, and does not, establish prejudice that would result from a reasonable extension of the case schedule.

### A.   NWMLS Has Been Diligent, and Compass's Own Actions Warrant Amending the Case Schedule.

NWMLS has been diligent. Compass argues that NWMLS engaged in little discovery since the last amendment of the case schedule in February. This is an odd argument because by February 2026, the deadline for substantial completion of written discovery had already passed. (*See* Dkt. 58). At that point, NWMLS shifted to ensuring that Compass's written discovery was complete. It was not, so NWMLS took steps to secure outstanding discovery, including two motions to compel additional discovery from Compass (Dkt. 74, 99) and a motion to compel outstanding third-party discovery (Dkt. 107).

Likewise, since asserting counterclaims, NWMLS issued additional discovery. (Supplemental Declaration of Vanessa Power ("Supp. Power Decl.") ¶ 2.) Oddly, Compass appears to fault NWMLS for not issuing discovery related to its counterclaims *before* they were asserted. In any event, pending discovery motions, as well as the Court's recent Order compelling further document production by Compass (Dkt. 111), establish that NWMLS's request for an extension satisfies the good cause standard under Rule 16(b)(4).

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 2
(CASE NO. 2:25-cv-00766 – JNW)

153195997.2 0068832-00015

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). It is well-established that ongoing discovery disputes qualify as good cause to amend the scheduling order. *See Young v. Standard Fire Ins. Co.*, No. 2:18-CV-31-RMP, 2018 WL 7077157, at *2 (E.D. Wash. Sept. 4, 2018); *see also, e.g.*, *Mahone v. Amazon.com, Inc.*, No. C22-594 MJP, 2024 WL 384976, at *1 (W.D. Wash. Feb. 1, 2024) ("The Court finds good cause to alter the existing trial date and case schedule in light of the impact that the discovery disputes had on completing class-related discovery and the briefing on class certification ."); *see also Williams v. City of Tacoma*, No. C24-5056-DGE-MLP, 2024 WL 4665570, at *2 (W.D. Wash. Nov. 4, 2024) (holding that "[g]ranting leave to amend a scheduling order in light of discovery issues is common" and Defendants' motion to extend discovery within one week of identifying discrepancies satisfied good cause requirement) (citation omitted).

Compass is misplaced in faulting NWMLS for its efforts to work cooperatively to obtain stipulated extensions of the case schedule and resolve discovery issues. For example, Compass complains that NWMLS did not move to compel Compass to produce for additional custodians for almost four months. (Dkt. 109 at 7.) This superficial argument ignores NWMLS's numerous attempts between November 2025-January 2026 to negotiate a resolution of ESI custodians short of Court intervention. (*See* Dkt. 75 at ¶¶ 3-5, Ex. A.) It also ignores NWMLS's attempt to first resolve the issue in January 2026 by telephonic motion. (*Id.* at ¶ 6; Dkt. 63.) Again, contrary to Compass's assertions, NWMLS's actions reflect diligence. *See Ahanchian*, 624 F.3d at 1260 ("[T]he record reflects that Ahanchian's counsel acted conscientiously throughout the litigation, promptly seeking extensions of time when necessary and stipulating to defendants' earlier request for an extension of time to file their answer and to the twelve-week extension due to two defendants' late appearances."); *see also Mayhall on behalf of D.M. v. Amazon Web Servs. Inc.*, No. C21-1473-TL-MLP, 2023 WL 6382417, at *3 (W.D. Wash. Sept. 29, 2023) (plaintiff established diligence in discovery by negotiating scope of discovery requests and supplemental

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 3
(CASE NO. 2:25-cv-00766 – JNW)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone 206.624.0900

document production during discovery period with defendant in order to obtain documents prior to subpoenaing non-party for the records).

Compass's purported concerns about an extension are further undercut by the Court's recent Order compelling production of documents from Neda Navab (Dkt. 111 at 2) and outstanding deficiencies in Compass's recent production (Dkt. 113) (RFP 95 and ROG 2)). Good cause supports the amendment of a case schedule where a party's production is incomplete or deficient. *See Welter v. Hurt*, No. 2:23-CV-02627-SPG-MAR, 2024 WL 5317266, at *2 (C.D. Cal. Nov. 6, 2024) (finding good cause to amend deadlines where defendant's "discovery responses are presently incomplete, despite Plaintiffs' various attempts to resolve these defects"). That is the case here. The recent Order requires Compass to produce 2,568 of Navab's documents by June 25, just seven days from the close of discovery. (Dkt. 111 at 6.) That leaves NWMLS with insufficient time to review the production and confirm whether to depose Ms. Navab and if so, the scope of her deposition. *Jackson v. Aliera Companies*, *Inc.*, No. 2:19-CV-01281-BJR, 2020 WL 3798937, at *2 (W.D. Wash. July 7, 2020) ("If ... [the deadline] cannot reasonably be met despite the diligence of the party seeking the extension", then the Court may modify the pretrial schedule." (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

Nor can NWMLS be faulted for waiting to note depositions until the Court ruled on its motion to dismiss, or until after receiving a fulsome document production from Compass. Procedural delays in this matter—prompted in no small part by Compass's own obstinance—establish good cause for amending the case schedule. *See Blough v. Shea Homes, Inc.*, No. C12-1493 RSM, 2014 WL 1400990, at *3 (W.D. Wash. Apr. 10, 2014) (finding good cause for 10-week continuance where class certification issues remained pending); *see also Vargas v. Evergreen Pro. Recoveries Inc.*, No. 221CV00926RSLJRC, 2022 WL 7640730, at *2 (W.D. Wash. Oct. 13, 2022) ("As to the nearly four months' delay in bringing a motion to amend after the deposition, the Court is mindful of the procedural history of this case in which plaintiff's motions for summary judgment, and Kaiser's cross-motion, were both re-noted twice on the docket

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 4
(CASE NO. 2:25-cv-00766 – JNW)

153195997.2 0068832-00015

calendar."); *see also Mayhall*, 2023 WL 6382417 at *3 (plaintiff diligently pursued discovery in face of "illegible production of certain discovery and incomplete production of other discovery" from defendants). In sum, NWMLS's actions establish its diligence and support good cause for the issuance of an amended case schedule.

### B.      NWMLS's Counsel's Unavailability Supports an Extension.

Undersigned counsel is committed to professionalism and civility in their practice. This includes coordinating with opposing counsel in scheduling. Requests for extensions of time are routinely granted as a matter of professional courtesy. Accommodation of schedules is common practice. Unfortunately, that has not been the case here. Compass's conduct causes whiplash.

For example, late in the afternoon on Friday, May 15, 2026, Compass informed NWMLS for the first time of dates that it sought to target for depositions. (Dkt. 109-1 ¶11.) Compass now complains that NWMLS did not inform Compass of its counsel's scheduling conflicts until the following Monday, May 18, 2026, in the context of the motion to amend the case schedule. (*Id.*) Compass tellingly ignores the context. In the prior weeks, NWMLS counsel was engaged in discussions with Compass about extending the case schedule, and had just sent a proposed stipulated amendment to Compass *the day before*, on May 14, 2026. (Supp. Power Decl. ¶ 3.) At the same time, the parties had secured a mediator, location, and date for mediation (June 16, 2026). (*Id.* ¶ 4.) All fell apart on May 15, 2026, when Compass refused to agree to any extension of the case schedule, and simultaneously pulled the plug on mediation. (*Id.*)

Compass ignores practical constraints. The question is not whether depositions could theoretically be crammed into limited dates, but whether remaining discovery can be completed in an orderly, fair, and efficient manner. It cannot. Compass complains that NWMLS's lead counsel "overbooked themselves" in June and should apparently abandon their previously docketed and committed arbitrations, hearings, depositions, and mediations to accommodate Compass's preferred schedule for depositions, which, ironically, also approaches the discovery cliff. NWMLS's attorneys should not be required to accommodate Compass's race to the goalpost at

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 5
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone 206.624.0900*

153195997.2 0068832-00015

the expense of their prior commitments to other clients. *See Vargas*, 2022 WL 7640730 at *2 (procedural delays in case on ruling for motion for summary judgment, coupled with counsel's prior notification to the court regarding his unavailability, supported good cause for amendment); *see also Ahanchian*, 624 F.3d at 1259 (good cause to amend existed in face of constrained deadlines, including a federal holiday for which counsel was out of town and counsel's out-of-state travel for a prior commitment).

**C.  Compass Establishes No Prejudice from an Extension of the Case Schedule.**

Compass vaguely argues it "has suffered substantial prejudice that compounds with each delay." (Dkt. 109 at 13.) But the burden is on Compass to establish prejudice. *Larsen v. PTT, LLC*, No. 3:18-CV-05275-TMC, 2024 WL 5088342, at *5 (W.D. Wash. Dec. 12, 2024). Compass has filed no substantive motion to secure injunctive relief, as one would expect of a party truly facing "substantial prejudice" compounding by the day. Compass argues that NWMLS is blocking it from offering its 3PM program to the public by "cutting off its IDX feed." (Dkt. 109 at 13.) But NWMLS temporarily suspended Compass's access to the IDX data feed for only 48 hours beginning April 15, 2025 in response to Compass's non-compliance with NWMLS member rules. (Dkt. 98 ¶ 68.) During that time, Compass still qualified to receive a Participant feed, and Compass brokers still had full access to the NWMLS member site and comprehensive listing data. (*Id.* Amended Counterclaims at ¶¶ 37, 38.) Moreover, Compass has continued to have uninterrupted access to the IDX data feed since April 17, 2025. Compass also fails to contend with the fact that legislation recently passed in Washington likely blocks the application of its program as a matter of law. (*Id.* ¶¶ 41, 42.) Finally, Compass mischaracterizes NWMLS's document production as a "dump," ignoring that it was *Compass* that demanded NWMLS use overbroad search terms in its ESI review and now complaining at the breadth of the results returned. (Suppl. Power Decl. ¶ 5.)

In any event, the Court does not need to resolve these logical fallacies because mere delay does not give rise to prejudice for purposes of a motion to amend. *See Int'l Mezzo Techs. Inc. v. Airborne ECS LLC*, No. 2:24-CV-01368-JNW, 2025 WL 2855345, at *3 (W.D. Wash. Oct. 8,

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 6
(CASE NO. 2:25-cv-00766 – JNW)

2025) ("[D]elay alone is not sufficient to establish prejudice, nor is a need for additional discovery.") (quoting *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015)); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997) ("Delay alone is insufficient to justify denial of leave to amend; the party opposing amendment must also show that the amendment sought is futile, in bad faith or will cause undue prejudice to the opposing party."). NWMLS has made every effort to resolve these issues with Compass's counsel expediently and professionally. Any delay Compass faces here is the result of the procedural posture of the case and its own litigation strategy.

### CONCLUSION

Good cause exists to amend the case schedule, and Compass has articulated no counterproposal, let alone prejudice that will result from the proposed extension. NWMLS's proposed amended schedule is a fair and practical resolution to managing upcoming case deadlines.

*I certify that this memorandum contains 2,076 max words, in compliance with the Local Civil Rules.*

*[Signature block follows on next page.]*

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 7
(CASE NO. 2:25-cv-00766 – JNW)

DATED: June 8, 2026

STOEL RIVES LLP

*s/ Rachel Hay*
Vanessa Soriano Power, WSBA No. 30777
Rachel Hay, WSBA No. 60245
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Email: vanessa.power@stoel.com
Email: rachel.hay@stoel.com

Claude Szyfer (*pro hac vice*)
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
Telephone: 212-918-3000
Email: claude.szyfer@hoganlovells.com

Liam Phibbs (*pro hac vice*)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth St. NW
Washington, DC 20004-1109
Telephone: 202-637-5600
Email: liam.phibbs@hoganlovells.com

*Attorneys for Defendant*
*Northwest Multiple Listing Service*

REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE- 8
(CASE NO. 2:25-cv-00766 – JNW)

**STOEL RIVES** LLP
ATTORNEYS
**600 University Street, Suite 3600, Seattle, WA  98101**
*Telephone 206.624.0900*

153195997.2 0068832-00015