UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COMPASS, INC. and COMPASS WASHINGTON, LLC,

Plaintiffs,

v.

NORTHWEST MULTIPLE LISTING SERVICE,

Defendant.

CASE NO. 2:25-cv-00766-JNW

ORDER ON PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on Plaintiffs Compass, Inc. and Compass Washington LLC's motion to compel Defendant Northwest Multiple Listing Service's ("NWMLS") discovery responses. Dkt. No. 56. Compass seeks an order compelling NWMLS's complete responses and productions responsive to its First Set of Interrogatories and First and Second Sets of Requests for Production. Dkt. No. 56 at 2, 8. While the matter was being briefed, NWMLS served Compass with supplemental responses to First Set of Interrogatories, Dkt. No. 61, Ex. C, and agreed to substantially complete its supplemental responses to the First and Second Sets of Requests for Production by January 2026. Dkt. No. 61-3 at 4. While Compass concedes that these responses represent "some progress" towards NWMLS

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 1

fulfilling its discovery obligations, Dkt. No. 62 at 2, NWMLS argues that these supplemental responses moot Compass's motion, as there is nothing left to compel. Dkt. No. 60 at 10–12.

It appears that the Parties were, at one point, close to an agreement that would have rendered this motion unnecessary. In December 2025, NWMLS voluntarily agreed to provide Compass with rolling productions on a weekly basis and supplement its answer to Interrogatory No. 3. Dkt. No. 61-2 at 3. NWMLS further represented that it would "do [its] best to address" the metadata issues. *Id.* at 2–3. Compass requested that NWMLS stipulate to these conditions, but NWMLS declined on the basis that it was "unnecessary." *Id.* at 3. Compass now argues in reply that NWMLS's representations are not enough given its history of "significant gamesmanship[ ] and persisting deficiencies with . . . production," and seeks an order compelling NWMLS to (1) produce responsive documents on "at least a bi-weekly basis," (2) fully supplement its response to Interrogatory No. 3, and (3) correct the metadata issues. Dkt. No. 62 at 6.

Since the motion ripened, NWMLS has had ample time to follow through on its representations. If it has done so, the Court is unlikely to intervene and order redundant relief. Therefore, the Court ORDERS the Parties to meet and confer and file a joint status report of no more than five (5) pages within fourteen (14) days of this order addressing the following:

(1) Whether NWMLS has made additional productions responsive to

Compass's First and Second Sets of Requests for Production, and if so,

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 2

whether these productions have cured the deficiencies identified by Compass in the reply. Dkt. No. 62

(2) Whether NWMLS has supplemented its response to Interrogatory No. 3 in a manner that sufficiently addresses Compass's concerns. Dkt. No. 62 at 4–5.

(3) What steps NWMLS has taken since December 2025 to address Compass's concerns regarding missing metadata fields, *see id.* at 3, and the family relationships among produced emails, *see id.* at 3 n. 4, and whether those steps have brought the production into compliance with the ESI Order, Dkt. No. 45.

(4) Whether, in light of the above, the dispute is now moot.

The Clerk is directed to renote the motion to compel, Dkt. No. 56, for June 23, 2026.

Dated this 9th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER ON PLAINTIFFS' MOTION TO COMPEL - 3