The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

COMPASS, INC. and COMPASS WASHINGTON, LLC,

Plaintiffs,

v.

NORTHWEST MULTIPLE LISTING SERVICE,

Defendant.

Case No. 2:25-cv-00766-JNW

**PLAINTIFFS' RESPONSE TO DEFENDANT NWMLS'S MOTION TO STRIKE COMPASS'S MOTION TO DISMISS AS MOOT**

NOTE ON MOTION CALENDAR:
June 16, 2026

NWMLS did not seek leave to amend its counterclaims as Ninth Circuit law requires and still fails to show good cause for the amendments. Compass presented these arguments in its reply in support of its motion to dismiss the (original) Counterclaims to preserve its interests and in deference to this Court's authority over the case schedule and issues of law. Compass likewise offers the brief response below in deference to the Court's authority over the issues presented.

**ARGUMENT**

**A.      NWMLS Did Not Properly Amend Its Claims.**

NWMLS did not oppose the motion to dismiss that it now moves to strike. Dkt. 104. Instead, NWMLS filed Amended Counterclaims. Dkt. 98. In amending its pleading without seeking leave,

PLAINTIFFS' RESPONSE TO DEFENDANT
NWMLS'S MOTION TO STRIKE COMPASS'S
MOTION TO DISMISS AS MOOT - 1
Case No. 2:25-cv-00766-JNW

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

NWMLS overlooked that the deadline to amend pleadings lapsed on November 10, 2025, pursuant to this Court's scheduling order. Dkt. 26. Thus, under Ninth Circuit law, NWMLS's amendments were subject to Rule 16 and its good cause requirement. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Lamberth v. Clark Cnty. Sch. Dist.*, 698 F. App'x 387, 389 (9th Cir. 2017) ("Once the pleadings amendment deadline has passed, a moving party must satisfy Federal Rule of Civil Procedure 16(b)'s 'good cause' standard to change the scheduling order's deadlines before a court will consider on the merits whether Rule 15(a)'s liberal amendment standard has been satisfied.").

NWMLS did not attempt to show good cause to file the Amended Counterclaims. The amendments include no allegations that could not have been included in the original pleading, which raised claims NWMLS had contemplated since at least December 2025. *See* Dkt. 55 at 2. Accordingly, Compass argued in reply on its motion to dismiss that the motion is ripe and should be granted for all the reasons set forth therein. Compass also pragmatically acknowledged that, unless directed otherwise by this Court and to avoid further delaying this case, it would respond to the Amended Counterclaims—notwithstanding the procedural impropriety and resulting delay, expense, and burden of a second motion to dismiss. Dkt. 104 at 4. Consistent with these practicalities, Compass timely filed a motion to dismiss the Amended Counterclaims on May 28, 2026. Dkt. 106.

**B.    NWMLS Still Fails to Show Good Cause.**

In this motion to strike, NWMLS still offers no explanation as to why its amended allegations were not included in the original pleading and otherwise fails to articulate good cause. Instead, NWMLS argues that no matter the scheduling order's deadline, it was entitled to amend as a matter of right because the scheduling order does not make sense as applied to it. That is an argument NWMLS should have made with its amended filing.

PLAINTIFFS' RESPONSE TO DEFENDANT
NWMLS'S MOTION TO STRIKE COMPASS'S
MOTION TO DISMISS AS MOOT - 2
Case No. 2:25-cv-00766-JNW

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Much of NWMLS's motion to strike is directed at the irrelevant fact that Compass understood counterclaims were coming. Mot. at 1-3.[1] That does not mean Compass agreed to an amendment without cause—or, more importantly, that the Court did.

NWMLS also claims Compass's position would lead to absurd results. It does not. To preserve its right to amend, NWMLS could have filed its counterclaims earlier or sought an extension of the deadline to amend when the parties stipulated to one or both extensions of the case schedule. While Compass agrees that the procedural posture is unusual here, Compass's position is simply that an amended pleading at this late stage should be, as Rule 16 requires, accompanied by an explanation that allows the Court to evaluate good cause. NWMLS's motion to strike still offers none. *See generally* Mot. (nowhere explaining why NWMLS did not include the added allegations in its originally drafted counterclaims).

Finally, NWMLS argues it complied with Rules 12 and 15. Mot. at 4. But neither rule relieves a party from complying with deadlines imposed by a court's scheduling order. Once a deadline has passed, a party must establish good cause (even if it believes, as NWMLS does here, that the deadline does not make sense as applied). NWMLS could and should have made that argument in a request for leave to amend.

Nevertheless, Compass drafted and filed a motion to dismiss the Amended Counterclaims to avoid further delay. Compass has now timely filed two motions to dismiss and defers to the Court as to which motion is operative.

---

[1] As explained in more detail in Compass's reply, Compass stipulated to amend the case schedule with the understanding that "NWMLS intends to assert counterclaims." Dkt. 55 at 2. But NWMLS did not seek relief from the deadline to amend pleadings, which had lapsed the month before, meaning it would have to support any amendment of its counterclaims with a showing of good cause as required by Rule 16.

PLAINTIFFS' RESPONSE TO DEFENDANT
NWMLS'S MOTION TO STRIKE COMPASS'S
MOTION TO DISMISS AS MOOT - 3
Case No. 2:25-cv-00766-JNW

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

DATED this 10th day of June, 2026.

SUMMIT LAW GROUP, PLLC

I CERTIFY THAT THIS MEMORANDUM CONTAINS 769 WORDS, IN COMPLIANCE WITH THE LOCAL CIVIL RULES.

By *s/ Diana Siri Breaux*
    Diana Siri Breaux, WSBA No. 46112
    Alexander A. Baehr, WSBA No. 25320
    Selby P. Brown, WSBA No. 59303
    Eva Sharf Oliver, WSBA No. 57019
    Molly J. Gibbons, WSBA No. 58357
    315 Fifth Avenue S., Suite 1000
    Seattle, Washington 98104
    Telephone: (206) 676-7000
    Email:  dianab@summitlaw.com
        alexb@summitlaw.com
        selbyb@summitlaw.com
        evao@summitlawgroup.com
        mollyg@summitlaw.com

*Attorneys for Plaintiffs Compass, Inc. and Compass Washington, LLC*

PLAINTIFFS' RESPONSE TO DEFENDANT
NWMLS'S MOTION TO STRIKE COMPASS'S
MOTION TO DISMISS AS MOOT - 4
Case No. 2:25-cv-00766-JNW

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001