UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COMPASS, INC. and COMPASS WASHINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWEST MULTIPLE LISTING SERVICE,<br><br>Defendant. | CASE NO. 2:25-cv-00766-JNW<br><br>ORDER AMENDING CASE SCHEDULE |

Plaintiffs Compass, Inc. and Compass Washington, LLC allege that Defendant Northwest Multiple Listing Service ("NWMLS") violated state and federal antitrust laws by requiring member real estate brokerages to list all properties on the NWMLS platform before listing them elsewhere. On June 30, 2025, Defendant moved to dismiss. Dkt. No. 27. While the motion to dismiss was pending, the Parties twice stipulated to amending the case schedule in this matter on the grounds that there was "insufficient time for the parties to complete discovery," given NWMLS's intention to assert counterclaims should its motion to dismiss be denied. *See* Dkt. No. 55 at 2, Dkt. No. 78 at 2. The Court twice amended the case schedule in light of the pending resolution on the motion. *See* Dkt. Nos. 58,

ORDER AMENDING CASE SCHEDULE - 1

81. Shortly after granting the second stipulated amendment, the Court denied NWMLS's motion to dismiss. Dkt. No. 81. NWMLS timely filed its answer and counterclaims. Dkt. No. 88.

NWMLS now seeks a third amendment to the case schedule to accommodate discovery on its counterclaims. Dkt. No. 101. Having considered the arguments made by both parties, the record, and all other supporting materials, the Court finds there is good cause to amend the case schedule and so GRANTS the motion.

"A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The district court "is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (omission in original). Rule 16(b)(4) primarily focuses on the diligence of the party seeking the amendment. *See id.* at 609. Accordingly, the Court's operative scheduling order at Dkt. No. 81 may be modified "if it cannot reasonably be met despite the diligence of the party seeking" the modification. *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

NWMLS argues there is good cause to amend the case schedule for a third time given the procedural history of this matter. The Court agrees. Given the prolonged consideration of NWMLS's motion to dismiss, its counterclaims were only filed on April 2, 2026, exactly three months before the discovery deadline in this

ORDER AMENDING CASE SCHEDULE - 2

matter.[1] While "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance" to the case schedule, *see* LCR 16(b)(6), ultimately, "what constitutes good cause necessarily varies with the circumstances of each case." *Doe v. Trump*, 329 F.R.D. 262, 272 (W.D. Wash. 2018) (quotation modified). Here, given the timing associated with the motion to dismiss and the nature and complexity of the counterclaims, the Court finds there to be good cause to amend the case schedule.

Accordingly, the motion is GRANTED and the case schedule is AMENDED as follows:

| Event | Current | Amended |
| --- | --- | --- |
| **Jury Trial** | **February 8, 2027** | **June 7, 2027** |
| Last Day to Produce Privilege Logs | June 1, 2026 | October 1, 2026 |
| Fact Discovery Completed | July 2, 2026 | November 2, 2026 |
| Discovery Motions Completed | July 20, 2026 | November 20, 2026 |
| Disclosure of Expert Witness Reports | July 27, 2026 | December 1, 2026 |
| Disclosure of Rebuttal Expert Reports | September 11, 2026 | January 11, 2027 |
| Close of Expert Discovery | September 25, 2026 | January 25, 2027 |
| Dispositive Motions | October 16, 2026 | February 16, 2027 |
| Oppositions to Dispositive Motions | November 2, 2026 | March 2, 2027 |

[1] Throughout its briefing, NWMLS relies on the timing of its amended counterclaims rather than its original counterclaims. *See, e.g.*, Dkt. No. 101 at 2 ("NWMLS just recently answered the Complaint and asserted counterclaims, which were amended on May 14, 2026."). Compass separately argues that this amendment was procedurally improper under the then-operative case schedule. Dkt. No. 104 at 3. This dispute need not be addressed here, however, as the Court finds good cause based on the timing of the original counterclaims.

ORDER AMENDING CASE SCHEDULE - 3

| Reply ISO Dispositive Motions | November 13, 2026 | March 15, 2027 |
| Settlement Conference | December 8, 2026 | April 8, 2027 |
| Motions in *limine* | December 18, 2026 | April 19, 2027 |
| Deposition Designations | January 15, 2027 | May 17, 2027 |
| Pretrial Order | January 19, 2027 | May 19, 2027 |
| Trial Briefs, Proposed *Voir Dire* Questions, Proposed Jury Instructions | January 22, 2027 | May 24, 2027 |
| Pretrial Conference | January 26, 2027 | May 26, 2027 |

Dated this 22nd day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER AMENDING CASE SCHEDULE - 4